UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on January 28, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal No. _____ |
| | : | |
| v. | : | Magistrate No. 21-MJ-400 |
| | : | |
| ROMAN STERLINGOV, | : | Offenses: |
| | : | |
| Defendant. | : | Count One: 18 U.S.C. § 1956(a)(3)(A), (B) (Money Laundering) |
| | : | |
| | : | Count Two: 18 U.S.C. § 1960(a) (Operating an Unlicensed Money Transmitting Business) |
| | : | |
| | : | Count Three: D.C. Code § 26-1023(c) (Money Transmission Without a License) |
| | : | |
| | : | Forfeiture: 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) |

**INDICTMENT**

The Grand Jury charges that:

**COUNT ONE**
**(Money Laundering)**

1.     On or about the date and in the amount set forth below, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing and intending that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and

control of property believed to be the proceeds of specified unlawful activity, and intending to promote the carrying on of specified unlawful activity:

| Count | On or About Date | Amount | Financial Transaction |
|---|---|---|---|
| 1 | November 21, 2019 | Approximately 0.01146764 BTC | Movement of Bitcoin (BTC) by wire or other means from BITCOIN FOG to IRS-CI controlled undercover wallet |

(Money Laundering, in violation of
Title 18, United States Code, Section 1956(a)(3)(A), (B))

## COUNT TWO
(Operating an Unlicensed Money Transmitting Business)

2. From on or about October 27, 2011, and continuing until at least on or about April 27, 2021, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business, that is, BITCOIN FOG, as that term is defined in Title 18, United States Code, Section 1960(b)(1), affecting interstate and foreign commerce, and which:

   a. Operated without an appropriate money transmitting license in the District of Columbia, where such operation is punishable as a felony under District of Columbia law, whether or not STERLINGOV knew that the operation was required to be licensed or that the operation was so punishable;

   b. Failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and

   c. Otherwise involved the transportation and transmission of funds known to STERLINGOV to have been derived from a criminal offense and intended to be used to promote and support unlawful activity;

in violation of Title 18, United States Code, Section 1960(a).

**(Operating an Unlicensed Money Transmitting Business, in violation of Title 18, United States Code, Section 1960(a))**

### COUNT THREE
### (Money Transmission Without a License)

3.      From on or about October 27, 2011, and continuing until at least on or about April 27, 2021, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, did, without obtaining a license issued by the Superintendent of the Office of Banking and Financial Institutions of the District of Columbia, engage in the business of money transmission, as that term is defined in D.C. Code Section 26-1001(10), through the operation of BITCOIN FOG, in that he engaged in the business of receiving money for transmission, and transmitting money, within the United States and to locations abroad.

**(Money Transmission Without a License, in violation of § 26-1023(c) of the D.C. Code)**

### FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts One and Two, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Counts One and Two, and any property traceable thereto.

2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

>   a.      cannot be located upon the exercise of due diligence;
>
>   b.      has been transferred or sold to, or deposited with, a third party;
>
>   c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON.

*Channing D. Phillips/jph*
_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA