UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 21-cr-399 (RDM) |
| v. : | |
| : | |
| ROMAN STERLINGOV, : | |
| : | |
| Defendant. : | |

**MOTION FOR PROTECTIVE ORDER**

The United States of America, by and through its attorney, the Acting United States Attorney for the District of Columbia, hereby respectfully moves the Court for the entry of a protective order governing the production of discovery by the parties in the above-captioned case. In support whereof, the government respectfully states as follows:

1. The government has produced a significant volume of discovery in this case. Per agreement of the parties, that discovery will be designated nunc pro tunc as protected under any Protective Order entered into the case.

2. The attached proposed Protective Order reflects a modified version of the standard protective order used across a variety of criminal cases prosecuted by the U.S. Attorney's Office.[1] Based on concerns raised by defense counsel, the proposed Protective Order includes provisions allowing defense counsel to share discovery materials, including materials marked as "sensitive," to third parties without prior notice to the government or to the Court, provided the third party signs and executes an acknowledgment form agreeing to abide by the terms of the Protective Order.

3. Notwithstanding these modifications, defense counsel does not consent to the proposed Protective Order.

---

[1] Cases arising from the events of January 6, 2021 are governed by a different, more extensive protective order.

4.  The government understands that the defense objects to the restriction on the defendant maintaining copies of "sensitive" discovery in his personal possession.  But the government has concerns about the defendant having unsupervised access to third-party personally identifiable information (PII) and other personal information about third parties and potential witnesses in this case—especially while the defendant is in pretrial detention.  As a concession, the government has offered to provide redacted copies of any discovery for the defendant's use, upon request by the defense, to the extent practicable.  *See* Proposed Protective Order, ¶ 10.  The defense has not explained why the defendant cannot rely on redacted copies of discovery but must instead maintain unsupervised possession of sensitive personal information or non-public information about or relating to third parties and potential witnesses.

WHEREFORE, the government respectfully moves for entry of the attached proposed Protective Order.

                    Respectfully submitted,

                    CHANNING D. PHILLIPS
                    ACTING UNITED STATES ATTORNEY
                    D.C. Bar No. 415793

BY:    */s/ Christopher B. Brown*
                    Christopher B. Brown, D.C. Bar No. 1008763
                    Assistant United States Attorney
                    U.S. Attorney's Office for the District of Columbia
                    555 4th Street, N.W.
                    Washington, D.C. 20530
                    (202) 252-7153
                    Christopher.Brown6@usdoj.gov

                    */s/ C. Alden Pelker*
                    C. Alden Pelker, Maryland Bar
                    Trial Attorney, U.S. Department of Justice
                    1301 New York Ave., N.W., Suite 600
                    Washington, D.C. 20005
                    (202) 616-5007
                    Catherine.Pelker@usdoj.gov

Dated:   August 30, 2021