UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 21-cr-399 (RDM) |
| v. | : | |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

## ROMAN STERLINGOV'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER THAT <u>SHIFTS THE BURDEN TO THE DEFENSE</u>

By its motion, the government request entry of a protective in a case with voluminous discovery that is difficult to review because of its content and complexity. These difficulties, compounded by Mr. Sterlingov's pretrial detention in a facility at great distance from his counsel where review is difficult, will be increased further by the government's proposed protective order. There is no good cause for the government's protective order, and it is not necessary or appropriate here.

All Mr. Sterlingov seeks is quick and full access to his discovery. He does not seek to receive, possess, or keep any third-party personally identifiable information (PII) about third parties and/or potential witnesses. Accordingly, the defense respectfully requests that the Court issue the defense's protective order, which requires the government to redact PII before producing the discovery to Mr. Sterlingov. What the Court should not do is Order what the government attempts here – shifting the burden to defendant to review the voluminous production to identify a subset of documents the government would then perhaps agree to redact. All the while, the government would require defense counsel to babysit Mr. Sterlingov as part of this review because of the supposed "sensitivity" of the documents. The government, whose resources dwarf defense

counsel's, is far better equipped to conduct this PII review and it should be the one to do so.

## RELEVANT FACTS

### The Offense

This is not a simple case. To the contrary, the charges against Mr. Sterlingov are novel and the discovery intricate, involving an alleged course of conduct spanning years.

### The Documents at Issue

The government has indicated they intend to the produce information that is so "sensitive" that they will not agree to allow Mr. Sterlingov to review it without a babysitter. The volume of this "sensitive" discovery is unknown. Known are the following undisputed facts:

1. Mr. Sterlingov is detained at the Northern Neck Regional Jail ("NNRJ").

2. Mail to and from Northern Neck is screened by the staff.

3. Other than legal calls, each telephone call initiated by Mr. Sterlingov is recorded by the jail and a copy of the recording is maintained by the jail.

4. Mr. Sterlingov is not accused of threatening a witness, destroying evidence, obstructing justice, or any other similar charge.

### The Government's Proposed Protective Order

The government's proposed order would broadly treat a large portion of its discovery in this case as "sensitive discovery." The sensitivity is not national security information or information affecting the economic safety of our nation. Nor is it information the defense has demanded be produced by the government in un-redacted form.

Instead of agreeing to produce the sensitive material in a redacted form, the government proposes the following procedure: (i) defense counsel receives the "sensitive" discovery; (ii) has Mr. Sterlingov review while she is there to supervise him; (iii) culls from it a subset of documents defense counsel needs to use; (iv) notifies the government of that subset (thereby revealing

attorney work product to the government); and (v) waits to see if the government provides a "concession" whereby it will perhaps agree to redact information, so the redacted documents may be given to Mr. Sterlingov. Govt. Motion at ¶ 4. During this process, Mr. Sterlingov would be unable to keep a copy of any discovery materials, or even keep or take with him any notes he makes regarding that material to share or discuss with his counsel.

This convoluted manner of handling "sensitive material" will unnecessarily impede and delay defense counsel's preparation of Mr. Sterlingov's defense.

**Defendant's Proposal**

The Court should not impose a protective order in this case, or impose a limited one. Instead, the government should redact any PII and produce it to Mr. Sterlingov in that redacted form. As the *Baker* court observed, while "redacting documents may be one of the less pleasant aspects of modern law practice … it is also one of the more prevalent aspects" and "there is no reason to believe that the limited quantity of documents to be reviewed here would create an especially great burden for the Government lawyers." *United States v. Baker*, 2020 U.S. Dist. LEXIS 142825, at *13. Certainly, the government's apparent desire to avoid or shift its routine burden of redaction onto defense counsel who possesses less resources than the government (and gain the added benefit of imposing onerous restrictions on Mr. Sterlingov and his counsel) is unfair and improper.

Ordering the government to do what it usually does – redact PII – is not unduly burdensome, and is far less burdensome than the government's proposal, which includes having defense counsel sit with Mr. Sterlingov for hours at a time while he reviews the discovery.

In the alternative, the government could seek from the Court a "take out order" and have Mr. Sterlingov brought to their office where he can review the discovery under their watch. Finally,

the government can, but refuses to allow the defendant to receive, the un-redacted discovery for a limited time (10 days). This alternative methodology has been used in terrorism cases, but is an option the government refuses to consider here.

## **CONCLUSION**

For the foregoing reasons, Mr. Sterlingov respectfully requests that the Court not issue the government's proposed protective order, and instead order the government to redact the PPI.

Dated: September 3, 2021              Respectfully Submitted,

                                                    A.J. KRAMER
                                                    FEDERAL PUBLIC DEFENDER

                                                      */s/ Sabrina P. Shroff*

                                                    Sabrina P. Shroff
                                                   Assistant Federal Public Defender
                                                   625 Indiana Avenue, N.W., Suite 550
                                                   Washington, D.C. 20004
                                                   (202) 208-7500