UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on February 14, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 21-CR-399 (RDM) |
| v. | : | Magistrate No. 21-MJ-400 |
| ROMAN STERLINGOV, | : | Offenses: |
| Defendant. | : | Count One: 18 U.S.C. § 1956(h) (Money Laundering Conspiracy) |
| | : | Count Two: 18 U.S.C. § 1956(a)(3)(A), (B) (Money Laundering) |
| | : | Count Three: 18 U.S.C. §§ 1960(a) & 2 (Operating an Unlicensed Money Transmitting Business) |
| | : | Count Four: D.C. Code § 26-1023(c) (Money Transmission Without a License) |
| | : | Forfeiture: 18 U.S.C. § 982(a)(1); 21 U.S.C. § 853(p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
(Money Laundering Conspiracy)

1.   From on or about October 27, 2011, and continuing until at least on or about April 27, 2021, in the District of Columbia and elsewhere, through the operation of BITCOIN FOG, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, together with other co-conspirators known and unknown, including darknet vendors and darknet market

administrative teams, did knowingly and willfully combine, conspire, confederate and agree to commit the following offenses against the United States:

    a. Conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the sending and receiving of bitcoin transactions, which involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

    b. Conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the sending and receiving of bitcoin transactions, which involved the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i);

all in violation of Title 18, United States Code, Section 1956(h).

**(Money Laundering Conspiracy, in violation of
Title 18, United States Code, Section 1956(h))**

## COUNT TWO
### (Money Laundering)

2. On or about the date and in the amount set forth below, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce and involving property represented to be the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling, and otherwise dealing in a controlled substance, knowing and intending that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of property believed to be the proceeds of specified unlawful activity, and intending to promote the carrying on of specified unlawful activity:

| Count | On or About Date | Amount | Financial Transaction |
|---|---|---|---|
| TWO | November 21, 2019 | Approximately 0.01146764 BTC | Movement of Bitcoin (BTC) by wire or other means from BITCOIN FOG to IRS-CI controlled undercover wallet |

**(Money Laundering, in violation of
Title 18, United States Code, Section 1956(a)(3)(A), (B))**

## COUNT THREE
### (Operating an Unlicensed Money Transmitting Business)

3. From on or about October 27, 2011, and continuing until at least on or about April 27, 2021, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, knowingly conducted, controlled, managed, supervised, directed, and owned an unlicensed money transmitting business, that is, BITCOIN

FOG, as that term is defined in Title 18, United States Code, Section 1960(b)(1), affecting interstate and foreign commerce, and which:

    a. Operated without an appropriate money transmitting license in the District of Columbia, where such operation is punishable as a felony under District of Columbia law, whether or not STERLINGOV knew that the operation was required to be licensed or that the operation was so punishable;

    b. Failed to comply with the money transmitting business registration requirements under Title 31, United States Code, Section 5330, and the regulations prescribed thereunder; and

    c. Otherwise involved the transportation and transmission of funds known to STERLINGOV to have been derived from a criminal offense and intended to be used to promote and support unlawful activity;

in violation of Title 18, United States Code, Section 1960(a).

**(Operating an Unlicensed Money Transmitting Business and Aiding and Abetting, in violation of Title 18, United States Code, Sections 1960(a) and 2)**

## COUNT FOUR
**(Money Transmission Without a License)**

4. From on or about October 27, 2011, and continuing until at least on or about April 27, 2021, in the District of Columbia and elsewhere, ROMAN STERLINGOV, a resident of Sweden and a citizen of Russia and Sweden, did, without obtaining a license issued by the Superintendent of the Office of Banking and Financial Institutions of the District of Columbia, engage in the business of money transmission, as that term is defined in D.C. Code Section 26-

1001(10), through the operation of BITCOIN FOG, in that he engaged in the business of receiving money for transmission, and transmitting money, within the United States and to locations abroad.

**(Money Transmission Without a License, in violation of § 26-1023(c) of the D.C. Code)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One, Two, and Three, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable thereto, pursuant to Title 18, United States Code, Section 982(a)(1). The United States will also seek a forfeiture money judgment for a sum of money equal to the value of any property, real or personal, involved in Counts One, Two, and Three, and any property traceable thereto.

2. The United States will also seek forfeiture of the following specific property upon conviction of the offenses alleged in Counts One, Two, and Three:

   a. $349,625.72, seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

   b. Approximately 0.10877 Bitcoin (BTC) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

   c. Approximately 205.9625 Ethereum (ETH) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

   d. Approximately 9,371.52683 Stellar (XLM) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN;

  e. Approximately 35.9998 Monero (XMR) cryptocurrency (after required fees), seized from Kraken accounts #AA68 N84G QUXT DGMY, held in the name of Roman Sterlingov, and #AA24N84GWW46KQ5Y, held in the name of TO THE MOON LTD | ROMAN; and

  f. Approximately 1,354 BTC currently held in the Bitcoin Fog wallet, identified by root address 1YZJKaAx2HRWvcbCXDBtQbBZcRU46WJqw.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON.

_____
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA