# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

*Plaintiff*,

v.

ROMAN STERLINGOV,

*Defendant.*

**21 – cr - 399 (RDM)**

**Defendant Roman Sterlingov's Pretrial Motion to Free Seized Assets**

# Table of Contents

*Introduction* ........................................................................................................ *1*

*Procedural Posture* ............................................................................................ *7*

*Background* ......................................................................................................... *8*

**2011** ........................................................................................................................8

**2016** ........................................................................................................................9

**2019** ......................................................................................................................10

*Indictment* .........................................................................................................11

*The Forfeiture Allegations* ...........................................................................12

*Argument* ...........................................................................................................12

**The Seizure Warrants Violate the Fourth, Fifth, and Sixth Amendments** ...........................14

**The Seizure Violates the Fourth Amendment** ......................................................................14

1.   The Belatedly Filed Seizure Warrants Lack Probable Cause .......................................... 15

2.   The Government's Affidavit to Support Seizure Warrants Lack Particularity and Adequacy .... 15

**The Seizure Violates the Fifth Amendment's Due Process Clause** ........................................17

1.   No Hearing Was Held.......................................................................................................... 18

2.      The Government Violated Asset Forfeiture Policy Manual ........................................................ 18

**The Seizure Violates the Sixth Amendment Right to Counsel** ...............................................**20**

**The District of Columbia is an Unconstitutional Venue** ........................................................**20**

***Conclusion***.................................................................................................................................**21**

# Table of Authorities

Cases

*Cassady v. Goering*, 567 F.3d 628, 635 (10th Cir. 2009) ................................................................15

*In re Search of Apple iPhone*, 31 F. Supp. 3d 159, 164-165 (D.D.C. 2014)................................15

*In re Search of Info. Associated with @mac.com*, 25 F. Supp. 3d 1, 6 (D.D.C. 2014) ................15

*Kaley v. United States*, 134 S.Ct. 1090, 1095 (2014); ...................................................................13

*Lopez v. United States*, 201 F.3d 478, 480 (D.C. Ct. App. 2000) .................................................17

*Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987) ......................14

*United States v. 8 Gilcrease Lane*, 638 F.3d 297, 300 (D.C. Ct. App. 2011) ...............................16

*United States v. E-Gold*, 521 F.3d 411, 419 (D.C. Cir. 2008)........................................................17

*United States v. Patel*, 949 F. Supp. 2d 642, 654 (W.D. Va 2013) ...............................................14

*VPR Internationale v. Does* 1-1017, 2011 U.S. Dist. LEXIS 64656, *3 (C.D. Ill. 2011)...............3

Statutes

18 U.S.C. § 982(a)(1) .......................................................................................................................12

18 U.S.C. §853(a)..............................................................................................................................13

21 U.S.C. § 853(p).............................................................................................................................12

U.S. Const. amend. V ................................................................................................16

Other Authorities

*AG Guidelines*, See II ..............................................................................................18

Asset Forfeiture Policy Manual (2021), .................................................................18

Ian Webster, *Bitcoin Price in 2011,* CPI Inflation Calculator,

https://www.in2013dollars.com/bitcoin-price-in-2011 (last visited Aug. 1, 2022). ..................9

*Registration data lookup tool,* ICANN|Lookup,

https://lookup.icann.org/lookup?q=bitcoinfog.com&t=a (last visited Aug. 1, 2022). ...............9

*Schengen Area*, Wikipedia, https://en.wikipedia.org/wiki/Schengen_Area#Border_checks (last

visited Aug. 1, 2022) .................................................................................................8

*Today's Cryptocurrency Prices by Market Cap,* CoinMarketCap https://coinmarketcap.com/ (last

visited Aug. 1, 2022). ..............................................................................................8

U.S. Department of Justice Asset Forfeiture Policy Manual (2021) ..............................................18

*Unites States v. Emor*, 794 F.Supp.2d 143, 149 (D.D.C. 2011) ...................................................19

*Whois Identity for everyone,* https://www.whois.com/whois/bitcoinfog.com (last visited Aug. 1,

2022).....................................................................................................................9

## Introduction

Defendant Roman Sterlingov moves this Court for the release of his unconstitutionally seized assets that the Government seized pretrial without a valid warrant, probable cause, or any evidentiary bases that they are linked to any crime. This wholesale seizure of his assets and pretrial jailing of Mr. Sterlingov four thousand miles from his home in Sweden violates his Fourth, Fifth, and Sixth Amendments rights under the United States Constitution, particularly his rights to effective assistance of counsel and to put on a complete defense. The Government has arbitrarily taken his money and jailed him in a foreign land. This Court should order the release of his unconstitutionally seized assets by warrants issued on April 30, 2021[1] and June 9, 2021[2] so that he can mount a complete defense against this baseless and Kafkaesque prosecution.

The Government admits none of Mr. Sterlingov's seized assets are the proceeds of a crime, as it claims the seizure consists of "substitute" assets from uncharged, unspecified crimes. Despite a six-year investigation that includes surveillance, wiretaps, and pen traps deployed against Mr. Sterlingov there is no evidence he ever operated either the www.bitcoinfog.com website or the foggeddriztrcar2.onion site. This is the reason why the Superseding Indictment is a bare-bones Indictment. Even after his arrest at LAX with all his computer gear, terabytes of hard and thumb drives, SD Cards, cellphones, handwritten notes, and the type of gear you would expect a computer geek and early adopter of Bitcoin to carry, no evidence of Mr. Sterlingov operating "BITCOINFOG" (to use the Government's muddled nomenclature). No administrator account information, log-ins, or hashes; no Twitter log-ins; no computer logs, no

---

[1] (Government Discovery, Bates No. STERLINGOV-0000005.pdf).
[2] (Government Discovery, SIGNED 21sz16 Seizure Warrant (Kraken).pdf)

communications about the operation of the Clearnet site www.bitcoinfog.com or the onion site at foggedriztrcar2.onion - nothing. The hallmark of this case is that there is no corroborating evidence, not a single eyewitness, for the Government and its for-profit forensic vendors Excygent LLC's and Chainalysis's botched forensic speculations.

The Government's lazy excuse for its lack of direct evidence implicating Mr. Sterlingov is that he is a computer wizard, the hooded hacker, a 21st-century witch, who has used his magic computer powers to make the evidence of his unspecified crimes invisible. If only he were not so clever, the Government insists, there would be evidence instead of mistaken speculation.

For the ten-year period the Government alleges Mr. Sterlingov laundered over $300 million worth of bitcoin ("BTC"), there is not a single particularized allegation, or support in the discovery, to substantiate the accusation he "operated" – if the Government's copy is to be believed, a complex and sophisticated money laundering operation with multiple employees, payroll, computer logs, servers, system administration and maintenance, administration fee transfers, and constant information security monitoring in the face of hackers. The Government's discovery to date reveals no emails, communications, or transfers evidencing him operating a multimillion-dollar crypto criminal enterprise. It is not the evidence in this case that is damning to the Defense; it is what is not in evidence that is damning to the Government's case. The Government's entire case rests on speculative forensics spun out at desks thousands of miles from Sweden.

There is a significant issue here with the quality of the Government's, Excygent's, and Chainalysis's error-laden computer forensic work and the use of unscientific, unverifiable, and unaccepted "blockchain analysis." The forensic errors are pervasive. For instance, the Defense's

initial review of the Government's discovery reveals typos in listed BTC wallet addresses, forensically unsound truncating of BTC wallet addresses, and basic misunderstandings of cryptography. A simple check of the public blockchain records for the newest addition to the Government's forfeiture allegations in the Superseding Indictment reveals the Bitcoin Wallet address listed in paragraph 2(f) in the Indictment's forfeiture allegations as containing 1,354 BTC has no BTC in it and has not logged a BTC transaction since 2012. Given the forfeiture allegations' coy wording, saying the wallet is "identified by [a] root address" (leaving open the obfuscating possibility that the wallet address given is not the wallet with the referenced BTC) the Government will likely respond with its typical convoluted, many layered explanations that circuitously winds its speculative way back to Mr. Sterlingov.

Additionally, a review of the public blockchain reveals that the Government's allegation that BTC transfers allegedly by Mr. Sterlingov in 2011 were "beta testing" by him of the foggeddriztrcar2.onion site reveal that they involve no BTC tumbling at all and are routine BTC wallet transfers consistent with the behavior of a computer geek who is an early adopter of BTC, if they are Mr. Sterlingov's transactions at all.[3] Even the forensically unsound technique of personally identifying Mr. Sterlingov through IP Address analysis (the courts long ago rejected the use of IP Addresses as PII)[4] is contradicted by the Government's own discovery, which documents multiple accounts that are not Mr. Sterlingov's using the 212.117.160.123 IP address that the Government uses in its attempt to target Mr. Sterlingov as the operator of

---

[3] (See Declaration of Chris Vickery, attached as Ex. A).
[4] *See, e.g., VPR Internationale v. Does* 1-1017, 2011 U.S. Dist. LEXIS 64656, *3 (C.D. Ill. 2011).

"BITCOINFOG".[5] The Government's IP Address analysis appears to rest in part on the use of IP addresses from proxy servers, which share their IP addresses with numerous users.

Moreover, the Government's discovery directly names other people as the owners of email accounts used to register the www.bitcoinfog.com domain name. According to documents produced by the Government, the pseudonymous Akemashite Omedetou ("Happy New Year" in Japanese) who registered www.bitcoinfog.com used the email shormint@hotmail.com.[6] Records produced in discovery list Vasily Kunnikov as the owner of shormint@hotmail.com. According to Michael Howell, the CEO of highhosting.net (the ISP hosting the domain), Mr. Kunnikov paid www.bitcoinfog.com's annual and monthly fees. Mr. Howell also confirmed he received payment from Vasily Kunnikov's Liberty Reserve account.[7] The Government's discovery also shows that the contact email for shormint@hotmail.com is inva7id@gmail.com,[8] which was registered in 2011 by an Andrew White who lives in California.[9] Andrew White was also very active in the field of cryptocurrency,[10] and has a Liberty Reserve Account ID U9440180. The Government said in its Statement of Facts that Mt. Gox Account 2 is registered under email nfs9000@hotmail.com,[11] registered to Daniel Garcia Muñoz in Mexico,[12] not Mr. Sterlingov.

---

[5] (*See, e.g.* Government Discovery, National Cyber Forensics & Training Alliance, "Bitcoin Fog" Analyst Code 0249, at p. 11 (Feb. 13, 2017) (listing multiple different accounts using, in discovery and available to the Court upon request)).

[6] (Criminal Compl., Statement of Facts p. 7. Dkt. No. 1-1).

[7] (Government Discovery, Bates No. STERLINGOV-00007400).

[8] (Government Discovery, Contact List.xlsx)

[9] (Government Discovery, inva7id idents.txt).

[10] (Government Discovery, 20170213-Bitcoin_Fog.pdf).

[11] (Dkt. 1, at p. 8).

[12] (Government Discovery, STERLINGOV-0000795.xlsx)

Nowhere in the discovery or the pleading is any direct connection to Mr. Sterlingov; it is all speculation.

The language above, is just a small sample of the pervasive errors and misrepresentations by the Government in this case, and these serious issues with the Government's forensic allegations are discussed in more detail in the attached Declaration of Chris Vickery, who is available to testify in any hearing on this matter.

Mr. Vickery is one of the world's leading blockchain analysts. He provided expert testimony on the Cambridge Analytica scandal for the British and Canadian Parliaments; he regularly consults with the FBI and other law enforcement agencies on cybercrime. Nothing in Mr. Vickery's Declaration justifies the Government's wholesale seizure of Mr. Sterlingov's assets, making it impossible to mount a complete defense while jailing him pretrial four thousand miles away from his home in Sweden; in a jurisdiction he has not set foot in before being hailed into this jurisdiction by the Government's forum shopping. On the contrary, Mr. Vickery's Declaration is evidence that the Government's flawed, error-laden, and speculative forensics have led to the arrest and a year and a half jailing of a computer geek whose only mistake seems to be to have gotten into BTC early. Whoever actually operated "BITCOINFOG" is laughing all the way to the bank, or their crypto wallet, right now, free to start their next project.

There is also the appearance of a disturbing conflict of interest at the root of the forensic investigation in this case, a conflict of interest between profit and justice. Excygent LLC, a business entity created by Mitre subcontractor IRS-CI Aaron Bice, while working on this investigation, played a major role in the forensics in this case and is featured prominently in the DOJ press release announcing Mr. Sterlingov's arrest. Curiously, the press broke the story of Mr.

Sterlingov's arrest the day before it was officially announced by DOJ in press releases praising Excygent LLC's work in arresting Mr. Sterlingov.[13] On October 5, 2021, Chainalysis announced that it had acquired Excygent LLC for an undisclosed sum. Mr. Bice leaves his work at DOJ to work for Chainalysis, as well as one of the former prosecutors on this case, and two other former DOJ employees.[14] The attached Declaration of Eric Garland explores the relationship between the for-profit entities at the heart of the forensic analysis in this case and their profitable relationship with DOJ.[15]

Mr. Sterlingov moves this Court to release all his assets the Government seized from Payward Ventures, Inc. ("Kraken") under the seizure warrant and those others in its possession and control under its invalid seizure warrants. The Government has not alleged any of them are the proceeds of any crime - nor can they, as this is a mistaken prosecution. Mr. Sterlingov wishes to use the assets for his defense. Without these assets - all legally begotten - the Government tramples Mr. Sterlingov's ability to defend himself against their expensive multiyear investigation. As argued below, the seizure is constitutionally and procedurally defective because it violates due process, lacks probable cause, and denies Mr. Sterlingov his Sixth Amendment right to hire counsel of his choice. This Court should order the release of his funds. In the alternative, Mr. Sterlingov asks for a hearing to challenge the Government's unconstitutional seizure of his assets and put the Government's sloppy, profit-driven forensics to the test.

---

[13] (Decl. of Eric Garland, at para. 9, attached as Ex. B).
[14] (Decl. of Eric Garland, at para. 14 and 21, attached as Ex. B).
[15] (Decl. of Eric Garland, at para. 24, attached as EX. B).

## Procedural Posture

On April 26, 2021, the Government arrested Mr. Sterlingov at LAX. Since then, he has been in the Northern Neck Regional Jail in Warsaw, Virginia for over a year now. Denied pretrial release at his Rule 5(c)(3) hearing in California, he was transported to this District. Central District Court of California denied Mr. Sterlingov's pretrial release and Ordered Defendant be permanently detained on May 6, 2021,[16] applying a preponderance of the evidence standard and stating a serious risk that the Defendant will flee because:

(1) Defendant is not a U.S. citizen;

(2) insufficient ties to U.S. to reasonably assure defendant's appearance;

(3) inadequate bail resources proffered; and

(4) alleged access to and use of false identification, including possession of multiple passports at the time of arrest.[17]

On May 6, 2021, the United States District Court for the Central District of California denied his Motion for Pretrial Release[18] filed by his prior counsel.

Days after Mr. Sterlingov's arrest, on April 30, 2021, the Government obtained a seizure warrant for two of his Payward Ventures, Inc. ("Kraken") accounts. On June 9, 2021, the Government obtained a seizure warrant for any and all cryptocurrency from Mr. Sterlingov. The

---

[16] Dkt. No. 13, case# 2:21-mj-02068-DUTX.
[17] Dkt. No. 14, case# 21-MJ-02068, Order of. Detention.
[18] Dkt. No. 14, case# 21-MJ-02068, Order of. Detention.

seizures violate the Fourth, Fifth and Sixth Amendment's to the United States Constitution because they lack probable cause and are overbroad and lack evidentiary support, and deny Mr. Sterlingov his Sixth Amendment right to counsel of his choice through which to mount a complete defense by seizing all of his assets without justification. All based on the mere speculation that they are "substitute assets" for unidentified and unspecified proceeds of unidentified and unspecified crimes, documented nowhere in the Government's voluminous discovery.

## Background

In 2002, fourteen-year-old Roman Sterlingov moves in with his mother to Gothenberg, Sweden, leaving his father behind in Leningrad. He lives there until his April 26, 2021, arrest at Los Angeles International Airport (LAX) and current pretrial jailing. A naturalized Swedish citizen born in Russia, he is a dual Swedish Russian citizen. But he does not live, work, or go to Russia regularly. Like many dual citizens, he has multiple passports; a Swedish one, a passport for the Schengen Area, of which Sweden is a member[19], one for travel to, and one for traveling inside Russia. Prior to his arrest, he had never been to Washington, D.C.

## 2011

In 2011 the United States has no laws, regulations, or caselaw of significance related to BTC or any cryptocurrency. No guidance from Treasury, IRS, or DOJ in 2011. Most cryptocurrencies, from Ethereum to Dogecoin, do not exist yet.[20] In January of 2011, one BTC

---

[19] See *Schengen Area*, Wikipedia, https://en.wikipedia.org/wiki/Schengen_Area#Border_checks (last visited Aug. 1, 2022).
[20] See *Today's Cryptocurrency Prices by Market Cap,* CoinMarketCap https://coinmarketcap.com/ (last visited Aug. 1, 2022).

costs thirty cents.[21] In July 2011, BTC peaks at $15.40, then drops to $3.50 by the end of the year.[22]

At the time, twenty-one-year-old Defendant Roman Sterlingov lived in a small studio apartment in Gothenburg, Sweden. Being interested in computing and the internet from an early age, he works the gig economy online, including affiliate marketing. He is an early adopter of BTC in 2011. He protects his cryptocurrency accounts by anonymizing them, as all reasonable crypto wallet holders do - whether investor sites like Kraken (founded by the former CEO of Chainalysis, one of the for-profit forensic investigators in this case),[23] consumer sites like Coinbase etc. or individually as originally and always with BTC - so his name and money are not tethered together on the internet for the plucking.

## 2016

On October 26, 2016, someone updated the DNS registration for www.bitcoinfog.com based on WhoIs records. Our initial review of the Government's Discovery does not provide any evidence in the discovery to prove who updated the DNS registration.[24]

---

[21] See Ian Webster, *Bitcoin Price in 2011,* CPI Inflation Calculator, https://www.in2013dollars.com/bitcoin-price-in-2011 (last visited Aug. 1, 2022).
[22] *Id.*
[23] (Decl. of Eric Garland, at para. 20, attached as Ex. B).
[24] See *Whois Identity for everyone,* https://www.whois.com/whois/bitcoinfog.com (last visited Aug. 1, 2022); *see also Registration data lookup tool,* ICANN|Lookup, https://lookup.icann.org/lookup?q=bitcoinfog.com&t=a (last visited Aug. 1, 2022).

**2019**

On November 18, 2019, an IRS Agent deposited approximately 0.01173987 BTC to a Government account at foggedriztrcar2.onion site from an IRS-controlled Apollon account.[25] There is no allegation that the funds were the proceeds of a crime. One day later, the Agent sent the following message to foggedriztrcar2.onion site through a messaging function:



[26]

On November 21, 2019, getting no response, the IRS Agent transfers approximately 0.01146764 BTC from the IRS foggedriztrcar2.onion account to another IRS-controlled wallet.[27] There is no evidence Mr. Sterlingov has anything to do with this transaction. To date, this is the

---

[25] (Dkt. 1, at p. 6).
[26] (Dkt. 1, at p. 6).
[27] (Dkt. 1, at p. 6; Dkt. 43, ¶ 1).

sole connection with the District of Columbia based on the Defense's review of the Government's discovery.

## Indictment

On June 14, 2021, a grand jury indicted Mr. Sterlingov on three counts based on his unspecified "operation" of the undefined term "BITCOINFOG" between October 27, 2011, and April 26, 2021:

1) Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A) and 18 U.S.C. § 1956(a)(3)(B)

2) Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a)

3) Money Transmission Without a License, in violation of D.C. Code § 26-1023(c).[28]

On July 18, 2022, the Government superseded the 2021 indictment with a four-count Indictment (the "Indictment") charging:

1) Conspiracy to Money Launder, in violation of 18 U.S.C. § 1956(h) ("Count One")

2) Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A), (B) ("Count Two")

3) Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a) & 2 ("Count Three")

_____

[28] (Dkt. 8, ¶¶ 1-3).

4) Money Transmission Without a License, in violation of D.C. Code § 26-1023(c)

("Count Three").[29]

## The Forfeiture Allegations

The Indictment's forfeiture allegations are based on the Government seizing Mr. Sterlingov's legitimate assets as stand-ins for criminal proceeds from ten years of money laundering as the operator of its undefined term "BITCOINFOG", a claim it has no evidence for except error laded speculation based on junk science.[30]

The Government has already seized all of Mr. Sterlingov's cryptocurrency from his Kraken accounts, transferring everything to a Government's controlled address where it has lost substantial value in the last year. This illegal taking without any forensically sound evidentiary basis deprives him of his earned money he needs to defend himself against this errant prosecution.

## Argument

The Government's wholesale seizure of Mr. Sterlingov's assets based on error-laden and speculative forensics violates the Fourth, Fifth, and Sixth Amendment's to the United States Constitution. The Government has sandbagged Mr. Sterlingov's ability to defend himself against their fantasy, career-motivated prosecution. This Court should release Mr. Sterlingov's seized

---

[29] (Dkt. 43, ¶¶ 1- 4).
[30] *See* 18 U.S.C. § 982(a)(1) (forfeiture); 21 U.S.C. § 853(p); (Dkt. 43, ¶¶ 1- 4).

assets so he can fund his defense, if necessary, transferring them to his attorney's escrow account to be used only for his defense and living expenses. Mr. Sterlingov is legally and factually innocent - he is innocent because no jury has found him guilty, and neither the allegations against him, nor the evidence, support any charge against him. The Government has the wrong man, and he has languished in jail for a year now, unable to access the funds necessary to defend himself.

To seize Mr. Sterlingov's assets, there must be probable cause to think that the Defendant has committed an offense permitting forfeiture and that the property at issue has the requisite connection to that crime.[31] None of his assets are the proceeds of a crime, nor has the Government alleged that they are. The Government claims that the seized assets are a "substitute" for unidentified crimes that nothing in the Government's discovery reveals.

The Court should also release the assets, or in the alternative order a hearing so the Defense can cross-examine, because:

- the Fourth Amendment's Search & Seizure clause, and the Fifth Amendment's Due Process clause, forbid the Government's pretrial seizure of Mr. Sterlingov's legitimate assets as substitute funds for unspecified crimes
- the belatedly filed seizure warrant application on Kraken accounts (filed two months after the fact) lacks probable cause and is without forensic foundation

---

[31] *See Kaley v. United States*, 134 S.Ct. 1090, 1095 (2014); 18 U.S.C. §853(a).

- the filed seizure warrant with the search warrant for the luggage and electronic devices seized at LAX is overbroad and lacks particularity

- neither the allegations in the Indictment, Seizure Warrant Application, nor Criminal Complaint, etc., viewed in conjunction with the discovery, evidence of any "operation" as charged in the Indictment, of the www.bitcoinfog.com website or foggeddriztrcar2.onion

### The Seizure Warrants Violate the Fourth, Fifth, and Sixth Amendments

The Seizure Warrants violate the Fourth Amendment's search and seizure clause because they are unreasonable and lack probable cause. The warrants violate the Fifth Amendment's due process and taking clause because there was no notice and opportunity to be heard, nor did the Government follow the statutory notice and hearing requirements. The Government also violates their own internal DOJ policy on asset seizures.

### The Seizure Violates the Fourth Amendment

The Fourth Amendment protects against "wide-ranging exploratory searches" unsupported by probable cause.[32] 21 U.S.C. § 853 governs criminal forfeiture proceedings under these provisions.[33]

---

[32] *Maryland v. Garrison*, 480 U.S. 79, 84, 107 S. Ct. 1013, 94 L. Ed. 2d 72 (1987).
[33] *United States v. Patel*, 949 F. Supp. 2d 642, 654 (W.D. Va 2013).

### 1.      The Belatedly Filed Seizure Warrants Lack Probable Cause

Other than the Count Two money laundering fact, there is no information showing that the transfers are from the United States or outside of the United States. The only connection that the Government has shown in the Indictment is Count Two they induced in the District of Columbia. Mr. Sterlingov is a Russia-Sweden citizen and has no business connection with the United States. There is no probable cause to seize any of Mr. Sterlingov's assets. Therefore, since the forfeiture allegation is based on Counts Two and Three, there is no probable cause to seize any assets belonging to Mr. Sterlingov.

### 2.      The Government's Affidavit to Support Seizure Warrants Lack Particularity and Adequacy

The Government's application for a search and seizure warrant failed to satisfy the Fourth Amendment's particularity requirement and fail to fully explain to the Court how much of his electronic devices' data, for which the Government lacked probable cause, would likely be seized. With respect to the particularity requirement, the Supreme Court recognizes that it "ensures that the search will be carefully tailored to its justifications and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit."[34] Even in civil circumstances, a seizure warrant that authorizes the seizure of all possible evidence of any crime is overbroad.[35]

_____

[34] _In re Search of Apple iPhone_, 31 F. Supp. 3d 159, 164-165 (D.D.C. 2014).
[35] _Cassady v. Goering_, 567 F.3d 628, 635 (10th Cir. 2009).

With respect to searches of electronic information, careful attention must be paid to the dictates of the particularity requirements of the Fourth Amendment, which limits the "authorization to search to the specific areas and things for which there is probable cause to search."[36] Any search for an electronic source has the potential to unearth tens or hundreds of thousands of individual documents, pictures, movies, or other constitutionally protected contents.[37]

The Seizure Warrant issued on April 30, 2021, states the United States is authorized to seize any and all cryptocurrency by transferring the full account balance in each wallet to a cryptocurrency address controlled by the United States.[38] The United States is further authorized to copy any wallet files and restore them onto computers controlled by the United States.[39] Mr. Sterlingov has a couple of BTC accounts with different providers. Instead of identifying which account is related to the crime charged by the Government, or any specific crime at all, the Government took them all, disregarding any particularity.

Additionally, the Government has not pled sufficient detail to establish "a reasonable basis" that it would meet its burden at trial. In the 271,687 BTC transactions between 11/10/2011 and 6/1/2015 that the Government claims "BITCOINFOG" was a party,[40] the Government provides no particular details linking them to Mr. Sterlingov.

_____

[36] *In re Search of Info. Associated with @mac.com*, 25 F. Supp. 3d 1, 6 (D.D.C. 2014).
[37] *Id.*
[38] STERLINGOV-0000005.pdf
[39] STERLINGOV-0000005.pdf
[40] 288A-WF-6797160_0000015.pdf

### The Seizure Violates the Fifth Amendment's Due Process Clause

The Fifth Amendment bars the federal government from depriving any person "of life, liberty, or property, without due process of law."[41] The purpose of this right "is to protect [the] use and possession of property from arbitrary encroachment—to minimize substantively unfair or mistaken deprivations of property."[42] The Due Process Clause of the Fifth Amendment to the Constitution of the United States requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[43] The Constitution guarantees defendants the right to an adversary post-restraint, pretrial hearing for the purpose of establishing whether there was probable cause as to the forfeitability of the specific assets needed for a meaningful exercise of their rights to counsel.[44] Such a hearing is required where the defendant has demonstrated the inability to retain counsel of their choice without access to the seized assets.[45] That has not happened here.

---

[41] U.S. Const. amend. V.
[42] *United States v. 8 Gilcrease Lane*, 638 F.3d 297, 300 (D.C. Ct. App. 2011).
[43] *Lopez v. United States*, 201 F.3d 478, 480 (D.C. Ct. App. 2000).
[44] *United States v. E-Gold*, 521 F.3d 411, 419 (D.C. Cir. 2008).
[45] *Id.* at 415.

1.      **No Hearing Was Held**

Mr. Sterlingov did not receive any notice or hearing notification from the Government or the Court before his assets were taken away by the Federal Government. Instead, the Government has jailed Mr. Sterlingov in a remote Virginia location, which makes it difficult for him to communicate with his defense attorneys and virtually impossible for him to review the voluminous discovery in this case. Mr. Sterlingov's legitimate assets he earned as an early adopter of BTC have been unconstitutionally seized without proper notice or opportunity to be heard. The Court should release the assets, or in the alternative, grant Mr. Sterlingov the constitutionally mandated hearing on the wholesale seizure of his assets.

2.      **The Government Violated Asset Forfeiture Policy Manual**

The Government's seizure violated their own Asset Forfeiture Policy Manual, which says the law enforcement generally must obtain a seizure based on an affidavit that describes in detail the property to be seized and the evidence demonstrating probable cause that the items are subject to forfeiture and seizure.[46] *The Attorney General's Guidelines on the Asset Forfeiture Program* (July 2018) (*AG Guidelines*) provides that "the Department of Justice should use asset forfeiture to the fullest extent possible to investigate, identify, seize, and forfeit the assets of

---

[46] Asset Forfeiture Policy Manual (2021), p. 17.

criminal and their organizations while ensuring that due process rights of all property owners are protected.[47] These guidelines cover all assets considered for federal forfeiture.[48]

In the Indictment, the Government alleges that the defendant shall forfeit to the United States any property, real or personal, involved in the offense and any property traceable pursuant to 18 U.S.C. § 982(a)(1), and the Government will need to seek a forfeiture judgment for a sum of money.[49] Federal investigators and prosecutors who seek to restrain and forfeit illicit assets located abroad should contact and seek the advice of the Money Laundering and Asset Recovery Section (MLARS) and the Office of International Affairs (OIA).[50] In a criminal forfeiture proceeding, the United States is required to provide notice by publication on https://www.forfeiture.gov.[51] However, as of August 1, 2022, defense counsel did not find out anything on this website related to Mr. Sterlingov.

The Government did not specifically list the forfeiture allegation of the Indictment and did not seek a forfeiture money judgment for a sum of money equal to the value of any property related to the charged crimes, and any property traceable thereto. The Government seized Mr. Sterlingov's assets without a specified forfeiture allegation or a court order.

---

[47] See *AG Guidelines*, See II.
[48] Asset Forfeiture Policy Manual (2021), p. 4.
[49] Dkt. 8, Page 3 ¶ 1.
[50] U.S. Department of Justice Asset Forfeiture Policy Manual (2021), at 109.
[51] *Id.*

## The Seizure Violates the Sixth Amendment Right to Counsel

A defendant seeking the release of funds must demonstrate that, without the release, he lacks the "funds he requires to hire counsel of choice," and the seized assets would be used to pay his legal fee.[52] Under the Sixth Amendment, a criminal defendant has the right to spend his own money to obtain the advice and assistance of counsel. In order to obtain a hearing, the defendant must present some evidence that he will be deprived of counsel of choice if he cannot access the seized assets.[53] The Sixth Amendment protects against unjustified governmental interference with the right to defend oneself using whatever assets one has or might reasonably and lawfully obtain.[54]

Without the seized assets, Mr. Sterlingov is not able to retain counsel of his choice. He has nothing to pay his legal fees except for the seized assets. The Government has no evidence that any of the seized assets are the proceeds of any crime. The only transaction that the Government has proved in the Indictment is the transfer from the uncover FBI-CI SA. But there is no legal basis to seize any of his assets and deprive him of his constitutional right to put on a complete defense and to counsel of his choice.

## The District of Columbia is an Unconstitutional Venue

Mr. Sterlingov incorporates by reference his argument that venue in the District of Columbia is unconstitutional, made in his concurrently filed Motion to Dismiss. Mr. Sterlingov,

---

[52] *Unites States v. Emor*, 794 F.Supp.2d 143, 149 (D.D.C. 2011).
[53] *Id.*
[54] *Id.* at 147.

a resident of Sweden since he was 14, and a dual Swedish and Russian citizen, had never set foot in the District of Columbia until haled here by the Government. Yet the Government alleges no particular conduct or business transactions in the District of Columbia, besides the Government's unilateral acts, nor are any to be found in the Government's discovery.

## Conclusion

This Court should order the release of all of Mr. Sterlingov's illegally seized assets to him or his attorney's trust account so he can pay for his defense and living expenses during the pendency of this trial. In the alternative, Mr. Sterlingov requests this Court to hold an evidentiary hearing, as the Constitution requires, as to the legality of the Government's wholesale asset seizure of his legitimate funds in this prosecution that would make Kafka blush.

Dated: August 1, 2022

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

*Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of August 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov