# Exhibit 3



U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Patrick Henry Building*
*601 D Street, N.W.*
*Washington, D.C.  20530*

May 11, 2022

BY E-MAIL
Tor Ekeland, Esq.
Michael Hassard, Esq.
TOR EKELAND LAW PLLC
30 Wall Street
8th Floor
Brooklyn, NY 10005

     Re:    *United States v. Roman Sterlingov*
             Case No. 21-cr-399 (RDM)

Dear Counsel:

     This letter memorializes the May 11, 2022 informal production of discovery in the above-referenced case.  A formal Bates-numbered production will be forthcoming.  Materials have been uploaded to the USA File Exchange system with the following files:

- Assembla records;
- Atlassian records;
- BitcoinTalk records;
- BitPay records;
- Records from Denmark, including email records for the plasmadivision.com email domain (this production includes the same 20170101-20171231-plasmadivision.com.log file previously produced on April 25, 2022, along with additional files);
- DNSEXIT records;
- FirstView LLC records;
- HSBC records;
- M247 records;
- Microsoft records from search warrant of shormint@hotmail.com email account;
- Records from Sweden; and
- IRS case records and working files.

These materials are being produced subject to the Protective Order entered in this case on September 17, 2021, *see* ECF No. 18, and please note that certain files are designated as SENSITIVE under the Protective Order.  Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

Please also be advised that, in the course of the government's investigation, law enforcement traced funds from the defendant's Binance account to a then-unknown Kraken account.  After serving Kraken with a grand jury subpoena to identify the recipient account, the government discovered that the Kraken account belonged to Maksim Nemstev, an attorney whom we understand the defendant considered retaining.  We have not included these Kraken records in our production.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16.  I will provide timely disclosure if any such material comes to light.  Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries.  I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial.  *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975).  I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules.  Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available.  If you have any questions, please feel free to contact me.

Sincerely,

*/s/ Christopher B. Brown*
Christopher B. Brown, Assistant United States Attorney
C. Alden Pelker, Trial Attorney, U.S. Department of Justice
 Computer Crime & Intellectual Property Section

Enclosure(s)

2