UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S RULE 12(b)(4)(B) MOTION**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully opposes the defendant's "Rule 12(b)(4)(B) Request for Notice of the Government's Intent To Use Evidence and Identification of Evidence the Government Intends To Use," ECF No. 49.

The defendant moves pursuant to Fed. R. Crim. P. 12(b)(4)(B) for a novel and vaguely-defined order directing the government to provide "Notice of the government's intent to use at trial specified evidence that the defendant may be entitled to discover," requiring "identification of the items that the government has produced and will continue to produce under Rule 16(a)(1)(E)(ii), and "barring the government's use of evidence not timely noticed or identified in the government's case-in-chief." ECF No. 49, at 1-3. This motion—which appears to be a retread of a motion filed (and denied) at an earlier procedural stage in a Capitol riot prosecution[1]—is premature and unnecessary as a matter of discovery, goes well beyond the scope of Rule 12(b)(4)(B), and should be denied.

---

[1] *See United States v. Jenny Louise Cudd, et al.*, D.D.C. No. 21-cr-68 (TNM), ECF No. 55 (motion) & July 29, 2021 Minute Entry (denying motion without prejudice).

## ARGUMENT

**A. Any Discovery Motion Is Premature and Unnecessary**

At the outset, it is unclear whether the defendant intends his motion to be treated as a motion to compel the production of discovery, a notice of filing to inform the Court of a specific discovery request, or a request to modify the scheduling order that the Court has already entered based on the parties' joint submission, *see* July 1, 2022 Minute Order.

Construed as a discovery motion, the defendant's submission is both premature and unnecessary. There is no discovery dispute ripe for the Court's attention. The defense has not made any discovery request that has been refused by the government, nor has it attempted to meet and confer about discovery. The motion should be denied as premature under Local Criminal Rule 16.1. *See* LCrR 16.1 ("No discovery motion shall be heard unless it states that defense counsel has previously requested that the information sought from the attorney for the United States and that such attorney has not complied with the request.").

The defense also complains about the volume of the government's fulsome discovery production—which, if anything, illustrates the government's diligence in seeking to satisfy its discovery obligations. The defense argues (at 2) that the government should be required to "particularize[]" the evidence that pertains to "this prosecution, the charges against *this* defendant," so that "defense counsel [can] focus attention on the evidence relevant to *this* case" (emphasis in original). This argument, lifted from another case, makes little sense here. Unlike a Capitol riot case, which involves both defendant-specific discovery and "global" discovery in common with the hundreds of cases, the discovery in *this* case pertains only to the defendant.[2]

---

[2] To be sure, the government has endeavored cast a wide net in collecting and producing discovery. During the course of this investigation into a complex and elaborately concealed criminal scheme, investigators pursued a number of leads and gathered evidence related to numerous subjects. The

2

The defendant also requests (at 2) "identification of the items that the government has produced." What the defense fails to acknowledge, however, is that the government has accompanied its productions with detailed production letters identifying the categories of records produced. *See, e.g.*, Ex. 1 (May 11, 2022 informal production letter). These productions—largely produced in native file format—have been organized into a detailed folder structure (*e.g.*, "BitcoinTalk records," "Denmark records – select emails," "IRS – Binance analysis," "IRS – UC videos"). This organization should facilitate the ready identification and retrieval of specific items of evidence. In addition, the government has been following up on these productions with formal, Bates-numbered productions accompanied by detailed discovery indices. *See, e.g.*, Ex. 2 (March 3, 2022 formal production letter & discovery index). It is simply untrue to claim that the government has produced discovery "without identification." The defendant's boilerplate complaints about discovery are inaccurate and unripe for decision by this Court.

### B. Rule 12(b)(4)(B) Does Not Require Premature Identification of Trial Evidence or Exhibit List

To the extent the defense relies on Rule 12(b)(4)(B) to argue (at 2) that the government should exhaustively specify "the evidence that it intends to use in its case-in-chief—that is, the evidence that will appear on the government's exhibit list for trial," this demand goes well beyond the scope of the Rule and should be denied. There is no basis under Rule 12(b)(4)(B) or otherwise to require the government to produce its exhibit list *months* before trial, pretrial submissions, or even motions in limine—let alone to impose the extreme sanction of exclusion of evidence if the government fails to anticipate every single exhibit it may need so far in advance of trial.

---

government has broadly produced such information to the defense to fulfill its discovery obligations under Rule 16, *Brady*, *Jencks*, *Giglio*, and any other applicable discovery obligations.

3

If that is what the defendant wants, it is decidedly not what Rule 12(b)(4)(B) authorizes. As Chief Judge Howell recently explained, the rule is not intended to compel early disclosure of the government's exhibit list, but to allow the defense to submit a targeted query to the government in order to avoid litigating a motion to suppress over evidence the government does not intend to use at trial:

> The Advisory Committee's note to Rule 12 states that the purpose of the rule is to ensure that a defendant can "make [her] motion to suppress prior to trial" by "request[ing] the government to give notice of its intention to use *specified evidence* which the defendant is entitled to discover under rule 16." Fed. R. Crim. P. 12, advisory committee's note (emphasis added). Thus, "the government's obligation is qualified—it must only give notice of its intent to use evidence that may be subject to a motion to a suppress." 1A Charles Alan Wright & Andrew D. Leipold, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL § 196 (5th ed. 2020). This Rule does not oblige the government "to reveal non-discoverable information, its trial strategy, or other parts of its case, nor does it require notice of evidence that the government may use during cross-examination of a defense witness or as part of the prosecution's rebuttal case." *Id.*

*United States v. Gonzalez*, 2020 WL 6158246, at *4 (D.D.C. Oct. 21, 2020). The Chief Judge acknowledged that there was "disagreement" among courts about "whether this rule merely allows a defendant to require the government to disclose whether it intends to use specific evidence identified by the defendant at trial or has broader scope to require, in effect, the government to produce its exhibit and witness lists." *Id.* at *5. But she rejected the broader reading as inconsistent with Rule 12's text and purpose:

> Given the language of the Rule 12(b)(4)(B) and the Advisory Committee's emphasis on requests for "specified evidence," this Court agrees with [*United States v. Ishak*, 277 F.R.D. 156 (E.D. Va. 2011)] that the Rule "is a procedural and timing rule that allows a defendant who is aware that the government is in possession of certain specific evidence—probably by virtue of Rule 16—to require that the government disclose whether it intends to present that evidence in its case-in-chief." *Ishak*, 277 F.R.D. at 160 . . . . In other words, defendant must specify the evidence with some precision before the government is required to provide notice.

4

*Gonzalez*, 2020 WL 6158246, at *5. The Chief Judge's ruling in *Gonzales* followed a similar decision in *Ishak*, which explained that a defendant must first "identify evidence with sufficient specificity that the government can readily ascertain the particular evidence referenced," and "[o]nly then can the government effectively provide notice whether it intends to offer that particular evidence in its case-in-chief." 277 F.R.D. at 160.[3]

*Gonzalez* and *Ishak* both rejected *United States v. Anderson*, 416 F. Supp. 2d 110 (D.D.C. 2006), an earlier decision on which defendant relies. *See Gonzalez*, 2020 WL 6158246, at *5; *Ishak*, 277 F.R.D. at 159 n.2 (rejecting *Anderson* as "unpersuasive" as "it ignores the Rule's text, purpose, and proper relationship to Rule 16"). Even on its own terms, *Anderson* is unavailing—the Court in that case considered a motion to compel where the defendant had already complied with Rule 12 and identified specific categories of evidence in its request to the government.

Here, the defendant's motion fails to specify with precision any particular item or category of evidence it may want to move to suppress. The government cannot respond unless and until the defendant makes the specific inquiry required by the Rule.[4] *Gonzalez*, 2020 WL 6158246, at *5.

Finally, the defendant's proposed remedy—exclusion of any evidence not included in the proposed "notice"—is unsupported by the text of the Rule and contrary to the Advisory

---

[3] *See also, e.g.*, *United States v. Conyers*, 2016 WL 7189850, at *10 (S.D.N.Y. Dec. 9, 2016) ("Rule 12(b)(4)(B) is a procedural device intended to facilitate efficient pre-trial motion practice . . . courts have interpreted it to require the defense to identify *specific* discoverable material which it believes may be subject to a future suppression motion."); 1A Charles Alan Wright & Andrew D. Leipold, Fed. Practice & Procedure: Criminal, § 196 (5th ed. Apr. 2022 update) ("Courts have required a defendant requesting notice under Rule 12(b)(4) to specifically identify the information it seeks, and the defense must make its request 'at arraignment, or as soon thereafter as is practicable.'").

[4] The timing of the defendant's motion is also questionable. If the purpose of the rule is to "allow the defendants to make informed decisions whether to file one or more motions to suppress," *Ishak*, 277 F.R.D. at 159, it makes little sense to wait until the deadline for substantive pretrial motions to file a motion under 12(b)(4)(B).

Committee's guidance. *See* Fed. R. Crim. P. 12, advisory committee's notes on 1974 Amendment ("An automatic exclusion of such evidence, particularly where the failure to give notice was not deliberate, seems to create too heavy a burden upon the exclusionary rule of evidence, especially when defendant has opportunity for broad discovery under rule 16").

## CONCLUSION

For the foregoing reasons, the defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov