UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | **21-CR-399 (RDM)** |

**Defendant's Reply to Government's Opposition to Defendant's Motion to Dismiss**

## Table of Contents

*Introduction* .................................................................................................................. 3

*Argument* ..................................................................................................................... 3

I.    *Venue is Unconstitutional* ................................................................................... 4

    A.    **There is No Essential Conduct in this District** ............................................ 5

    B.    **Venue for any Federal Criminal Trial is Unconstitutional in D.C.** ........................ 6

II.    *The Indictment Violates Due Process* ................................................................ 7

III.    *The Statute of Limitations on all Counts has Run* ................................................ 8

IV.    *The First Amendment Applies to Defendant's Speech and Internet Access* ... 9

*Conclusion* .................................................................................................................. 9

# Table of Authorities

**Cases**

*Taylor v. United States*, 579 U.S. 301 (2016) ............................................................................. 7

*Timbs v. Indiana*, 139 S. Ct. 682 (2019) ..................................................................................... 7

*United States v. Auernheimer*, 748 F. 3d 525 (3d Cir. 2014) ............................................. 4, 5, 6

## Introduction

Nothing happened in the District of Columbia that justifies venue in this District. In its Opposition, the Government retreads venue arguments it lost in *United States v. Andrew Auernheimer*. Just like nothing happened in New Jersey that justified venue in *Auernheimer*, nothing happened in D.C. that justifies venue here. No crime occurred in the District of Columbia. There is no allegation Mr. Sterlingov had any knowledge of the Government's unilateral actions. Nor does anything in the discovery support the Government's venue shopping. Venue in this District hangs on the Government's solitary "sting" with no plausible connection to Mr. Sterlingov, nor allegation of his awareness of it. This is unconstitutional.

Furthermore, as argued in Defendant's Motion to Dismiss, the Indictment violates Due Process and is insufficient as a matter of law and fact. Nothing inside or outside the four corners of its Indictment can change the Government's inability to name any persons or facts to support its bare bones, conclusory, vague, and ambiguous accusations. The Government cannot state its case plainly, concisely, and factually. It is the one hiding; not Mr. Sterlingov. The Court should dismiss the Indictment because it is constitutionally defective as to venue, violates due process, and is insufficient as a matter of law and fact.

## Argument

Venue is unconstitutional in the District of Columbia for two reasons:

First, the Indictment alleges no criminal conduct by the Defendant in the District of Columbia, merely the unilateral act of a Government agent using Government internet accounts without the alleged presence of any counterparty with mens rea. There is no plausible allegation that anyone but the Government knew about its unilateral sting. In essence the Government is pleading an unconstitutional strict liability crime because it erases

mens rea from the equation here; the Defendant is not present when the Government commits the crime it accuses him of. A strict liability criminal statute like this is unconstitutional and offensive to centuries of our criminal justice system's traditions and norms.

Second, no amount of originalist definitional hair splitting can change the fact that the plain text of Article III, as further restricted by the Sixth Amendment, renders any federal criminal trial in the District of Columbia unconstitutional on venue grounds because the District of Columbia is not a state.

## I. Venue is Unconstitutional

The Indictment alleges no criminal act in the District of Columbia by the Defendant that justifies venue in this District. The Government has a bigger problem here than it had in *United States v. Auernheimer*, 748 F. 3d 525 (3d Cir. 2014), a prosecution that tried to pin venue in New Jersey on a copied email address list from AT&T's publicly facing servers. The list contained email addresses of New Jersey residents but neither the defendants, servers, or the AT&T entity involved were in New Jersey when the alleged crime occurred.[1] Here there is no evidence of any connection with the District of Columbia, except the Government's unilateral "sting" operation. There is no evidence or allegation the Defendant was even aware of the sting. And despite its mountain of discovery and paper, the Government has yet to name a single particular criminal act by the Defendant.

The Government's arbitrary venue designation isn't a trivial matter - it goes to the core of a criminal defendant's constitutional rights:

---

[1] *See United States v. Auernheimer*, 748 F. 3d 525 (3d Cir. 2014) (undersigned counsel was counsel for Mr. Auernheimer).

> The Supreme Court has repeatedly made clear that the constitutional limitations on venue are extraordinarily important. "[Q]uestions of venue are more than matters of mere procedure. They raise deep issues of public policy in the light of which legislation must be construed." "The provision for trial in the vicinity of the crime is a safeguard against the unfairness and hardship involved when an accused is prosecuted in a remote place." The founders were so concerned with the location of a criminal trial that they placed the venue requirement, which is "principally a protection for the defendant,", in the Constitution in two places. See U.S. Const. art. III, § 2, cl. 3 and amend. VI.[2]

### A.      There is No Essential Conduct in this District

The Government's Opposition retreads its losing arguments for venue from *United States v. Auernheimer*. It hasn't alleged any essential conduct, to say nothing of circumstantial conduct, by the Defendant in the District of Columbia. It tries to argue that Mr. Sterlingov had preexisting duties as a business operator in the District of Columbia, as a way of haling Mr. Sterlingov from Sweden into D.C., but the Indictment doesn't allege a single particular business transaction in D.C. by Mr. Sterlingov, nor any course of conduct constituting doing business in D.C. or anywhere else.[3] Without any essential conduct in the District of Columbia, venue is unconstitutional:

> In performing our venue inquiry, we must be careful to separate "essential conduct elements" from "circumstance element[s]." Rodriguez-Moreno, 526 U.S. at 280 & n.4. For example, in Cabrales the Supreme Court considered whether venue for money laundering activities was proper in Missouri. 524 U.S. at 4. The laundered proceeds were generated by illegal narcotics sales in Missouri, but all acts constituting the money laundering offense took place in Florida. Id. The Court held that venue was improper in Missouri. Id. at 10. The Supreme Court, later reflecting on Cabrales, observed that the "existence of

---

[2] *United States v. Auernheimer*, 748 F.3d 525, 540 (3d Cir. 2014) (citations omitted).
[3] (*See* Second Decl. of E. Garland, attached as Ex. A.).

> criminally generated proceeds" was only a "circumstance element" of money laundering. Rodriguez-Moreno, 526 U.S. at 280 n.4. Although it was an element of the crime that the Government had to prove to the jury, it was a "circumstance element" because it was simply a fact that existed at the time that the defendant performed her laundering acts. Only "essential conduct elements" can provide the basis for venue; "circumstance elements" cannot. United States v. Bowens, 224 F.3d 302, 310 (4th Cir. 2000).[4]

The Government cannot hang venue on its "sting" operation because of the simple fact there is no particular allegation or evidence that anyone else besides the Government was aware of the Government's alleged account transfers, which in and of themselves weren't criminal.

### B.    Venue for any Federal Criminal Trial is Unconstitutional in D.C.

The Government cites no dispositive case on the constitutionality of federal criminal venue in the District of Columbia. Instead, it turns to originalist parsings of the meaning of the words "state" and "district".

The issue with the Government's originalist tack is that the Framers of 1787 and the Bill of Rights rejected a general federal police power. It only begins to emerge during Reconstruction, after creation of the Department of Justice to enforce federal law under the 14th Amendment. Congress does not even grant the United State Supreme Court power to hear criminal appeals until the end of the 19th century. And it is not until the 20th century that courts' expansive readings of the Constitution's interstate commerce clause create a general

---

[4] *United States v. Auernheimer*, 748 F.3d 525, 533 (3d Cir. 2014).

federal police power by making all crimes economic - contrary to the original Framers' intent.[5] Originalist readings cannot usurp the plain text of Article III and the Sixth Amendment.

Nor can recourse be had, as the Government tries, to Article III's grant of congressional venue power. The Bill of Rights is a further restriction on federal power, the price extracted for ratification of the Constitution of 1787 by those fearing an abusive federal police power. The Sixth Amendment restricts the scope of Article III's grant of constitutional criminal venue to "the state and district wherein the crime shall have been committed." The District of Columbia is not a state, and venue in the District of Columbia is unconstitutional under a plain textual reading of Article III and the Sixth Amendment. The Government cites no case holding otherwise.

Finally, the Government's appeal to the concept of vicinage cannot save it, as the concept of vicinage is for the benefit of the Defendant, not the Government. Mr. Sterlingov, a citizen of Sweden and resident of Gothenburg, Sweden since moving there when he was 14, is far from his vicinage and a jury of his peers.

This Court should dismiss the Indictment because it is constitutionally defective as to venue.

## II.     The Indictment Violates Due Process

The Superseding Indictment's conspiracy count is a last-minute addition not present in the Criminal Complaint or original Indictment. The count names no co-conspirators, and its

---

[5] *See, e.g*, *Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019); *Taylor v. United States*, 579 U.S. 301, 306 (2016)

predecessors provide no factual basis for the new conspiracy charge; nor does the discovery provide any evidence of a conspiracy.

The Indictment fails to provide notice of what Mr. Sterlingov must defend against. This lack of notice invites surprise at trial and does not foreclose future double jeopardy because of the unclear scope of the charged crimes.

Outside the four corners of the Superseding Indictment the Government primarily bases its case on a 2011 website registration, its solo sting operation, and junk forensics. To date it has not identified a single criminal act tied to Mr. Sterlingov and fights every request that it state its case clearly. Mr. Sterlingov faces a potential life sentence. The Constitution requires the Government plead its case so he knows what he is defending against. They've failed to do so, and thus this Court should dismiss the Superseding Indictment.

## III.     The Statute of Limitations on all Counts has Run

The Government had ample time over the course of its seven-year investigation to charge crimes within the Statute of Limitations. It's refusal to provide factual particularity as to the elements of the charged crimes allow it to thwart the Statute of Limitations by making vague and ambiguous allegations of continuous conduct without identifying any of that conduct with particularity.

## IV. The First Amendment Applies to Defendant's Speech and Internet Access

The Government's prosecution touches on core areas of protected speech. For instance, the text on the clearnet website www.bitcoinfog.com cannot sustain a criminal conviction under First Amendment incitement law. And because the First Amendment applies to accessing information as well as the publication of information, to the extent that the Government criminalizes Mr. Sterlingov accessing the internet they implicate the First Amendment. And there is an argument that computer code, as a form of information, is protected speech. But because of the Government's bare bones Indictment, Mr. Sterlingov is not on notice on how to defend himself with the First Amendment.

## Conclusion

Nothing happened in the District of Columbia that constitutionally justifies venue. For all its paper and terabytes of data, the Government is unable to make a clear and concise factual statement of its case that puts Mr. Sterlingov on notice of what he must defend against, prevents surprise at trial, and forecloses future double jeopardy. The Court should grant Mr. Sterlingov's Motion to Dismiss. In the alternative this Court should grant a hearing.

Dated: September 7, 2022
New York, New York

                                              Respectfully submitted,

                                              /s/ Tor Ekeland
                                              Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

/s/ Marina Medvin, Esq.
Counsel for Defendant
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com


*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of September 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov