**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| UNITED STATES OF AMERICA, |
| v. |
| ROMAN STERLINGOV, |
| *Defendant.* |

Criminal Action No. 21-399 (RDM)

## <u>ORDER</u>

Defendant Roman Sterlingov has been charged with money laundering, operating an unlicensed money transmitting business, and money transmission without a license, all in relation to his alleged operation of a Bitcoin mixer known as Bitcoin Fog. Dkt. 43. Sterlingov, a dual citizen of Sweden and Russia, Dkt. 1-1 at 1, was arrested on April 27, 2021, in Los Angeles, California, when he arrived at Los Angeles International Airport, Dkt. 5. Magistrate Judge Paul L. Abrams of the United States District Court for the Central District of California ordered that Sterlingov be detained pending trial, Dkt. 17-1 at 5, and this Court previously denied Sterlingov's motion to revoke that order, Dkt. 17. *See United States v. Sterlingov*, 573 F. Supp. 3d 28 (D.D.C. 2021). Sterlingov now moves for reconsideration of this Court's decision, Dkt. 47, requesting that he be released to "his cousin in Massachusetts, or in the alternative, to his defense counsel Tor Ekeland," *id.* at 19.

In its previous memorandum opinion and order, the Court considered the 18 U.S.C. § 3142(g) factors and determined that they weighed in favor of continued detention. *Sterlingov*, 573 F. Supp. 3d at 34. In particular, the Court noted that, "given the vast sums of money that Bitcoin Fog allegedly processed, Sterlingov's potential sentence is sufficiently lengthy to create

1

a substantial incentive to flee." *Id.* at 36.  As to the weight of evidence against Sterlingov,

moreover, the Court emphasized that "[t]he government has offered substantial evidence [both]

that Sterlingov was Bitcoin's founder" and that "millions of dollars from darknet marketplaces"

could be traced "to and from Bitcoin Fog." *Id.* at 36–37.  Although the Court did not find that

"Sterlingov's release would directly endanger the community," *id.* at 39, the Court concluded

that the "history and characteristics of the defendant"—including his "lack of meaningful ties to

the United States," his likely access to "additional funds that the government has yet to identify,"

and his "demonstrated familiarity with the darknet"—weighed in favor of Sterlingov's continued

detention, *id.* at 38.  Sterlingov now asks the Court to revisit that conclusion.[1]

In support of his motion for reconsideration, Sterlingov argues, first, that the Court must

find by "clear and convincing evidence" that an individual is a flight risk under 18 U.S.C.

§ 3142(e)(1).  Dkt. 47 at 10.  But the cases Sterlingov cites for this proposition are from the D.C.

Court of Appeals (not the U.S. Court of Appeals for the D.C. Circuit) and are therefore not

controlling in this district.  *See id.* (citing, among other cases, *Kleinbart v. United States*, 604

A.2d 861 (D.C. 1992) and *United States v. Edwards*, 430 A.2d 1321 (D.C. 1981)).  The D.C.

Circuit has made clear that "[a] determination that an individual is a flight risk must be

supported" only by a "preponderance of the evidence."  *United States v. Vasquez-Benitez*, 919

---

[1] Sterlingov asks, in the alternative, "for a pretrial detention hearing where he can present evidence of the Government's erroneous, speculative, and wishful blockchain analysis and rebut the Government's baseless allegations." Dkt. 47 at 6.  The government does not object to such a hearing, "[t]o the extent the defendant proposes to present his own witnesses," rather than to cross-examine the government's witnesses.  Dkt. 50 at 1 n.1.  In his reply, Sterlingov suggests that he wishes to "confront his accusers" at a pre-trial hearing and to undermine "the Government's case," Dkt. 55 at 5; *id.* at 6, rather than to call his own witnesses to testify as to the 18 U.S.C. § 3142(g) factors.   Because a detention hearing is not the proper forum for Sterlingov to preview the government's evidence against him, the Court will, for the time being, deny Sterlingov's request for such a hearing.

F.3d 546, 551 (D.C. Cir. 2019); *see also United States v. Vortis*, 785 F.2d 327, 328–29 (D.C. Cir.

1986) (per curiam).   And although Sterlingov seeks to distinguish the D.C. Circuit's decision in

*Vasquez-Benitez* on the grounds that it "uses a civil preponderance of the evidence standard from

civil immigration issues," Dkt. 47 at 12, the decision clearly applies the preponderance standard

to the review of a district court's decision not to detain a criminal defendant under the Bail

Reform Act, *see Vasquez-Benitez*, 919 F.3d at 550–51.

Sterlingov also asks the Court to revisit the "weight of evidence against [him]," 18 U.S.C.

§ 3142(g)(2), arguing that the government's evidence relies on "a decade-old DNS registration

and a faulty blockchain analysis."  Dkt. 47 at 16.  In particular, Sterlingov takes issue with the

Government's blockchain analysis, which is, in his view, flawed because (1) "there appears to be

no authentication of the 'clusters' used to track transactions;" (2) "whoever conducted the

analysis did not understand the technical particulars of blockchain analysis;" and (3) "there

appears to be a serious conflict of interest between Excygent and Chainalysis, the contractors

that conducted the blockchain analysis."  Dkt. 47 at 16–17.  In support, Sterlingov submits two

declarations by proposed experts, which seek, respectively, to undermine the validity of the

Government's blockchain analysis, Dkt. 47-1 at 7 (Vickery Decl.), and to draw attention to the

fact that "a foreign-financed, for-profit entity is an investigative partner in a criminal case

again[st] the potential market rivals of that entity's customers or investors," Dkt. 47-2 at 7

(Garland Decl. ¶ 25).

The Court is unconvinced that Sterlingov's largely conclusory assertions about the

"errors" of the government's forensic analysis, Dkt. 47 at 5, lessen the weight of the

government's evidence at this stage of the proceeding.  Notably, Sterlingov's arguments about

the validity of the government's blockchain analysis do nothing to undermine the Court's

determination that the "[t]he government has offered substantial evidence that Sterlingov was Bitcoin Fog's founder," that "some of Bitcoin Fog's earliest transactions" can be traced to Sterlingov, and that "[t]here seems to be little dispute . . . on the present record[] that Bitcoin Fog failed to register with the federal authorities or obtain a license from the District of Columbia, as required by 18 U.S.C. § 1960(a) and D.C. Code § 26-1023(c), respectively." *Sterlingov*, 573 F. Supp. 3d at 36 (internal quotation marks omitted).  The Court thus remains persuaded that the weight of the evidence supports pretrial detention, notwithstanding the fact that the evidence is undoubtedly incomplete at this early stage.

Lastly, the Court notes that one of Sterlingov's lawyers, Tor Ekeland, now offers to house and supervise Sterlingov, Dkt. 47 at 8–9, in addition the previously outstanding offer from Sterlingov's cousin in Massachusetts, *see Sterlingov*, 573 F. Supp. 3d at 37.  But the possibility of Sterlingov living with his defense counsel does not quell the Court's concerns as to Sterlingov's lack of meaningful ties to the United States or his apparent access to substantial funds, which he could use to flee the country should he be released.  *See id.* at 38.  The government represents, moreover, that since the Court's previous decision as to Sterlingov's detention, it has identified "even more accounts held by the defendant that [he] has not disclosed." Dkt. 50 at 29 (emphasis omitted).  Sterlingov's failure to disclose all of his assets at the time that he sought court-appointed representation continues to trouble the Court and suggests that "Sterlingov has additional funds that the government has yet to identify, which could be available to fund an effort to flee the country." *Sterlingov*, 573 F. Supp. 3d at 38.

None of the arguments Sterlingov raises in his motion for reconsideration change the Court's conclusion that three of the four factors in 18 U.S.C. § 3142(g) weigh in favor of pretrial

detention.  The Court, accordingly, once again concludes that no conditions or combination of conditions will reasonably assure the appearance of Sterlingov as required.

## CONCLUSION

For the foregoing reasons, Sterlingov's motion for reconsideration, Dkt. 47, is **DENIED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  October 5, 2022

5