**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   *Plaintiff*,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>   *Defendant*. | **21-CR-399 (RDM)**<br><br>**Defendant's Motion for Attorney-Directed Voir Dire** |

## Introduction

Voir Dire is the only time the Court and attorneys can speak directly to prospective jurors. Voir Dire gives the Court and the parties the opportunity to discover conscious or subconscious preconceptions, biases, or other facts. The process is critical to the selection of a fair and impartial jury. Thus, this Court should grant attorney-directed voir dire and allow the attorneys to directly question the venire.

## Argument

This Court should exercise its discretion under Federal Rule of Criminal Procedure 24(a)(1) and grant attorney-directed voir dire. Adequate time for voir dire is necessary for the intelligent and effective exercise of challenges. *Swain v. Alabama*, 380 U.S. 202, 218-219 (1965), *overruled on other grounds; Batson v. Kentucky*, 476 U.S. 70 (1986), *see also, In Re Commitment of Hill*, 334 S.W.3d 226, 228 (Tex.2011)(per curiam)("Litigants have the right to question potential jurors to discover biases and to properly use preemptory

challenges.")[citation omitted]. The Federal Rules of Criminal Procedure specifically grant the Court the authority to permit attorneys to examine prospective jurors. FED. R. CRIM. P. 24(a)(1).

The Court and attorneys have competing when it comes to voir dire. The attorneys want to zealously represent their clients and find out everything which could possibly be discovered. The Court is interested in conducting an efficient jury selection that does not unnecessarily invade the private lives of prospective jurors.

Balancing those competing interests, the American Bar Association has promulgated standards for Jury Selection. *ABA Jury Project Standards*, Principal 11, at pp. 67-68. The ABA recommends in 11.B that:

1. Questioning of jurors should be conducted initially by the court, and should be sufficient, at a minimum to determine the jurors' legal qualification to serve in the case.

2. Following initial questioning by the court, each party should have the opportunity, under the supervision of the court and subject to reasonable time limits, to question jurors directly, both individually and as a panel.

3. Voir dire should be sufficient to disclose grounds for cause and to facilitate intelligent exercise of preemptory challenges.

4. Where there is reason to believe that jurors have been previously exposed to information about the case, or for other reasons are likely to have preconceptions concerning it, the parties should be given liberal opportunity to question jurors individually about the existence and extent of their knowledge and preconceptions.

5. It is the responsibility of the court to prevent abuse of the juror selection examination process. *ABA Jury Project Standards*, Principal 11.B.1-5, p. 67.

Limiting the amount of time or not permitting attorneys to question at all erodes the

ability of counsel to intelligently exercise the right to challenge or strike. *Press-Enter. Co. v. Superior Court of California, Riverside County*, 464 U.S. 501, 522, n. 2 (1984)(J. Marshall, concurring op.) *citing Babcock,* Voir Dire: Preserving "Its Wonderful Power", 27 STAN L. REV. 545 (1975)(limiting voir dire examination undercuts the ability of litigants to utilize fully the right to a jury trial and works to the relative disadvantage of the poor litigants who lack the resources to use other means to gather information about potential jurors).

The ABA concludes that voir dire by the judge, augmented by attorney-conducted questioning, is significantly fairer to the parties and more likely to lead to the impaneling of an unbiased jury than is voir dire conducted by the judge alone. A simple perfunctory examination by a judge does not 'reveal preconceptions or unconscious bias.'" ABA Jury project Standards, c. Principle 11.B at p. 74 *citing Dingle v State*, 759 A.2d 819, 828-29 (Md. 2000); *see also, Durbin v. Nourse*, 664 F.2d 1109, 1115 (9th Cir. 1981); *State v. Ball*, 685 P.2d 1055, 1058 (Utah 1984).

Mr. Sterlingov seeks sufficient time to question the potential jurors given that he is facing a potential sentence of fifty years to life. The goal is to discover information important to the intelligent exercise of peremptory strikes and to make appropriate challenges for cause. This case involves complex and intricate issues involving cryptocurrency, computer law, and heuristic blockchain analysis methodologies. With cryptocurrency constantly being in the news, and a book coming out in November discussing this prosecution and the blockchain analysis at issue here, attorney-directed voir dire is necessary to discover any potential biases.

Mr. Sterlingov seeks attorney-directed voir dire of sufficient time to allow him to fully exercise his rights.

### Thorough Voir Dire Avoids Juror Dishonesty

A 1991 study determined that attorney-directed voir dire avoided juror dishonesty. Researchers observed jury selection for 31 criminal trials, interviewed 190 jurors after the trials were over, and asked many of the same questions jurors had answered during voir dire. About one-quarter (1/4) indicated during the post-trial interviews that they or a family member had been a crime victim: information that they had not revealed in voir dire. Almost thirty percent (30%) told interviewers they knew someone in law enforcement but had failed to reveal this in court. *See*, Richard Seltzer, Mark A. Venuti and Grace M. Lopes, *Juror Honesty During the Voir Dire*, JOURNAL OF CRIMINAL JUSTICE, Vol. 19, pp. 451-462 (1991). Jury dishonesty distorts the process and poses a real danger to both sides. The only solution is to provide sufficient time for the attorneys in the case to examine the prospective jury.

Allowing this process will significantly contribute to an impartial jury and a fair trial for the Government and the Defendant.

### Attorney-Directed Voir Dire is More Effective Than Judge-Directed Voir Dire

Empirical studies show that potential jurors are more candid with attorneys than with judges. The study conducted by Seltzer, et al., reviewed short (under an hour) judge-led voir dire. *Id*. That study revealed significant juror dishonesty regarding matters important to the litigants. *Id*. For example, whether a juror was a victim of a crime or knew someone in law enforcement; this information was not revealed in a criminal trial. *Id*.

Another study directly examined jury candor in 1987. *See*, Susan E. Jones, Judge-versus Attorney-Conducted Voir Dire, An Empirical Investigation of Juror Candor, LAW AND HUMAN BEHAVIOR, Vol. 11, No. 2, pp. 131-146 (1987). The study found jurors less likely to be candid when asked questions by judges. This peer-reviewed study used a straightforward methodology.

One hundred and sixteen (116) eligible jurors filled out written questionnaires about their attitudes on the legal system. Then they were brought into the courtroom for voir dire sessions conducted by persons with legal backgrounds playing the roles of judge and attorneys. The mock jurors were asked the same questions they had answered earlier in the questionnaires. Researchers noted any difference in jurors' responses.

     The study found that potential jurors were nearly twice as likely to change their answers in the courtroom when questioned by a judge as when questioned by a lawyer. Women were somewhat more likely to change their answers than men. Even three ministers who participated in the sessions changed their answers significantly. Across the board, the mock jurors were more candid about their attitudes and beliefs when the lawyers conducted voir dire.

     Researchers concluded that the mock jurors tried to supply the answer they believed the judge wanted to hear – the one they believed to be the most socially acceptable – rather than their true belief. This was an attempt to conform to a perceived judicial standard. Therefore, they shifted from moderate attitudes to more conservative ones.

     The fundamental issue is the status of the judge, not the judges' ability to ask questions. The bench, robe, and demeanor of the court are visible signs of authority and carry a higher status than the lawyers in the case.

     The respect jurors have for the position of judge - and most show great deference to the court - does not make potential jurors more forthcoming when talking to a judge. On the contrary, that respect creates a desire to please the judge and to avoid embarrassment by conforming to a perceived notion of what is socially acceptable. This type of modification of the response seriously curtails the ability of the litigants to obtain a fair and just verdict.

## The Simple Solution is to Permit Attorney-Directed Voir Dire

Defendant's request will further the goal of a fair and impartial trial. This is a complex case involving cryptocurrency, computer law and heuristic blockchain analysis methodologies, and is being tried in the wake of several well publicized crypto cases – all of which members of the jury may have strong opinions and bias. Attorney-directed voir dire ensures that all parties receive the fair and impartial trial that they are guaranteed by the Constitution.

This motion does not seek to restrict the amount of time that the Judge spends examining potential jurors in voir dire. Rather, it seeks permission to allow the attorneys to conduct the voir dire because the attorneys are in the best position to examine the possible bias and prejudice of the potential jurors given their extensive knowledge of the facts which are to be considered by the jury.

## Conclusion

This Court should grant Mr. Sterlingov's request for attorney-directed voir dire under Federal Rule of Criminal Procedure 24(a)(1). Studies addressing this question have revealed that attorney-led voir dire is critical to discovering the true outlooks, values and prejudices of potential juries. The right to trial by jury is supported by allowing attorney-directed voir dire of a meaningful amount of time. Plaintiff requests that this Court grant this motion.

Dated: October 24th, 2022
New York, New York

        Submitted,

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        /s/ Marina Medvin, Esq.
        Counsel for Defendant
        MEDVIN LAW PLC
        916 Prince Street
        Alexandria, Virginia 22314
        Tel:  888.886.4127
        Email: contact@medvinlaw.com

        *Attorneys for Defendant Roman Sterlingov*

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | **21-CR-399 (RDM)**<br><br>**Proposed Order for Defendant's Motion for Attorney-Directed Voir Dire** |

# PROPOSED ORDER

AND NOW, this ____ day of _____, 2022 upon consideration of the within Motion, it is hereby DECREED that Defendant's Motion for Attorney-Directed Voir Dire is GRANTED. It is ORDERED that Jury Selection in this case will be conducted pursuant to Fed. R. Crim. Pro. 24(a)(1) and that voir dire may be conducted by the attorneys.

Dated: _____  
Washington, D.C.                        _____  
                                        HON. RANDOLPH D. MOSS  
                                        UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the 24st day of October 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail and mail delivery via first class mail:

/s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov