UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE THE DEFENSE FROM CALLING THE PROSECUTOR AS A WITNESS FOR THE DEFENSE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court *in limine* to preclude the defense from calling the prosecutor as a defense witness. In support whereof, the government states as follows:

**ARGUMENT**

I.   **Factual Background**

One of the undersigned attorneys for the government, Trial Attorney Pelker, was previously employed as an FBI Intelligence Analyst (IA). Beginning in 2014, while working in the FBI Money Laundering Intelligence Unit at FBI Headquarters, then-IA Pelker was involved in early investigation into Bitcoin Fog. IA Pelker's role in the Money Laundering Intelligence Unit involved identifying top money laundering facilitation platforms and referring them to FBI field offices for potential further investigation. Headquarters analysts were not assigned to the field offices and were not typically members of the case teams or involved in the day-to-day case work, though they were available for consultation on particular issues as needed. IA Pelker's initial assessment of Bitcoin Fog primarily involved open-source research: reviewing the Tor-based site for Bitcoin Fog; conducting further open-source research on sites such as BitcoinTalk.org, Twitter, and DeepDotWeb (a site publicizing illicit darknet markets); researching domain registration

information for Bitcoin Fog's informational clearnet website, bitcoinfog.com; and other similar tasks. IA Pelker authored an "Intelligence Note" describing these initial findings, and cross-referencing law enforcement reporting indicating that Bitcoin Fog was being used or recommended by a variety of criminal actors, including users of a child sexual abuse material website, Silk Road users, and the operator of "Assassination Market," which provided a platform for users to contribute bitcoin toward a bounty on the head of any government official. The matter was then referred from FBI Headquarters to FBI Philadelphia, which opened a full investigation; the case was subsequently transferred to FBI Washington Field Office. Following the case opening, IA Pelker provided limited support to the case team, namely by engaging in preliminary blockchain analysis, showing (as of 2015) that Bitcoin Fog executed a considerable volume of transactions involving Tor-based darknet markets. IA Pelker's position as an FBI analyst ended in 2016, when she joined the Department of Justice's Computer Crime and Intellectual Property Section as an Honors Attorney.

Relevant FBI reports and records, including the "Intelligence Note" described above, were produced to the defendant in discovery. The government does not plan to introduce any of these records involving then-IA Pelker as evidence at trial.

On September 12, 2022, defense counsel emailed the government with the following demand, among others: "Ms. Pelker is a material fact witness in this case and we are going to subpoena her testimony. We give you a final opportunity to have her withdraw from this case as a prosecutor before we raise the issue with the court."

The government responded by letter on September 17, 2022 to this and other topics raised by the defense, stating in relevant part:

> With respect to your statement that "Ms. Pelker is a material fact witness," please provide further detail, including the scope and substance of any testimony you

2

would propose to elicit from her as a defense witness, the legal basis for your belief that the defense could permissibly call a prosecutor as a witness, and the legal basis for your belief that she is unable to serve as counsel for the government. We note that you frame your inquiry as the "final opportunity," but you have only raised this issue once in passing (months ago) and have never before asked for Ms. Pelker's withdrawal.

Defense counsel has not responded to the government's September 17, 2022 letter.

## II. The Defendant Cannot Show that Testimony from a Prosecutor Is Vital to His Case and Cannot Be Obtained from Another Source

A defendant seeking to call a prosecutor to testify at his trial "must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991); *accord United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997); *United States v. Ashman*, 979 F.2d 469, 494 (7th Cir. 1992); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982); *United States v. Troutman*, 814 F.2d 1428, 1440 (10th Cir. 1987). "Requests for such testimony are disfavored." *Watson*, 952 F.2d at 986. In order to establish a compelling need, courts require the defendant to exhaust all other sources of evidence for the information sought to be elicited from the prosecutor's testimony. *See United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) ("[A] United States Attorney who participates in prosecuting a case should not be called as a witness 'unless all other sources of possible testimony have been exhausted[.]'") (quoting *United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974)). As one district court explained in denying such a request: "The law does not liberally permit a defendant to call a prosecutor as a witness. On the contrary, a defendant must demonstrate a compelling and legitimate need to do so. Where witnesses other than the prosecutor can testify to the same matters or conversations, no compelling need exists." *United States v. Wallach*, 788 F. Supp. 739, 743-44 (S.D.N.Y. 1992) (internal citations omitted).

would propose to elicit from her as a defense witness, the legal basis for your belief that the defense could permissibly call a prosecutor as a witness, and the legal basis for your belief that she is unable to serve as counsel for the government. We note that you frame your inquiry as the "final opportunity," but you have only raised this issue once in passing (months ago) and have never before asked for Ms. Pelker's withdrawal.

Defense counsel has not responded to the government's September 17, 2022 letter.

## II. The Defendant Cannot Show that Testimony from a Prosecutor Is Vital to His Case and Cannot Be Obtained from Another Source

A defendant seeking to call a prosecutor to testify at his trial "must demonstrate that the evidence is vital to his case, and that his inability to present the same or similar facts from another source creates a compelling need for the testimony." *United States v. Watson*, 952 F.2d 982, 986 (8th Cir. 1991); *accord United States v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997); *United States v. Ashman*, 979 F.2d 469, 494 (7th Cir. 1992); *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982); *United States v. Troutman*, 814 F.2d 1428, 1440 (10th Cir. 1987). "Requests for such testimony are disfavored." *Watson*, 952 F.2d at 986. In order to establish a compelling need, courts require the defendant to exhaust all other sources of evidence for the information sought to be elicited from the prosecutor's testimony. *See United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) ("[A] United States Attorney who participates in prosecuting a case should not be called as a witness 'unless all other sources of possible testimony have been exhausted[.]'") (quoting *United States v. Torres*, 503 F.2d 1120, 1126 (2d Cir. 1974)). As one district court explained in denying such a request: "The law does not liberally permit a defendant to call a prosecutor as a witness. On the contrary, a defendant must demonstrate a compelling and legitimate need to do so. Where witnesses other than the prosecutor can testify to the same matters or conversations, no compelling need exists." *United States v. Wallach*, 788 F. Supp. 739, 743-44 (S.D.N.Y. 1992) (internal citations omitted).

A defendant, moreover, should not be allowed to seek a prosecutor's testimony as a tactical ploy attempting to trigger the prosecutor's withdrawal or disqualification from the case. "The government has a substantial interest in not allowing its prosecutors to testify because doing so generally requires disqualification of the prosecutor. . . . Such disqualifications would, of course, be tremendously inefficient and disruptive to the prosecution of criminal cases." *United States v. Wooten*, 377 F.3d 1134, 1142 (10th Cir. 2004); *see also Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 501 F. Supp. 326, 331 & n.19 (D.D.C. 1980) (noting that "motions for disqualification have increasingly been used for strategic litigation advantage," and explaining that "[a] party cannot disqualify its opponent's attorneys simply by threatening to call them as witnesses").[1]

Here, the defendant cannot satisfy, at either step, the stringent standard for calling a government prosecutor to testify. First, the defendant cannot show that any prospective testimony from Trial Attorney Pelker would be favorable, let alone "vital to his case." *Watson*, 952 F.2d at 986. And second, the defendant cannot show that he is unable to "present the same or similar facts from another source," *id.*, or that he has "exhausted" "all other sources of possible testimony," *West*, 680 F.2d at 654.

As described above, then-IA Pelker's involvement in the Bitcoin Fog investigation was limited to open-source research, analysis, and review of law enforcement records. IA Pelker was not a percipient witness to any unique occurrence in the investigation, such as physical surveillance, undercover transactions, or witness interviews. The government is not planning to introduce or rely upon any records relating to IA Pelker's involvement in the investigation. There

---

[1] The government does not here concede that the defense calling Trial Attorney Pelker to testify in the defense case would necessarily disqualify her from continuing to represent the United States at trial, and reserves its arguments on that point in the event the Court denies this motion.

4

is nothing unique, moreover, about any of the records IA Pelker reviewed or the analysis she conducted; the government expects to address the same general subject matter in testimony by one or more government case agents and its blockchain analysis experts, who will be available for cross-examination by the defense.  Finally, IA Pelker's involvement as an analyst occurred very early in the investigation and terminated no later than 2016.

The defendant has failed to articulate any basis for calling Trial Attorney Pelker as a defense witness—and has as yet refused to answer questions posed by the government about the expected scope and substance of any testimony the defense would seek to elicit from her.  Instead, the defendant's expressed intent to subpoena Trial Attorney Pelker as a witness appears motivated solely by a hope that she will thereby be disqualified from prosecuting this case.  The Court should not indulge this litigation tactic.

Accordingly, the Court should preclude the defendant from calling Trial Attorney Pelker as a witness for the defense.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude the defendant from calling Trial Attorney Pelker as a witness for the defense.

                Respectfully submitted,
                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
                Christopher B. Brown, D.C. Bar No. 1008763
                Assistant United States Attorney
                U.S. Attorney's Office for the District of Columbia
                601 D Street, N.W.
                Washington, D.C. 20530
                (202) 252-7153
                Christopher.Brown6@usdoj.gov

                */s/ C. Alden Pelker*
                C. Alden Pelker, Maryland Bar
                Trial Attorney, U.S. Department of Justice
                Computer Crime & Intellectual Property Section
                1301 New York Ave., N.W., Suite 600
                Washington, D.C. 20005
                (202) 616-5007
                Catherine.Pelker@usdoj.gov