UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
CERTAIN IMPERMISSIBLE DEFENSE ARGUMENTS AND EVIDENCE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves this Court *in limine* to preclude impermissible argument, introduction of evidence, cross-examination, or comment regarding certain subject areas. In support whereof, the government states as follows:

**ARGUMENT**

**I.   Legal Framework**

Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence;" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

Rule 403 permits a court to exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* advisory committee's note.

Rule 611(b) provides that "[c]ross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). "The

district court enjoys wide discretion to control cross-examination. It may disallow cross-examination that is repetitive, irrelevant, unduly prejudicial, collateral to the issues in the trial, or outside the scope of direct examination." *Harbor Ins. Co. v. Schnabel Found. Co.*, 946 F.2d 930, 935 (D.C. Cir. 1991).

## II. Jury Nullification Arguments

"[F]ederal courts have uniformly recognized the right and the duty of the judge to instruct the jury on the law and the jury's obligation to apply the law to the facts, and that nullification instructions should not be allowed." *United States v. Childress*, 746 F. Supp. 1122, 1140 (D.D.C. 1990), *aff'd*, 58 F.3d 693 (D.C. Cir. 1995). "A jury has no more '*right*' to find a 'guilty' defendant 'not guilty' than it has to find a 'not guilty' defendant 'guilty,' and the fact that the former cannot be corrected by a court, while the latter can be, does not create a right out of the power to misapply the law. Such verdicts are lawless, a denial of due process and constitute an exercise of erroneously seized power." *United States v. Washington*, 705 F.2d 489, 494 (D.C. Cir. 1983) (affirming district court's denial of jury nullification instruction).

Evidence that only supports a jury nullification argument or verdict has no relevance to guilt or innocence. *See United States v. Gorham,* 523 F.2d 1088, 1097-98 (D.C. Cir. 1975), *supplemented*, 536 F.2d 410 (D.C. Cir. 1976). In *Gorham*, the D.C. Circuit affirmed the district court's refusal to admit evidence "of no legal import" that might have led the jury to engage in jury nullification. *Id.* at 1098.

The government moves to exclude any argument, evidence, or questioning that is not relevant to a legal defense or an element of the charged crimes or that "encourage[s] jurors to exercise" jury nullification. *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993); *see also United States v. Anderson*, 716 F.2d 446, 450 (7th Cir. 1983) (upholding district court's

refusal to issue instruction, "which would encourage a jury to acquit 'under any circumstances' regardless of the applicable law or proven facts"). While the government cannot anticipate every potential argument or evidence that is irrelevant or invites jury nullification, it specifically moves to exclude the following arguments and evidence, which—based on arguments raised in the defense motions and other communications sent by the defense—the government anticipates the defense may seek to raise or present at trial.

### A. Selective Prosecution

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong,* 517 U.S. 456, 463 (1996). The defendant "has to prove both that he was singled out for prosecution among others similarly situated *and* that the decision to prosecute was improperly motivated. . . . To show improper motivation, appellant has to establish that the selection was deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification." *United States v. Mangieri*, 694 F.2d 1270, 1273 (D.C. Cir. 1982) (internal quotations omitted; emphasis in original). A court, not a jury, rules on selective prosecution claims. *Washington*, 705 F.2d at 495.

The Court should preclude any argument or evidence relating to selective prosecution.

### B. Government's Charging Decision and Motivation for Prosecuting the Case

The government's decision "to initiate charges and to identify which charges to bring—lie squarely within the ken of prosecutorial discretion." *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016). Prosecutorial discretion extends to the decision "as to whom to prosecute." *Wayte v. United States*, 470 U.S. 598, 607 (1985). "Several circuits have unanimously upheld the exclusion of evidence of prior charging decisions on the ground that many factors

3

unrelated to guilt may influence those decisions and their admission therefore risks misleading the jury and confusing the issues." *United States v. Reed*, 641 F.3d 992, 993 (8th Cir. 2011) (collecting cases).  The Government's decision to prosecute specific individuals, as well as the decision to not prosecute others, is not a proper consideration for a jury.  *See, e.g., United States v. Re*, 401 F.3d 828, 833 (7th Cir. 2005) (prohibiting cross-examination about government's decision not to prosecute someone other than defendant); *United States v. Goldfarb*, 2012 WL 1831508, at *2 (D. Ariz. May 18, 2012) (precluding "the parties from using evidence of the government's charging decisions to establish, directly or indirectly, Defendant's guilt or innocence").  By the same token, allegations about the government's motivation for bringing the prosecution, or the subjective intentions or motivations of government agents, are irrelevant to determining the factual guilt or innocence of a defendant and should be excluded.  *See, e.g.*, *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979) (affirming exclusion of defense allegation that indictment was a "political instrument" as "extraneous and collateral matter[] unrelated to the particular drug transactions" at issue in trial); *United States v. Goulding*, 26 F.3d 656, 667 (7th Cir. 1994) (noting that district court was correct to exclude "inquiry into the mental states of the investigating officers" with respect to entrapment defense because "such evidence was irrelevant").

The Court should preclude defense counsel from eliciting evidence or commenting on the government's decision to bring charges in this case, or the motivations of individual attorneys or government personnel in investigating and prosecuting the case.  This would include the defendant's baseless allegations about "fantasy, career-motivated prosecution," ECF No. 48, at 17, a "conflict of interest at the root of the forensic investigation in this case, a conflict of interest

4

between profit and justice," *id.* at 10,[1] or that anyone in the prosecution team somehow stands to profit from a forthcoming book by journalist Andy Greenberg, ECF No. 55, at 6, and so forth.

### C. *Ad Hominem* Arguments about Government Counsel

"Defense counsel, like his adversary, must not be permitted to make unfounded and inflammatory attacks on the opposing advocate." *United States v. Young*, 470 U.S. 1, 9 (1985). The Court should preclude defense counsel from seeking to introduce personal details, make arguments about the individual attorneys involved in the case, or advance other *ad hominem* attacks on current or former members of the prosecution team—such as the irrelevant personal details relating to current and former government counsel advanced in the defendant's Reply in support of his motion for reconsideration of pretrial detention, ECF No. 55, at 4-6, or the false accusation that government counsel have been "selling" information about the case to members of the new media.[2]

### D. Claims of Government Misconduct

Claims of government misconduct are a question of law for the Court to decide. *See, e.g., United States v. Cuervelo*, 949 F.2d 559, 567 (2d Cir. 1991). The jury should not consider any evidence related to alleged government misconduct. *See United States v. Gleason*, 980 F.2d 1183, 1185 (8th Cir. 1992). Such claims must be raised in a motion to dismiss the indictment or, if the

---

[1] The defense, of course, may seek to elicit testimony regarding possible bias of any testifying government witness if it has a good-faith basis for doing so, but it should be precluded from making generalized arguments or seeking to introduce evidence about any alleged "conflict of interest" which supposedly taints the entire investigation and is not tied to a specific witness.

[2] On September 12, 2022, defense counsel emailed a message to the government stating, among other things, that "we consider all your communications with Wired, Andy Greenberg, and anyone else you've been selling your story to the last couple of years relevant not only to this case but any litigation afterwards." Contrary to the defense accusation, the prosecution team has had no substantive communications about this case with WIRED magazine or any other media outlets and is not "selling" or otherwise profiting from information about the case.

claim arises during trial, in a post-trial motion. *See United States v. Budd*, 814 F. Supp. 4, 6 (D.D.C. 1993). The Court should preclude any evidence or argument related to alleged government misconduct.

### E. Government Resource Issues and the Length of Investigation

The defendant may claim that the government's investigation and prosecution has wasted valuable governmental resources. The expenditure of government resources has no relevance. The Court should preclude any evidence or argument referencing the government resources devoted to this case, including the length of the government's investigation.

### F. Defendant's Good Conduct or Lawful Behavior

Generally, "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, in a criminal case, the defendant "may offer evidence of the defendant's pertinent [character] trait." Fed. R. Evid. 404(a)(2)(A). "Pertinent" is "synonymous with 'relevant.'" *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982). Character traits such as honesty and truthfulness might be relevant to a fraud prosecution, for instance, but they are not relevant to the money laundering and unlicensed money transmitting business charges in this case. Further, testimony regarding any pertinent character trait is generally limited to "testimony about the person's reputation or testimony in the form of an opinion," as opposed to specific acts, where, as here, such character trait is not an "essential element" of the charged offenses. Fed. R. Crim. P. 405(a)-(b).

The Court should prohibit any evidence or argument about specific instances of good conduct by the defendant. The "use [of] specific acts circumstantially to prove lack of intent . . . is not only disfavored, it is not permitted under Rule 405(b)." *United States v. Marrero*, 904 F.2d

6

251, 260 (5th Cir. 1990); *accord United States v. Camejo*, 929 F.2d 610, 613 (11th Cir. 1991) ("Evidence of good conduct is not admissible to negate criminal intent."); *United States v. Heidecke*, 900 F.2d 1155, 1162 (7th Cir. 1990) ("Proof that a defendant acted lawfully on other occasions is not necessarily proof that he acted lawfully on the occasion alleged in the indictment."); *United States v. McMahan*, 394 F. App'x 453, 463 (10th Cir. 2010) ("Rule 405(b) forecloses a defendant from introducing evidence of specific instances of conduct to circumstantially prove their character was inconsistent with criminal intent.").

The Court should likewise preclude any testimony or argument about the defendant's "clean record." "[T]estimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a)." *Gov't of Virgin Islands v. Grant*, 775 F.2d 508, 512 (3d Cir. 1985) (finding "good reason to adhere to a more literal reading of the rule"). "A defendant may not seek to establish his innocence, however, through proof of the absence of criminal acts on specific occasions." *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990). This prohibition extends to testimony that the defendant has no prior arrests. *Grant*, 775 F.2d at 512. This is particularly so for a foreign defendant who has resided in multiple locations, and whose arrest record would be difficult to verify in any event.

### G. Potential Punishment and Other Collateral Consequences

A jury is prohibited from "consider[ing] the potential punishment which could result from a conviction." *United States v. Broxton*, 926 F.2d 1180, 1183 (D.C. Cir. 1991). A jury "ha[s] no sentencing function and should reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40 (1975). "Information regarding the consequences of a verdict is . . . irrelevant to the jury's task. Moreover, providing jurors

7

sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion." *Shannon v. United States*, 512 U.S. 573, 579 (1994).

The Court should preclude the defendant from mentioning or introducing evidence regarding the potential penalties faced by the defendant, including the possibility of imprisonment, the possible length of imprisonment if convicted, and possible monetary penalties such as fines, forfeiture, or restitution.

**H. Golden Rule Arguments**

Golden Rule arguments asking jurors to put themselves in the position of the defendant (or a victim or witness) are improper, whether used by the prosecution or defense. *See United States v. Roman*, 492 F.3d 803, 805-06 (7th Cir. 2007); *e.g.*, *Ins. Co. of N. America, Inc. v. U.S. Gypsum Co., Inc.*, 870 F.2d 148, 195 (4th Cir. 1989) (improper to make opening statement "asking the jurors to consider whether any of them would like to be accused of fraud based upon the evidence which they were about to hear"). "Courts forbid appeals to the 'golden rule' and 'send a message arguments' in order to prevent the jury from deciding a case based on inappropriate considerations such as emotion. . . . Such arguments permit the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on evidence." *Moore v. Hartman*, 102 F. Supp. 3d 35, 161 (D.D.C. 2015) (internal quotations and citations omitted).

The Court should preclude the defendant from making any improper Golden Rule argument or inviting the jury to put themselves in the defendant's place, including through commentary characterizing the prosecution as "Kafkaesque," *see* ECF No. 45, at 8; ECF No. 48, at 6, 26.

8

**I.  Missing Witness Arguments**

The defense may seek to elicit evidence or argue to the jury that the government's failure to call certain witnesses should be held against the government. A missing witness argument asks the jury to infer that a missing witness would have supported a party's version of events. Such an argument is only permitted after a showing that "first, that the absent witness was peculiarly within the government's power to produce; and second, that the testimony would have elucidated issues in the case and would not merely have been cumulative." *United States v. Valles*, 41 F.3d 355, 360 (7th Cir. 1994); *accord United States v. Tarantino*, 846 F.2d 1384, 1404 (D.C. Cir. 1988) (citing *United States v. Jennings*, 724 F.2d 436 (5th Cir. 1984), for proposition that "missing witness instruction not justified if testimony of witness not called is likely to have been cumulative or corroborative").

To avoid such improper argument and to allow the government to address a proffered but inadequate basis for such a claim, the government requests that the Court require the defense to obtain approval before making a missing witness argument. *See United States v. Young*, 463 F.2d 934, 947-48 (D.C. Cir. 1972) (Robinson, J., concurring) ("Unlike ordinary evidentiary inferences, then, the missing witness inference is not one that jurors can deal with safely by a process of simple deduction from the fact that the witness did not appear. It is, rather, an inference the accuracy of which depends upon scrupulous observance of the considerations that might serve to give it validity.  In sum, it is of a piece with other inferences that are to be indulged only when special conditions have been met, and are to be utilized only for a limited purpose.  When lay jurors are not specifically instructed on these topics, counsel's arguments for an inference can be treacherous.").

9

**J. Reference to Discovery or Discovery Disputes**

Issues relating to discovery are irrelevant to the guilt or innocence of the defendant and are likely to distract the jury. *See, e.g.*, *Thompson v. Glenmede Trust Co.*, 1996 WL 529693, at *2 (E.D. Pa. Sept. 17, 1996) ("Rather than focus on the issues in the case, the jury may instead be misled by the irrelevant side issues of the discovery process. Therefore, the Court will not permit either party to refer to the discovery process in the presence of the jury at trial."); *United States v. Wilson*, 2022 WL 3570574 (S.D. Miss. Aug. 18, 2022) (granting motion *in limine* to preclude discussion of discovery disputes before jury); *United States v. Smith*, 2014 WL 12660536 (N.D. Ill. June 23, 2014) (same); *United States v. Ferrell*, 2014 WL 12660536 (N.D. Ill. June 12, 2013) (same).

The government has produced voluminous discovery and is unaware of any discovery disputes that are ripe for the Court's attention. The Court should preclude the defendant from commenting on discovery or referring to any discovery dispute in the presence of the jury.

## **CONCLUSION**

For the foregoing reasons, the Court should preclude impermissible argument, introduction of evidence, cross-examination, or comment regarding the jury nullification arguments and other irrelevant matter described above.

                Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

11