# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

               Plaintiff,

           v.

ROMAN STERLINGOV,

               Defendant.

**21-CR-399 (RDM)**

**Defendant's Opposition to Government's Motion in Limine to Admit Evidence as Intrinsic Evidence or, in the Alternative, as Evidence of Other Crimes or Acts Pursuant to Federal Rule of Evidence 404(b) – Dkt. 63**

1

# Table of Contents

*Introduction*................................................................................................*2*

*Legal Standard* ..........................................................................................*3*

*Argument* ...................................................................................................*5*

   **I.    The Government Proffers Evidence of Other Acts for Improper Purpose** ............ 6

   **II.    The Proposed Evidence is Not Relevant to any Material Issue and Should be Excluded** ........................................................................................... 7

   **III.    Knowledge and Use of the Tor Network and Computer Programming Languages Does Not Establish that Mr. Sterlingov Had the Skills to Operate Bitcoin Fog** ......................... 8

      1.    The Tor Network was Created by the United States Navy and is Integral to the National Security of the United States.................................................................. 8

      2.    Evidence of Mr. Sterlingov's Technical Knowledge is not Relevant................................... 9

      3.    The Aliases and Concealed Identities Proffered by the Government do not Implicate Mr. Sterlingov .............................................................................................. 10

      4.    Mr. Sterlingov's VPN Business has no Relation to the Allegations Brought Forth by the Government ............................................................................................ 11

   *Conclusion*.................................................................................................*11*

**Introduction**

The Defense submits this opposition to the Government's Motion in Limine to introduce allegedly intrinsic or, in the alternative, 404(b) evidence. This Court should deny the Government's motion in its entirety or, in the alternative, order a hearing on the Government's motion.

The evidence the Government seeks to introduce is highly prejudicial and of little probative value. It relates to crimes the Government has not charged Mr. Sterlingov of committing and is not relevant to the question of whether or not he operated Bitcoin Fog. The Government offers no evidence of how Bitcoin Fog operated, what type of code it use, or its network architecture; yet it proffers evidence of Mr. Sterlingov's technical skills as proof he operated Bitcoin Fog without any evidence in the discovery of how Bitcoin Fog actually operated. This is speculative, highly prejudicial and of little probative value unless the Government can establish the connection between Mr. Sterlingov's skill set and the necessary skill set to operate a bitcoin tumbling site on the Tor onion network.

Nothing in the discovery supports what the Government is attempting to admit through its motion. Instead, the Government repeatedly associates Mr. Sterlingov with highly prejudicial accusations of participating in illegal conduct such as child porn rings or the "Assassination Marketplace" bounty portal without any evidence linking any of it to Mr. Sterlingov whatsoever. The Government attributes communications related to the "Akemashite Omedeteau" moniker on an analysis based on an IP address shared by thousands of unique users.

There are four main reasons why this Court should deny the Government's motion to include evidence of other crimes under 404(b). First, the other act evidence being proposed by

the Government is being introduced for an improper purpose. Second, it is unfair and highly prejudicial to bring in evidence of bad acts related to Bitcoin Fog, the shormint@hotmail.com email address, and the "Akemashite Omedeteau" moniker because the Government has no scientific evidence that can withstand *Daubert* scrutiny that links Mr. Sterlingov to any of these online identities. Third, the notice provided by the Government of its intent to introduce other acts evidence at trial is impermissible under Federal Rules of Evidence 401, 403 and 404. Fourth, from the allegation that Mr. Sterlingov possesses computer skills, it does not necessarily follow that he possesses the computer skills to operate a Tor onion network Bitcoin tumbling site, the operation of which the Government provides no evidence of in its discovery.

## Legal Standard

Under Rule 404(b), "other acts" evidence "is not admissible to prove the character of a person in order to show action in conformity therewith."[1] "The threshold inquiry a court must make before admitting similar acts evidence under Rule 404(b) is whether that evidence is probative of a material issue other than character."[2] This rule is based on the presumption of innocence and the recognition that "[i]t is fundamental to American jurisprudence that 'a defendant must be tried for what he did, not for who he is.'"[3] "The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that

---

[1] Fed. R. Evid. 404(b) (emphasis added).
[2] *See Huddleston v. United States*, 485 U.S. 681, 686 (1988).
[33] *See United States v. Foskey*, 636 F.2d 517, 523 (D.C. Cir. 1980) (citation omitted).

juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds."[4]

Although the D.C. Circuit has described Rule 404(b) as a rule of inclusion rather than exclusion[5], it has also "repeatedly emphasized the narrow scope of the 'bad acts' evidence exceptions under Rule 404(b) … and the continuing applicability of the Rule 403 limitation on unduly prejudicial evidence even if an exception is satisfied,"[6] To satisfy Rule 404(b), the evidence of other crimes or acts must be (a) relevant under Federal Rule of Evidence 401, (b) related to "a matter in issue other than the defendant's character or propensity to commit crime," and (c) "sufficient to support a jury finding that the defendant committed the other crime or act."[7] "[S]uch evidence is never admissible unless it is 'necessary' to establish a material fact such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'"[8]

Even if the evidence at issue is offered for a legitimate, non-propensity purpose under Rule 404(b), it must be excluded pursuant to Rule 403 if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[9] For the purposes of Rule 403, "[t]he term 'unfair prejudice', as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder

---

[4] *See United States v. Daniels*, 770 F.2d 1111, 1116 (D.C. Cir. 1985).
[5] *See United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)
[6] *See United States v. Nicely*, 922 F.2d 850, 856 (D.C. Cir. 1991).
[7] *See Bowie*, 232 F.3d at 930.
[8] *See United States v. Shelton*, 628 F.2d 54, 56 (D.C. Cir. 1980) (emphasis added) (footnote omitted).
[9] Fed. R. Evid. 403.

into declaring guilt on a ground different from proof specific to the offense charged."[10] The D.C. Circuit recognizes that there are "unique dangers of unfair prejudice associated with evidence of other bad acts,"[11] and that such evidence creates "enormous danger of prejudice to the defendant" because "juries are prone to draw illogical and incorrect inferences from such evidence."[12]

Courts should also exclude "other acts" evidence under Rule 403 if its introduction will create a "trial within a trial,"[13] or if the Government is likely to spend more time "dealing with alleged wrongful conduct not covered by the indictment than . . . dealing with the incidents" for which the defendant is charged.[14]

The Government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.[15]

## Argument

The evidence the Government proffers does not make the charged offences more or less likely to have been committed by the Defendant. It is highly prejudicial and has little probative value.

---

[10] *See Old Chief v. United States*, 519 U.S. 172, 180 (1997).

[11] *See United States v. Lavelle*, 751 F.2d 1266, 1275 (D.C. Cir. 1985).

[12] *See Shelton*, 628 F.2d at 56; *See also Bowie*, 232 F.3d at 931 ("Evidence of other crimes or acts having a legitimate non-propensity purpose undoubtedly may contain the seeds of a forbidden propensity inference" and thus may be barred under Rule 403).

[13] *See United States v. Aboumoussallem*, 726 F.2d 906, 912 (2d Cir. 1984) (quotation marks omitted).

[14] *See United States v. Jones*, 570 F.2d 765, 769 (8th Cir. 1978). *See also United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues.").

[15] *See United States v. Hudson*, 843 F.2d 1062, 1066 (7th Cir. 1988); *United States v. Hogue*, 827 F.2d 660, 662 (10th Cir. 1987).

## I.    The Government Proffers Evidence of Other Acts for Improper Purpose

The Government has no evidence relating to the internal operation of Bitcoin Fog or its source code, or its management structure, or its network architecture, or any detailed information on its operation despite its seven-year investigation. Instead, it seeks to introduce evidence of other acts because there is no evidence indicating Mr. Sterlingov operated Bitcoin Fog. Despite seizing all his electronic devices upon his arrest at LAX. No communications with Bitcoin Fog staff, no administrator username or login credentials, no logs, no emails, nothing, and the Government has no eye-witnesses with personal knowledges related to any of its charges beyond Government agents sitting at computers, thousands of miles away from Sweden.

The Government's multi-year investigation was unable to produce even a single piece of direct, scientifically authentic, evidence implicating Mr. Sterlingov, even after the Government placed him under physical surveillance, and pen and wire traps. The Government now seeks to introduce prejudicial and irrelevant evidence of Mr. Sterlingov's technical capabilities and use of the Tor Browser to suggest he must have operated Bitcoin Fog. But, this evidence has no connection to the actual operation of Bitcoin Fog because the Government has no evidence of Bitcoin Fog's actual operation besides what it has gleaned from the open internet.

The Government asserts highly prejudicial claims against Mr. Sterlingov, none of which the Government has any evidence of. In the Government's Motion In Limine to Preclude the Defense form Calling the Prosecutor as a Witness for the Defense, the Government attempts to tie Mr. Sterlingov to Bitcoin Fog's alleged affiliation with child sexual abuse material websites, and an "Assassination Marketplace" which the Government

purports provided a platform for users to contribute Bitcoin toward bounties on the heads of Government officials.[16]

It does not get more prejudicial than unverified, unscientific, accusations of affiliation with child porn and assassinations of Government officials. The D.C. Circuit has recognized that there are "unique dangers of unfair prejudice associated with evidence of other bad acts,"[17] and that such evidence creates "enormous danger of prejudice to the defendant" because "juries are prone to draw illogical and incorrect inferences from such evidence."[18] This is the case here. The Court should deny the Government's motion in its entierity because it seeks to introduce irrelevant evidence with no connection to the actual operation of Bitcoin Fog and highly prejudicial evidence involving child sex abuse and assassination bounties that the Government has no evidence for and has not charged Mr. Sterlingov with, despite its seven-year investigation. To permit this evidence not only violates FRE 401, 403 and 404, but the Sixth Amendment's Indictment clause as well.

## II.   The Proposed Evidence is Not Relevant to any Material Issue and Should be Excluded

The proffered evidence is not relevant to any material issue, and should be excluded. The admission of this evidence would only serve to confuse the jury and suggest that because Mr. Sterlingov knew how to use the Tor Browser, and had some computer programming skills,

---

[16] *See* Dkt. 64 at p. 2.

[17] *See United States v. Lavelle*, 751 F.2d 1266, 1275 (D.C. Cir. 1985).

[18] *See Shelton*, 628 F.2d at 56; *See also Bowie*, 232 F.3d at 931 ("Evidence of other crimes or acts having a legitimate non-propensity purpose undoubtedly may contain the seeds of a forbidden propensity inference" and thus may be barred under Rule 403).

that these are the same skills necessary to operate a Bitcoin tumbling site on the Tor Network for ten years. There is no necessary connection, nor can the Government establish one without any evidence of Bitcoin Fog's actual operation, which it does not have. This is character evidence to show action in conformity therewith, and this is precisely the inference that Rule 404(b) prohibits.

The admission of this evidence would put Mr. Sterlingov in the position of facing a trial within a trial on his technical capabilities instead of the charged offense of operating Bitcoin Fog.

### III.    Knowledge and Use of the Tor Network and Computer Programming Languages Does Not Establish that Mr. Sterlingov Had the Skills to Operate Bitcoin Fog

The Government's allegation in its motion that Mr. Sterlingov's knowledge and use of the Tor Network supports the position that he operated Bitcoin Fog doesn't follow. The Tor Network is not a complicated or difficult browser to use. It is just as easy to use as any other web browser such as Google Chrome or Safari. To access the Tor Network all one needs to do is download the web app from the open internet to their computer or phone and begin browsing. Here is the link.[19] It is not as sophisticated as the Government purports it to be.

1.    The Tor Network was Created by the United States Navy and is Integral to the National Security of the United States

The Tor Network was created by engineers at the U.S. Naval Research Lab ("NRL") in the 1990's to conceal naval communications through decentralized layered routing

_____

[19] https://www.torproject.org/download/

prototypes commonly referred to as "onion routing".[20] In October 2002, the Tor Network was deployed for public use under a free and open software license because the United States military needed mass public communications on the network to assist in masking military communications.[21] In 2006, The Tor Project, Inc. became a registered 501(c)(3) nonprofit. The Tor Network is integral to the national security of the United States as it provides a way to mask highly sensitive communications for the military and Government.[22] Starting in 2005, the Tor Project began to develop tools that made it easier for less sophisticated individuals to access and use the network.[23] Development of the Tor Browser launched in 2008.[24] By 2011, the beginning of the relevant time-period in this case, the Tor Network was as easy to access as any other web browser.

2.    Evidence of Mr. Sterlingov's Technical Knowledge is not Relevant

The Government makes no necessary connection between the skillset necessary to operate a Bitcoin tumbling, Tor network onion site, like Bitcoin Fog, and Mr. Sterlingov's computer skills. It simply assumes, without any evidence, that because Mr. Sterlingov knows how to use the Tor browser, and knows some computer languages, that from this it follows that he knew how to program and run a sophisticated Tor onion tumbling site with a staff for ten years. Once again, the Government demonstrates its naivety when it comes to the actual functioning of the sites that it claims to be prosecuting.

---

[20] *See* https://www.torproject.org/about/history/ (last accessed Nov. 7, 2022).
[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*

None of the evidence the Government seeks to admit under 404(b) has any connection to the actual operation of Bitcoin Fog. The Govenrmnet presents no evidence that it does. The Government has no evidence that it does. Instead, it seeks to improperly introduce character evidence to show action in conformity therewith. But it has no evidence of the action its seeking conformity with. None of the evidence the Government seeks to admit in its 404(b) motion is necessary to establish any material facts such as motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

      3.      <u>The Aliases and Concealed Identities Proffered by the Government do not Implicate Mr. Sterlingov</u>

The Government's allegations that Mr. Sterlingov used various aliases and online monikers (such as "Killdozer", "Akemashite Omedetou" or "Vasily Kunnikov") to conceal his work on Bitcoin Fog is based on unscientific, unverifiable, junk science the results of which cannot be reproduced based on the Government's discovery to date.

The Government cannot establish that any of the aliases or identities affiliated with Bitcoin Fog are connected Mr. Sterlingov. The Government's entire case rests upon shared IP addresses shared by thousands of users including Bitcoin Fog's founder and Mr. Sterlingov. The law does not recognize IP addresses as Personally Identifiable Information, and this Court should reject any attempt to use such a forensically unsound technique. IP addresses can be shared between thousands of users. When using a VPN server to mask ones IP address, it is highly likely that that the same IP address is being shared among thousands of unique users. It is a common practice, and was a common practice in 2011, to regularly use VPN services to anonymize IP addresses in an effort to improve network security and anonymity. Millions of people and countless business, including this Court, use VPN to encrypt their communications

10

on the internet. There is nothing unusual about a VPN. What is unusual is to consider it an exotic piece of technology and base forensic analysis on IP address shared by thousands.

        4.      <u>Mr. Sterlingov's VPN Business has no Relation to the Allegations Brought Forth by the Government</u>

There are thousands of VPN companies around the world, and single IP addresses often have tens of thousands of users at any given time. Mr. Sterlingov, in the pursuit of a legitimate business enterprise, set up a VPN server business called To The Moon Ltd. and legally registered it in Malta. The evidence the Government seeks to admit regarding the process of a European registering a business in Malta is irrelevant to the charges. There is nothing on the To The Moon Ltd. VPN server that constitutes any evidence that MR. Sterlingov operated Bitcoin Fog and the introduction of this evidence runs the risk of confusing the jury into thinking that Mr. Sterlingov's VPN business and VPN server are actually Bitcoin Fog when there is no evidence at all that this is true.

## Conclusion

The court should deny the Government's motion or in the alternative, order a pre-trial hearing on it.

11

Dated: November 7th, 2022
New York, New York

         Respectfully submitted,


         /s/ Michael Hassard
         Michael Hassard (NYS Bar No. 5824768)
         *Pro Hac Vice*
         Tor Ekeland Law, PLLC
         30 Wall Street, 8th Floor
         New York, NY
         t:  (718) 737 - 7264
         f:  (718) 504 - 5417
         michael@torekeland.com

         /s/ Tor Ekeland
         Tor Ekeland (NYS Bar No. 4493631)
         *Pro Hac Vice*
         Tor Ekeland Law, PLLC
         30 Wall Street, 8th Floor
         New York, NY
         t:  (718) 737 - 7264
         f:  (718) 504 - 5417
         tor@torekeland.com

         /s/ Marina Medvin, Esq.
         Counsel for Defendant
         MEDVIN LAW PLC
         916 Prince Street
         Alexandria, Virginia 22314
         Tel:  888.886.4127
         Email: contact@medvinlaw.com


         *Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail.

<u>s/ Tor Ekeland</u>

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov