UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

### GOVERNMENT'S REPLY IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE CERTAIN IMPERMISSIBLE DEFENSE ARGUMENTS AND EVIDENCE

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Reply in support of its motion *in limine* to preclude impermissible argument, introduction of evidence, cross-examination, or comment regarding certain subject areas, ECF No. 65.

## ARGUMENT

The defendant's response to the government's motion illustrates why the motion is needed. The defendant unveils new and inflammatory accusations (at 2) about "ethnic animus" and government personnel "profiteering" from this case. The defendant cuts-and-pastes (at 2-5) the irrelevant and conspiratorial "Background" from his detention reply. And the defendant confirms (at 5-8) that he does, in fact, intend to present a jury nullification defense focused on baseless allegations of government profiteering, the defendant's potential punishment, "golden rule" arguments, and discovery disputes. As explained in the government's opening motion, such arguments and evidence are irrelevant under Fed. R. Evid. 401; and they are excludable under Fed. R. Evid. 403 because they would invite a verdict based on emotional considerations, mislead and cause jury confusion, and waste precious trial time in what already promises to be a long and

complex trial. Out of consideration for the jury's time and to ensure that the jury properly bases its verdict only on the applicable law and facts, this Court should grant the government's motion.

## I.     Claims of Alleged "Profiteering" Should Be Precluded

First, the defendant claims without evidence (at 5-6) that many of the government's "investigators, prosecutors, and witnesses" have "financial stakes in the outcome of this case." The government does not object to ordinary cross-examination of witnesses directed at potential sources of bias, including whether (if true) any witness expects to receive more or less compensation based on the verdict of this case.[1] But the government does not understand the defendant's "profiteering" argument to be limited to this conventional line of questioning. Instead, the defendant appears to be asserting that (1) he should be allowed to present evidence and make arguments relating to so-called "profiteering" by prosecutors, non-testifying agents and analysts, and other government personnel involved in this case but who are not appearing as witnesses; and that (2) "profiteering" in his conception is not limited to a direct and predictable financial interest in the outcome of the case, but includes amorphous things like "future employment, reputation, and market valuation." Allowing the defense to turn the trial into a sideshow devoted to the defendant's pet theories about the career prospects of the government's prosecutors and agents would "confuse[] the issues," "mislead[] the jury," cause "undue delay," and would create "unfair prejudice" by inviting the jurors to make a decision based on irrelevant and improper considerations. Fed. R. Evid. 403.

---

[1] To be sure, all of the government agents and other personnel who are expected to testify in this case receive salaries and ordinary compensation for their work. Similarly, the government's outside expert witness, like most outside experts, is paid for her work. There is nothing unusual or untoward about such compensation. But no witness's compensation depends on "the outcome of this case," as the defendant falsely claims.

2

Indeed, the defendant's bizarre "Background" section (at 2-5) previews just the sort of irrelevant and distracting case the defendant seeks to present. Rather than focusing on evidence tending to prove or disprove that Roman Sterlingov operated Bitcoin Fog, the defense wants to present evidence and argument relating to the law school career of one of the prosecutors, whether "individuals from the prosecution" discussed the Bitcoin Fog case with a WIRED reporter for an upcoming book, the state of film rights for the WIRED reporter's book, how the defendant's arrest was reported in the news media, how a Department of Justice press release was drafted, details of private-sector fundraising by a blockchain analysis company, and so on. Like most conspiracy theories, there is never any real explanation for how all of these pieces are supposed to fit together.

Whatever its merits, the defendant's "profiteering" conspiracy theory bears no relevance to the evidence in the case. For example, accepting *arguendo* that a prosecutor might expect to receive "future employment" opportunities or an enhanced "reputation" from the case, the defendant never explains how that would affect the weight of the evidence presented to the jury. Should it affect how the jury evaluates, for example, email account records showing session times and Internet Protocol (IP) addresses used to access the account, or financial account records from Mt. Gox or Liberty Reserve, or even the credibility of a witness on the stand? Plainly not, and the defendant offers no legal authority and no logical argument beyond vague and conclusory assertions. The Court should not allow such irrelevant distractions, especially where—as here—they are based on nothing more than groundless speculation.

**II.     Potential Punishment, "Golden Rule" Arguments, and Airing of Discovery Disputes Should Be Precluded**

The defendant promises (at 7-8) that he *does* intend to introduce impermissible arguments and evidence at trial about the defendant's potential punishment, "golden rule" arguments inviting the jurors to depart from their neutrality and imagine themselves in the defendant's position, and

3

grievances about pretrial discovery disputes with the government—all in defiance of well-settled law. The defendant offers no legal authority for his position, nor does he explain how such matters would be relevant to the defendant's guilt or innocence of the indicted charges. Instead, he asserts that the jury should consider such collateral matters in order to evaluate "the justice of this prosecution." That is the very definition of a jury nullification argument.

With respect to discovery, such arguments are irrelevant for the additional reason that any discovery motions will be resolved before trial. It would serve no purpose to distract the jury at trial with irrelevant details of past discovery disputes.

Finally, the government notes that the defendant does not oppose the government's motion as it relates to arguments and evidence relating to selective prosecution, *ad hominem* attacks against government counsel, claims of government misconduct, government issues and the length of investigation, the defendant's good conduct or lawful behavior, and missing witness arguments.

### III.    Allegations of "Ethnic Animus" Should Be Precluded

Allegations of racial or ethnic bias are inherently inflammatory. The government does not object to ordinary cross-examination of witnesses directed at potential sources of bias, including alleged anti-Russian bias (and the defense should be prepared to live with the witness's answer). The government does, however, object to the defendant presenting sweeping allegations at trial— like those in the defendant's pleading—that the investigation or prosecution of this case was motivated by ethnic bias, and/or that such bias should be considered in evaluating the overall mix of evidence in this case. First, such allegations are utterly false; and the defendant provides no evidence to back up his inflammatory claim. Second, they are irrelevant to the sole question before the jury—whether the defendant operated Bitcoin Fog and committed the crimes alleged in the Superseding Indictment. The defendant should be precluded under Fed. R. Evid. 401 and 403

4

from raising such irrelevant allegations intended to inflame and distract the jury. *See* Fed. R. Evid. 403 advisory committee's note ("'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

### IV. The Defendant Has Not Provided Expert Notice, and Proposed Expert Testimony on "The Corrupting Influence of Profit and Self-Interest" Should Be Excluded

The defendant reveals for the first time (at 6) that he intends to offer a supposed "expert" witness to testify about "the corrupting influence of profit and self-interest upon emergent forensic fields." The defendant has not yet provided notice of any expert witnesses. *See* ECF No. 73-1, at 3 (noting government request on Oct. 4, 2022 for disclosure of defense experts pursuant to Fed R. Crim. P. 16(b)(1)(C)).

The defendant provides no indication that his mystery expert would be qualified by knowledge, skill, or experience to testify about the field of blockchain analysis under Fed. R. Evid. 702. Nor is there any indication that the expert's generic opinions about "profit and self-interest" would be helpful to the jury or relevant to any issue in the case. The government reserves the right to submit supplemental briefing and demand a pretrial *Daubert* hearing for any proposed defense expert after notice is provided.

### CONCLUSION

For the foregoing reasons, the Court should preclude impermissible argument, introduction of evidence, cross-examination, or comment regarding the jury nullification arguments and other irrelevant matter described in the government's *motion in limine*, as well as any argument, introduction of evidence, cross-examination, or comment relating to alleged "ethnic animus" or "profiteering" by the government.

                    Respectfully submitted,
                    MATTHEW M. GRAVES
                    UNITED STATES ATTORNEY
                    D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
                    Christopher B. Brown, D.C. Bar No. 1008763
                    Assistant United States Attorney
                    U.S. Attorney's Office for the District of Columbia
                    601 D Street, N.W.
                    Washington, D.C. 20530
                    (202) 252-7153
                    Christopher.Brown6@usdoj.gov

                    */s/ C. Alden Pelker*
                    C. Alden Pelker, Maryland Bar
                    Trial Attorney, U.S. Department of Justice
                    Computer Crime & Intellectual Property Section
                    1301 New York Ave., N.W., Suite 600
                    Washington, D.C. 20005
                    (202) 616-5007
                    Catherine.Pelker@usdoj.gov