UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S REPLY IN SUPPORT OF NOTICE AND
MOTION *IN LIMINE* REGARDING WILLFUL BLINDNESS
INSTRUCTION AS TO COUNTS ONE AND THREE, AND PERMISSION
TO REFER TO WILLFUL BLINDNESS IN OPENING STATEMENT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits the following Reply in support of its notice and motion *in limine* for a willful blindness instruction, and to permit the government to refer to willful blindness in its opening statement, ECF No. 66.

## ARGUMENT

A willful blindness instruction is warranted in this case for the reasons outlined in the government's opening brief—namely, because the doctrine of willful blindness has been well-established by Supreme Court, D.C. Circuit, and other federal precedent; and it is routinely applied in money laundering cases in evaluating a defendant's knowledge that funds involved in a transaction were derived from unlawful activity. *See* ECF No. 66, at 4-12.

I.  **A Willful Blindness Instruction Is Warranted in this Case**

The defendant argues (at 3) that there is "no evidence" that the defendant took steps to avoid learning the truth about the funds processed through Bitcoin Fog. But the government has made a substantial proffer (and expects to prove at trial) that Bitcoin Fog was marketed as a laundering service to help users evade the "authorities," and that it was deliberately designed and

operated to avoid collecting information about customers or logging their transactions.  *See* ECF No. 66, at 2-3 (quoting BitcoinTalk form posts boasting about Bitcoin Fog's efforts "not to collect *any* extra information about users than what is needed," and purging logs of all transaction after one week).  In other words, the defendant quite literally took "deliberate actions to avoid learning" of the source of funds processed through Bitcoin Fog.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011).

The defendant also argues (at 5-6) that a willful blindness instruction would be confusing for jurors, or that it represents an "impermissible importation of a tort law negligence standard." As outlined by the Supreme Court in *Global-Tech*, however, the doctrine of willful blindness is carefully distinguished from a negligence standard by requiring "deliberate actions to avoid confirming a high probability of wrongdoing."  *Id.* at 769.  As the Court explained, "these requirements give willful blindness an appropriately limited scope that surpasses recklessness and negligence."  563 U.S. at 766.  Any concern about juror confusion should be addressed through careful jury instructions.

## II. The Government Should Be Allowed To Refer to Willful Blindness in Its Opening Statement

The purpose of an opening statement is to "state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole." *United States v. Dinitz*, 424 U.S. 600, 612 (1976).  An opening statement "has the practical purpose of directing the attention of the jurors to the nuances of the proposed evidence in such a way as to make the usual piecemeal presentation of testimony more understandable as it is received." *United States v. Stanfield*, 521 F.2d 1122, 1125 (9th Cir. 1975). In a case like this, involving a substantial volume of technical evidence, it will be particularly

2

important to give the jury a roadmap to understand how the evidence they hear will relate to the elements of the charged offenses.

In this context, it would be helpful to alert the jury to watch for evidence relating to the defendant's willful blindness—such as evidence that he purged transaction logs or deliberately avoided collecting customer information.  The government does not intend to engage in a detailed discussion of the law in its opening statement, but only make reference to willful blindness in explaining how the evidence will relate to the charges.

## **CONCLUSION**

For the foregoing reasons, the Court should allow a willful blindness jury instruction and permit the government to refer to willful blindness in its opening statement.

        Respectfully submitted,
        MATTHEW M. GRAVES
        UNITED STATES ATTORNEY
        D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov