# United States District Court
# District of Columbia

_____

*United States of America*,

                           Plaintiff,

                *v.*

*Roman Sterlingov*,

                           Defendant.

                           **21 - CR - 399 (RDM)**

_____

## Defendant's Proposed Final Jury Instructions

      Defendant Roman Sterlingov submits the following proposed final jury instructions. These final jury instructions incorporate the Defense's own proposed jury instructions, and ones from the Eighth Circuit Court of Appeals Model Jury Instructions. The Defense reserves the right to object to the Government's filed proposed final jury instructions, as they have informed the Defense they will do the same.

## INTRODUCTION

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because <u>all</u> are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]

[1][The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.] [I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.][1]

---

[1] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 12.01 (5th ed. 2000).

**DUTY OF JURY**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

You should not be influenced by any person's race, color, ethnicity, national origin, religion, gender, gender identity, sexual orientation, disability, or economic circumstances. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.

The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

**EVIDENCE; LIMITATIONS**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses [the documents and other things received as exhibits] [the facts that have been stipulated—this is, formally agreed to by the parties,] [the facts that have been judicially noticed—this is, facts which I say you may, but are not required to, accept as true, even without evidence].[1]

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.[2]

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.[3]

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.[2]

---

[2] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal §§ 12.03, 12.08 (5th ed. 2000).
*See also* Instructions 1.03, 2.02, 2.03, 2.04, *supra*.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.][3]

---

[3] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal §§ 15.01, 15.02 (5th ed. 2000). *See also* Instruction 1.05, *supra*.
The form of a credibility instruction is within the discretion of the trial court. *Clark v. United States*, 391 F.2d 57, 60 (8th Cir. 1968); *United States v. Merrival*, 600 F.2d 717, 719 (8th Cir. 1979). In *Clark*, the court held that the following instruction given by the trial court correctly set out the factors to be considered by the jury in determining the credibility of the witnesses:
You are instructed that you are the sole judges of the credibility of the witnesses and of the weight and value to be given to their testimony. In determining such credibility and weight you will take into consideration the character of the witness, his or her demeanor on the stand, his or her interest, if any, in the result of the trial, his or her relation to or feeling toward the parties to the trial, the probability or improbability of his or her statements as well as all the other facts and circumstances given in evidence.
391 F.2d at 60. In *Merrival*, the court held that the following general credibility instruction provided protection for the accused:
You, as jurors, are the sole judges of the truthfulness of the witnesses and the weight their testimony deserves. You should carefully study all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' ability to observe the matters as to which he or she has testified and whether each witness is either supported or contradicted by other evidence in the case.
600 F.2d at 720 n.2.
The general credibility instruction given in *United States v. Phillips*, 522 F.2d 388, 391 (8th Cir. 1975), covers other

details:

The jurors are the sole judges of the weight and credibility of the testimony and of the value to be given to each and any witness who has testified in the case. In reaching a conclusion as to what weight and value you ought to give to the testimony of any witness who has testified in the case, you are warranted in taking into consideration the interest of the witness in the result of the trial; take into consideration his or her relation to any party in interest; his or her demeanor upon the witness stand; his or her manner of testifying; his or her tendency to speak truthfully or falsely, as you may believe, the probability or improbability of the testimony given; his or her situation to see and observe; and his or her apparent capacity and willingness to truthfully and accurately tell you what he or she saw and observed; and if you believe any witness testified falsely as to any material issue in this case, then you must reject that which you believe to be false, and you may reject the whole or any part of the testimony of such witness. (Emphasis omitted.)

The instruction in the text is basically a paraphrase of former 1 Edward J. Devitt, et al., Federal Jury Practice and Instructions: Civil and Criminal § 17.01 (now 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.01 (5th ed. 2000)), as approved in *United States v. Hastings*, 577 F.2d at 42. However any factors set out in the *Phillips*, *Clark*, or *Merrival* instructions, may be inserted when relevant to the case.

A general instruction on the credibility of witnesses is in most cases sufficient. Whether a more specific credibility instruction is required with respect to any particular witness or class of witnesses is generally within the discretion of the trial court. Some of the most common situations are covered in Instructions 4.04 (Testimony under Grant of Immunity or Plea Bargain), 4.05A (Testimony of Accomplice), 4.06 (Testimony of Informer), and 4.08 (Eye Witness Testimony), *infra*.

As to the credibility of a "perjurer," *see United States v. Koonce*, 485 F.2d 374, 378 n.8 (8th Cir. 1973); *United States v. Spector*, 793 F.2d 932, 939 (8th Cir. 1986); *United States v. Reda*, 765 F.2d 715, 718–19 (8th Cir. 1985); 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.10 (5th ed. 2000) Both *Koonce* and *Reda* supported the trial court's rejection of a "*falsus in uno, falsus in omnibus*" instruction.

Some instructions specifically address the credibility of a defendant in terms of his interest in the case. *See, e.g.*, 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.12 (5th ed. 2000). This circuit has repeatedly criticized the use of such an instruction because it has the effect of singling out the defendant in the jury charge. *United States v. Bear Killer*, 534 F.2d 1253, 1260 (8th Cir. 1976). *See also Taylor v. United States*, 390 F.2d 278, 282 (8th Cir. 1968); *United States v. Brown*, 453 F.2d 101, 107 (8th Cir. 1971); *United States v. Standing Soldier*, 538 F.2d 196, 204 (8th Cir. 1976).

The credibility of a child witness is covered in 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.13 (5th ed. 2000). Seventh Circuit Federal Jury Instructions: Criminal § 3.23 (1999) and Ninth Cir. Crim. Jury Instr. 4.14 (1997) recommend that no "child witness" instruction be given. This Committee joins in those comments.

The testimony of police officers is addressed in *Golliher v. United States*, 362 F.2d 594, 604 (8th Cir. 1966).

Instructions on the credibility of rape victims are usually rejected. *United States v. Merrival*, 600 F.2d 717, 719 (8th Cir. 1979); *United States v. Vik*, 655 F.2d 878 (8th Cir. 1981); *United States v. Bear Ribs*, 722 F.2d 420 (8th Cir. 1983).

Factors to be taken into account in determining whether a special instruction is warranted with respect to a drug user are discussed in *United States v. Johnson*, 848 F.2d 904, 905–06 (8th Cir. 1988). Addict-Informers are covered in Committee Comments Instruction 4.06, *infra*.

Impeachment evidence is also related to credibility. Instructions 2.16–.19, *supra*, cover this concept in the form of limiting instructions. Impeachment by prior inconsistent statement is covered in this instruction. *See United States v. Rogers*, 549 F.2d 490 (8th Cir. 1976). *See also* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal §§ 15.07, 15.09 (5th ed. 2000).

Whether a party is entitled to a more specific instruction on witness bias is also generally left to the discretion of the trial court. *See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 15.01 (5th ed. 2000); *United States v. Ashford*, 530 F.2d 792, 799 (8th Cir. 1976).

## DESCRIPTION OF CHARGES

The Indictment in this case charges the defendant with four different crimes. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crime for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the government proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial. The fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.[4]

---

[4] Eighth Circuit Model Jury Instructions Committee Comments:

An instruction on the "presumption of innocence" is one means of protecting the accused's constitutional right to be judged solely on the basis of the proof adduced at trial. *Taylor v. Kentucky*, 436 U.S. 478, 486 (1978). Failure to give such an instruction may be evaluated as a due process violation. *Kentucky v. Whorton*, 441 U.S. 786, 790 (1979) (per curiam).

The Committee has recently updated, and slightly expanded upon, its previous jury instructions regarding the presumption of innocence and the burden of proof in criminal cases. In *United States v. Lewis*, 593 F.3d 765, 772 (8th Cir. 2010), the court upheld a district court's jury instruction regarding the presumption of innocence which included the "clean slate" concept, although previously such language was not included in the model instructions and is not constitutionally mandated.

With these instructions in mind, let us turn to the specific charges against the Defendant Roman Sterlingov. Count One of the Indictment charges the Defendant with having committed Conspiracy to Commit Money Laundering under 18 U.S.C. §1956(h); Count Two of the Indictment charges the Defendant with having committed Money Laundering under 18 U.S.C. §1956(a)(3)(A); Count Three of the Indictment charges the Defendant with Operating an Unlicensed Money Transmission Business under 18 U.S.C. §1960(a) & 2; Count Four of the Indictment charges Money Transmission Without a License in the District of Columbia under D.C. Municipal Code §26-1023(c). Mr. Sterlingov has pleaded not guilty to all the charges.

In a moment, I will instruct you on each of these charges in more detail. At the outset, however, let me instruct you that you must consider each individual charge against the Defendant separately and evaluate each on the proof or lack of proof that relates to that charge. Before getting to the substantive counts in this case, we must first provide you with a direction on how to incorporate Venue and Statute of Limitations into your decisions.

## I.    Venue

Proper venue is fundamental to the functioning of the American criminal justice system. The Sixth Amendment to the United States Constitution requires that venue for all criminal jury trials be held in the state and the district where the crime occurred.[5] The mere effects of a crime being felt in a state or district is not enough. For each count of the indictment, you must find by a preponderance of the evidence that venue is proper in the District of Columbia because the crime occurred there. The preponderance of the evidence standard means that it is more likely than not that the crime occurred in the District of Columbia. This is the only time that a preponderance of the evidence standard applies to any of your deliberations. For every other deliberation, the

---

[5] U.S. Const. amend. XI.

standard is beyond a reasonable doubt. The Government bears the burden of proving that venue is appropriate in the District of Columbia by the preponderance of the evidence.

You must acquit the defendant if the government cannot establish by a preponderance of the evidence that the crimes for which the defendant is accused occurred in the District of Columbia.

In order to find venue in this case proper you must find that the government established, beyond a preponderance of the evidence, that the District of Columbia is a state, and that it comprises the state and district in which the crimes occurred.

With regard to Count One, the money laundering conspiracy, in order to find venue proper in the District of Columbia, you must find that the government established, by a preponderance of the evidence, that the District of Columbia is a state, and that it is the state and district where an agreement to conspire to launder money was made, or where an overt act in furtherance of the conspiracy to launder money was committed.[6]

With regard to Count Two, the money laundering charge, in order to find venue proper in the District of Columbia, you must find that the government established, by a preponderance of the evidence, that the District of Columbia is a state, and that it is the state and district where any money laundering occurred.

With regard to Count Three, the operating an unlicensed money transmitting charge, in order to find venue proper in the District of Columbia, you must find that the government established, by a preponderance of the evidence, that at the time of the alleged conduct, a federal license was required to operate a money transmitting business in the District of Columbia, that

---

[6] See, e.g., *United States v. Miller*, 358 F.2d 696, 697 (6th Cir. 1966); *Sandroff v. United States*, 174 F.2d 1014, 1018-19 (6th Cir. 1949).

the defendant did not have the applicable federal licensing for the District of Columbia, and that the defendant transmitted money in the District of Columbia.

With regard to Count Four, the money transmission without a license charge, in order to find venue proper in the District of Columbia, you must find that the government established, by a preponderance of the evidence, that at the time of the alleged conduct, a municipal license was required to operate a money transmitting business in the District of Columbia, that the defendant did not have the applicable municipal licensing for the District of Columbia, and that the defendant transmitted money in the District of Columbia.

## II.     Statute of Limitations

In order to find the defendant guilty of any of the counts, you must first find that he committed the alleged crimes within the relevant statute of limitations. Unless otherwise specified in a statute, the default statute of limitations for non-capital federal criminal statutes is five years.[7] 18 U.S.C. § 1956, the money laundering statute underlying Count One's conspiracy charge and Count Two's substantive money laundering allegation, does not specify any statute of limitations. Therefore, pursuant to 18 U.S.C.S. § 3282(a), the Statute of Limitations in five (5) years. Likewise, the statute of limitations for Count Three's accusation under 18 U.S.C. §§ 1960(a) & 2 of operating an unlicensed money transmitting business is five years. Furthermore, as a felony not enumerated with a specific statute of limitations, the statute of limitations on the D.C. Municipal Code § 26-1023(e) is six (6) years.

In order to find the defendant guilty of any of the alleged crimes, you must find that the Government established beyond a reasonable doubt that the alleged activity done by the defendant occurred within the time period allowed by the Statute of Limitations within the District of Columbia.

---

[7] 18 U.S.C.S. § 3282(a).

### III.     Count One:  Money Laundering Conspiracy under 18 U.S.C. § 1956(h)

Count One of the Indictment charges the defendant with conspiracy to commit money laundering. A conspiracy is a kind of criminal partnership—an agreement between two or more individuals to join together to accomplish some unlawful purpose. The crime of conspiracy is an independent offense and is distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

The defendant is charged in Count One of the Indictment with money laundering conspiracy in violation of Section 1956(h) of Title 18 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit money laundering; *and*

Second, that the defendant knowingly and willfully joined the agreement with the objective of operating a Tor onion network site known as Bitcoin Fog to launder money; *and*

Third, that the defendant joined the agreement with the specific intent to money launder in violation of 18 U.S.C. 1956(a)(1)(B)(i) [8]; *and*

Fourth, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

Fifth, that by the preponderance of the evidence, the government established that the conspiracy occurred in the District of Columbia.

---

[8] *See* Ninth Circuit Jury Instructions Committee, Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit (2022), available at https://www.ce9.uscourts.gov/jury-instructions/; *United States Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022). *See also United States v. Collazo*, 984 F.3d 1308, 1319 (9th Cir. 2021) (en banc).  *See United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005), and *United States v. Alghazouli*, 517 F.3d 1179, 1189 (9th Cir. 2008), regarding element one.  *See United States v. Moreland*, 622 F.3d 1147, 1169 (9th Cir. 2010), regarding element two.

The Government must establish beyond a reasonable doubt that Mr. Sterlingov knew that the conspiracy was designed in whole or in part to conceal or disguise the nature, location, the source, the ownership, or the control of the proceeds of specified, particular unlawful activity or knew that the object of the conspiracy was to avoid a transaction reporting requirement under State or Federal law.[9]

With respect to the first element—the existence of an unlawful agreement between two or more persons—the government must prove beyond a reasonable doubt that there existed an agreement among two or more persons to achieve an unlawful object, in this case, to commit money laundering by operating an onion site known as Bitcoin Fog.

To show a conspiratorial agreement, the government must prove beyond a reasonable doubt that two or more people explicitly or implicitly came to an understanding to achieve the specified unlawful object, whether or not they were successful.

With respect to the second element—that the Defendants knowingly and willfully joined and participated in the conspiracy—to act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act purposely and with an intent to do something unlawful. Thus, defendants enter into a conspiracy "knowingly and willfully" if they join and participate in the conspiracy with knowledge of, and the intent to further, its unlawful objects.

However, I want to caution you that mere association with a conspirator does not itself make that defendant a member of the conspiracy, even if they know of the conspiracy. In other words, knowledge is not enough; the defendants themselves must intentionally participate in the conspiracy with the purpose of helping to achieve at least one of its unlawful objects. This means that for you to find Mr. Sterlingov guilty of Count One, you must find that the government

---

[9] 1956(a)(1)(B)(i) & (ii)

established beyond a reasonable doubt that he was an administrator or operator of a Tor onion network site known as Bitcoin Fog in the District of Columbia within the statute of limitations, and not merely a user of the service.

With respect to the third element— that the defendant joined the agreement with the specific intent to money launder — requires that you find that the defendant specifically operated Bitcoin Fog in the District of Columbia within the statute of limitations with the intent to launder illicit proceeds.

## IV.    Count Two:  Money Laundering under 18 U.S.C. § 1956(a)(3)(A), (B)

The Indictment charges the defendant in Count Two with the intent of carrying out unlawful activity to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity.[10] For the defendant to be found guilty of this charge, the Government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to conduct a financial transaction involving property that a was the proceeds of specified unlawful activity; *and*

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; *and*

Third, the defendant acted with the specific intent to promote the carrying on of the specified unlawful activity, or with the specific intent to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of the specified unlawful activity; *and*

---

[10] 18 U.S.C. § 1956(a)(3)(A), (B).

Fourth, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

Fifth, that by the preponderance of the evidence, the government established that the money laundering occurred in the District of Columbia.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the defendant knew that the property involved in the transaction was the proceeds from a specified illegal activity.

**V.     Count Three: Operating an Unlicensed Money Transmission Business under 18 U.S.C. § 1960(a) & (2)**

The defendant is charged in Count Three of the Indictment with operating an unlicensed money transmission business in violation of Section 1960(a) & (2) of Title 18 of the United States Code. I will explain what an unlicensed money transmitting business is in a moment. For the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant operated Bitcoin Fog as an unlicensed money transmitting business in the District of Columbia; *and*

Second, that the defendant knowingly conducted, controlled, managed, supervised, directed or owned Bitcoin Fog; *and*

Third, that Bitcoin Fog affected interstate or foreign commerce; *and*

Fourth, that the allegedly illegal conduct occurred within the 5-year Statute of Limitation; *and*

Fifth, that the government established that the operation of the unlicensed money transmitting business occurred in the District of Columbia.

14

In order to satisfy the first element, that Bitcoin Fog is an unlicensed money transmitting business, you must find that the government established beyond a reasonable doubt one of the following:

A - That defendant had the specific intent to operate Bitcoin Fog without an appropriate money transmitting license in the District of Columbia, where such operation is punishable as a misdemeanor or felony under District of Columbia law; *or*

B - That defendant had the specific intent to operate Bitcoin Fog by failing to comply with the money transmitting business registration requirements under federal law, specifically 31 U.S.C. § 5330; *or*

C - That the defendant operated Bitcoin Fog with the specific intent for the transportation or transmission of specific funds that were specifically known to the defendant to have been derived from a criminal offence, or were intended to promote or support unlawful activity.

Additionally, the government must prove beyond a reasonable doubt:

D - that Bitcoin was considered "money" at the time the alleged activity took place; *and*

E - That the allegedly illegal conduct occurred within the Statute of Limitations; *and*

With regards to A, to satisfy the District of Columbia licensing element, the elements of Money Transmission Without a License, under Section 26-1023(c) of the District of Columbia Code, the government must proved beyond a reasonable doubt all of the following:

<u>First</u>, that the defendant knowingly and willfully engaged in the business of money transmission in the District of Columbia; *and*

<u>Second</u>, that the defendant specifically intended to operate an unlicensed money transmitting business in the District of Columbia.[11]

---

[11] D.C. Code § 26-1023(c).

It is the Government's burden to prove beyond a reasonable doubt that the defendant was required to obtain a money transmitting license in the District of Columbia.

With regards to C, the government must establish beyond a reasonable doubt that defendant specifically intended to operate Bitcoin Fog with the knowledge that funds transferred through Bitcoin Fog were derived from a criminal offence, or were intended to promote or support unlawful activity. You must acquit the defendant if you have a reasonable doubt as to whether the defendant operated Bitcoin Fog, or knew funds transmitted through Bitcoin Fog were derived from a criminal offence, or was specifically intended to promote or support unlawful activity.

With regards to D, the government must establish that the specific cryptocurrency at issue in this case, was considered money under Section 26-1023(c) of the District of Columbia Code during the statute of limitations.

In order to satisfy the second element of the charge, you must find that the government proved beyond a reasonable doubt that the defendant knowingly conducted, controlled, managed, supervised, directed or owned Bitcoin Fog within five years from the date of the indictment.

In order to satisfy the third element of the charge, you must find that the government proved beyond a reasonable doubt that Bitcoin Fog affected interstate or foreign commerce.

The terms "interstate" or "foreign commerce" means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation.

The term "business" is a commercial enterprise that is regularly carried on for profit. This, a single, isolated transmitting of money is not a business under this definition.[12]

In order to find the defendant guilty under this Count, you must find that the money licensing laws applicable in this case were in effect when the alleged crime was committed.

---

[12] 1 Modern Federal Jury Instructions-Criminal P 50A.07.

**VI.     Count Four: Money Transmission Without a License under D.C. Code §26-1023(c)**

The defendant is charged in Count Four of the Indictment with money transmission without a license under the municipal code for the District of Columbia.

The elements of Money Transmission Without a License, under Section 26-1023(c) of the District of Columbia Code, are as follows:

First, that the defendant knowingly and willfully engaged in the business of money transmission in the District of Columbia; *and*

Second, that the defendant specifically intended to operate an unlicensed money transmitting business in the District of Columbia.[13]

It is the Government's burden to prove beyond a reasonable doubt that the defendant was required to obtain a money transmitting license in the District of Columbia.

In order to find the defendant guilty under this Count, you must find:

A - That the defendant engaged in money transmission in the District of Columbia; *and*

B – That the applicable licensing requirements were in effect during time-period of the allegedly illegal conduct; *and*

D – That the defendant did not possess the requisite licenses for money transmission in the District of Columbia;  *and*

E – That the allegedly illegal conduct occurred within the Statute of Limitations.

The term "money transmitting" includes transferring funds on behalf of the public by any and all means including but not limited to transfers within this country or to locations abroad by wire, check, draft, facsimile, or courier.[14]

---

[13] D.C. Code § 26-1023(c).
[14] *United States v. Murgio*, 209 F. Supp. 3d 698 (S.D.N.Y. 2016).

The term "business" is a commercial enterprise that is regularly carried on for profit.

Thus, a single, isolated transmitting of money is not a business under this definition.[15]

---

[15] 1 Modern Federal Jury Instructions-Criminal P 50A.07.

## OPINION EVIDENCE—EXPERT WITNESS

You have heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.[16]

---

[16] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 14.01 (5th ed. 2000). *See also Chatman v. United States*, 557 F.2d 147, 148–49 (8th Cir. 1977).

## DEMONSTRATIVE SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.[17]

---

[17] Eighth Circuit Model Jury Instructions Committee Comments:
*See* 1A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions: Criminal § 14.02 (5th ed. 2000); *United States v. Lewis*, 759 F.2d 1316, 1329 n.6 (8th Cir. 1985); *United States v. Diez*, 515 F.2d 892, 905–06 (5th Cir. 1975). *See generally 5 Weinstein's Evidence* ¶ 1006 (1978).
*This instruction should be given only where the chart or summary is used solely as demonstrative evidence.* Where such exhibits are admitted into evidence, pursuant to Rule 1006 of the Federal Rules of Evidence, do *not* give this instruction. For summaries admitted as evidence pursuant to Rule 1006, *see* Instruction 4.12, *infra*.
Sending purely demonstrative charts to the jury room is disfavored. If they are submitted limiting instructions are strongly suggested. *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988). The court may advise the jury that demonstrative evidence will not be sent back to the jury room.

## RULE 1006 SUMMARIES

You will remember that certain [schedules] [summaries] [charts] were admitted in evidence. You may use those [schedules] [summaries] [charts] as evidence, even though the underlying documents and records are not here. [However, the [accuracy] [authenticity] of those [schedules] [summaries] [charts] has been challenged. It is for you to decide how much weight, if any, you will give to them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.][18]

---

[18] Eighth Circuit Model Jury Instructions Committee Comments:
*See generally* Fed. R. Evid. 1006, 1008(c); 5 *Weinstein's Evidence* ¶¶ 1006, 1008 (1978).
This instruction is based on Rule 1006 of the Federal Rules of Evidence, which permits summaries to be admitted as evidence without admission of the underlying documents as long as the opposing party has had an opportunity to examine and copy the documents at a reasonable time and place and if those underlying documents would be admissible. *Ford Motor Co. v. Auto Supply Co., Inc.*, 661 F.2d 1171, 1175–76 (8th Cir. 1981). The Rules contemplate that the summaries will not be admitted until the court has made a preliminary ruling as to their accuracy. *See* Fed. R. Evid. 104; *United States v. Robinson*, 774 F.2d 261, 276 (8th Cir. 1985).
As *Weinstein* notes, and as Rule 1008(c) makes clear, the trial judge makes only a preliminary determination regarding a Rule 1006 summary, the accuracy of which is challenged. The admission is within the sound discretion of the trial judge. *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980). If the determination is to admit the summary, the jury remains the final arbiter with respect to how much weight it will be given and should be instructed accordingly.
The "voluminous" requirement of Rule 1006 does not require that it literally be impossible to examine all the underlying records, but only that in-court examination would be an inconvenience. *United States v. Possick*, 849 F.2d 332, 339 (8th Cir. 1988).
Charts and diagrams admitted under Rule 1006 may be sent to the jury at the district court's discretion. *Possick*, 849 F.2d at 339; *United States v. Orlowski*, 808 F.2d 1283, 1289 (8th Cir. 1986); *United States v. Robinson*, 774 F.2d at 275.
When this type of exhibit is sent to the jury, a limiting instruction is appropriate, but failure to give an instruction on the use of charts is not reversible error. *Possick*, 849 F.2d at 340.
There may be cases in which a variety of summaries are before the jury, some being simply demonstrative evidence, some being unchallenged Rule 1006 summaries, and some being challenged Rule 1006 summaries. In that situation, or any variant thereof, it will be necessary for the trial court to distinguish between the various items, probably by exhibit number, and to frame an instruction which makes the appropriate distinctions.

# REASONABLE DOUBT

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.[19]

---

[19] Eighth Circuit Model Jury Instructions Committee Comments:
It is the court's duty to instruct on the meaning of reasonable doubt. *Friedman v. United States*, 381 F.2d 155 (8th Cir. 1967). A constitutionally inadequate reasonable doubt instruction is *not harmless error*. *Sullivan v. Louisiana*, 508 U.S. 275 (1993).
The Committee has recently updated, and slightly expanded upon, its previous jury instructions regarding the presumption of innocence and the definition of reasonable doubt in criminal cases. Included in the revision is the addition of the phrase "in life's most important decisions," a phrase similar to that used in the model instructions of other circuits. *See, e.g.*, Fifth Circuit Model Jury Instruction, § 1.05; Sixth Circuit Model Jury Instructions, § 1.03; Eleventh Circuit Model Jury Instruction § 3 (Reasonable Doubt).
This instruction does not use the phrases, "moral evidence" or "moral certainty," which raised some serious questions in *Sandoval v. California*, 511 U.S. 1101 (1994), or other troubling language, such as requiring a "grave uncertainty," which was found objectionable in *Cage v. Louisiana*, 498 U.S. 39, 40 (1990). The Supreme Court reiterated in *Sandoval* that the Constitution does not mandate any particular form of words.

Dated: November 21, 2022
Brooklyn, NY

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com


*Counsel for Defendant Roman Sterlingov*

23

## Certificate of Service

I hereby certify that on the 21st day of November 2022, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov