LEAVE TO FILE GRANTED

*RMm*
*USDJ*
*12/9/22*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

v.

**ROMAN STERLINGOV,**

Defendant.

Criminal No. 21-CR-399 (RDM)

**MOTION TO QUASH SUBPOENA BY NON-PARTIES CHAINALYSIS INC.,
MICHAEL GRONAGER, JONATHAN LEVIN, AND YOULI LEE
AND INCORPORATED MEMORANDUM OF LAW**

SF-4983064

## <u>TABLE OF CONTENTS</u>

I.     PRELIMINARY STATEMENT ................................................................................ 1

II.    BACKGROUND .................................................................................................... 2

       A.     Criminal Prosecution of Defendant Sterlingov................................................ 2

       B.     Defendant's Purported Rule 17(c) Subpoenas................................................ 3

III.   LEGAL STANDARDS ......................................................................................... 4

IV.    ARGUMENT ......................................................................................................... 5

       A.     The Subpoenas Should Be Quashed Because Defendant Improperly Issued
              Them by Evading Court Approval.................................................................... 5

       B.     Defendant's Subpoenas Cannot Satisfy Fed. R. Crim. P. 17(c) and Should
              Be Quashed Even If Requested....................................................................... 6

       C.     Defendant's Subpoenas Should Be Quashed Because They Either Seek to
              Circumvent Discovery or Request Irrelevant Documents and Testimony ............ 8

       D.     Defendant's Subpoenas Should Be Quashed Because They Do Not Seek
              Admissible Evidence ..................................................................................... 11

       E.     Defendant's Subpoenas Should Be Quashed Because They Lack the
              Required Specificity...................................................................................... 12

       F.     Defendant's Subpoenas Should Be Quashed as Unreasonable, Oppressive,
              Harassing, and an Undue Burden.................................................................... 14

V.     CONCLUSION.................................................................................................... 15

SF-4983064

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cheney v. United States Dist. Court*,
  542 U.S. 367 (2004)..................................................................................................5

*In re Grand Jury Subpoena for THCF Med. Clinic Recs.*,
  504 F. Supp. 2d 1085 (E.D. Wash. 2007) ...............................................................14

\* *United States v. Binh Tang Vo*,
  78 F. Supp. 3d 171 (D.D.C. 2015) ....................................................................4, 5, 6

*United States v. Carter*,
  15 F.R.D. 367 (D.D.C 1954)...................................................................................10

\* *United States v. Fitzsimons*,
  342 F.R.D. 18 (D.D.C. 2022)..............................................................................9, 11

*United States v. Haldeman*,
  559 F.2d 31 (D.C. Cir. 1976)....................................................................................4

\* *United States v. Libby*,
  432 F. Supp. 2d 26 (D.D.C. 2006) ................................................................. *passim*

*United States v. Louis*,
  2005 WL 180885 (S.D.N.Y. Jan. 27, 2005) ...........................................................13

*United States v. Maxwell*,
  2021 WL 1625392 (S.D.N.Y. Apr. 27, 2021)...........................................................7

\* *United States v. Mendinueta-Ibarro*,
  956 F. Supp. 2d 511 (S.D.N.Y. 2013)........................................................................7

\* *United States v. Nixon*,
  418 U.S. 683 (1974)..........................................................................................4, 6, 7

*United States v. North*,
  708 F. Supp. 402 (D.D.C. 1989)..............................................................................13

*United States v. Xiaoquing Zheng*,
  2020 WL 6287481 (N.D.N.Y. Oct. 27, 2020) ........................................7, 10, 13, 14

**Other Authorities**

28 C.F.R. §§ 16.21 *et seq.*.................................................................................................12

ii

Fed. R. Crim. P.
    16(a)(2) ........................................................................................................12
    17(c)(1) .......................................................................................................4, 5
    17(c)(2) ......................................................................................................5, 14

2 Wright & Miller, Fed. Prac. & Proc. Crim. § 275 (4th ed. 2022) ................................................6

SF-4983064

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), non-parties Chainalysis Inc. ("Chainalysis"), Michael Gronager, Jonathan Levin, and Youli Lee move to quash the purported pretrial subpoenas for documents and testimony served on them by defendant Sterlingov.

## I.      PRELIMINARY STATEMENT

On November 18, 2022, defendant Sterlingov served purported criminal pretrial subpoenas under Federal Rule of Criminal Procedure 17(c) on non-parties Chainalysis and certain of its executives and employees without prior leave of this Court, as the government has detailed in its filing. (ECF 93 at 2-4.) That procedural defect is fatal and this Court should quash these subpoenas for this reason alone.

Defendant's subpoenas do not fare any better on the merits. They seek materials that are neither relevant nor admissible nor specifically described and instead are designed to burden and harass Chainalysis. Rather than seek any specifically identified item and explain the relevance of that item to this case, defendant purports to serve 81 requests that seek "all" documents in broad categories. Most of these categories have nothing whatsoever to do with the allegations in this criminal case. Many are targeted at communications with journalists or others whose actions are not at issue here. Rather, defendant is misusing the Rule 17(c) subpoena procedure to attempt to obtain broad discovery to which he is not entitled in an effort to burden Chainalysis' lawful business, drum up attention for himself and his counsel, and to pursue other meritless litigation. Defendant's counsel has publicly disparaged Chainalysis and has now threatened litigation against Chainalysis should his client be acquitted. By serving these subpoenas, defendant's counsel seeks to continue this campaign of harassment. Well-settled law expressly prohibits this abuse of Rule 17(c) process, and the Court should not permit it here.

What is more, defendant has admitted in his filings that he is still engaged in obtaining

1

discovery from the government. Defendant nevertheless attempts to obtain the same materials from Chainalysis. Either the materials defendant is seeking from the government are discoverable or not. Serving subpoenas on third parties cannot be used to evade that fact. Defendant's misunderstanding of the criminal discovery process does not authorize him to perform an end-run around Rule 16 and seek those same documents from third parties.

Accordingly, this Court should quash the subpoenas served on non-parties Chainalysis, Mr. Gronager, Mr. Levin, and Ms. Lee.

## II.   BACKGROUND

### A.   Criminal Prosecution of Defendant Sterlingov

On June 14, 2021, the government indicted defendant Sterlingov, alleging money laundering, operating an unlicensed money transmitting business, and money transmission without a license. (ECF 8.) The indictment followed an investigation of defendant and his alleged Bitcoin "mixer," Bitcoin Fog, that resulted in defendant's arrest in April 2021. A superseding indictment filed on July 18, 2022, added a count for money laundering conspiracy. (ECF 43.) The government alleges that Bitcoin Fog allowed users to send bitcoin while concealing the source of that bitcoin. The government further alleges that the defendant conspired to launder the proceeds of drug trafficking via Bitcoin Fog. (*See, e.g.*, ECF 90 at 2.) Trial is currently scheduled to begin January 9, 2023. (Minute Order, Nov. 1, 2022.)

The government has noticed Elizabeth Bisbee as an expert witness in virtual currency and blockchain analysis. Ms. Bisbee is a former Drug Enforcement Administration subject matter expert in virtual currency investigations and, since January 2021, Director of Investigation Solutions for Chainalysis. (ECF 61 at 7.) The government has disclosed that Ms. Bisbee is expected to testify on blockchain analysis. This testimony will explain how blockchain

2

SF-4983064

information can be used to trace transactions, including by identifying "clusters" of addresses held by the same individual or entity. (*Id.* at 8.) The government has disclosed that Ms. Bisbee's expert report will be provided to defendant upon completion. (*Id.*)

### B.  Defendant's Purported Rule 17(c) Subpoenas

On November 18, 2022, defendant purported to serve four Federal Rule of Criminal Procedure 17(c) subpoenas on Chainalysis, its CEO and Co-founder Michael Gronager, its Chief Strategy Officer and Co-founder Jonathan Levin, and Senior Legal Director Youli Lee. Chainalysis provides blockchain analysis to government agencies, cryptocurrency businesses, and financial institutions. It markets a range of blockchain analysis tools for customer use, including its proprietary investigation software Reactor. The subpoenas purported to require compliance on December 21, 2022 (or, confusingly, "21 days from date of receipt" or December 9). (Ex. A at 3, 14, 26, 38, 50.)[1] The subpoenas include 81 requests for documents and testimony to authenticate them. By these subpoenas, defendant seeks documents and communications in the following categories:

- Media reporting, investor materials, internal and external communications related to defendant's prosecution or the investigation leading to that prosecution or related to blockchain analysis [Ex. A: Chainalysis Subpoena Request Nos. 1, 2, 3, 7; Gronager Subpoena Request Nos. 1, 2, 3, 7, 20; Levin Subpoena Request Nos. 1, 2, 3, 7, 20, 21; Lee Subpoena Request Nos. 1, 2, 3, 7, 20];

- Interaction with law enforcement, government, blockchain analysis providers, consultants, and researchers related to the investigation [Ex. A: Chainalysis Subpoena Request Nos. 4, 5, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19; Gronager Subpoena Request Nos. 4, 5, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19; Levin Subpoena Request Nos. 4, 5, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19; Lee Subpoena Request Nos. 4, 5, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19];

---

[1] References to "Ex. A" are to the exhibit filed concurrently with this motion containing the subpoenas served on non-parties Chainalysis Inc., Michael Gronager, Jonathan Levin, and Youli Lee.

3

- Chainalysis' acquisition of Excygent, LLC ("Excygent") [Ex. A: Chainalysis Subpoena Request No. 6; Gronager Subpoena Request No. 6; Levin Subpoena Request No. 6; Lee Subpoena Request No. 6];

- Chainalysis' proprietary software [Ex. A: Chainalysis Subpoena Request Nos. 8, 9; Gronager Subpoena Request Nos. 8, 9; Levin Subpoena Request Nos. 8, 9; Lee Subpoena Request Nos. 8, 9]; and

- Ms. Lee's employment at Chainalysis [Ex. A: Lee Subpoena Request No. 21].

Defendant did not seek leave of the Court in serving these subpoenas. Nor did the defendant notify the government that it was serving these subpoenas on a non-party. (ECF 93 at 1.) Defendant's requests do not specify the relevance of any of these categories to defending against the charges in the superseding indictment – whether defendant was laundering money and operating an unlicensed money exchange.

## III.   LEGAL STANDARDS

Federal Rule of Criminal Procedure 17(c)(1), governing issuance of trial subpoenas in criminal cases, provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Accordingly, the Court's approval is required before a party may seek pretrial production under this Rule. "Rule 17 does not authorize pretrial production absent Court approval." *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 174 (D.D.C. 2015).

It is well established that Rule 17(c) is "not intended to provide a means of discovery for criminal cases." *United States v. Nixon*, 418 U.S. 683, 698 (1974) (citing *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)); *see also United States v. Haldeman*, 559 F.2d 31, 75 (D.C. Cir. 1976) ("Rule 17(c) . . . is not a discovery device."). The Supreme Court's test for a valid Rule 17(c) subpoena requires that it "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700. "The specificity requirement ensures that a Rule 17(c)

subpoena will not be used as a fishing expedition to see what may turn up." *United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006) (citation omitted). The burden of "satisfy[ing these] exacting standards" falls "on the party requesting the information." *Cheney v. United States Dist. Court*, 542 U.S. 367, 386 (2004).

In keeping with this narrow purpose, Rule 17(c)(2) provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive."

IV.    **ARGUMENT**

A.    **The Subpoenas Should Be Quashed Because Defendant Improperly Issued Them by Evading Court Approval**

Defendant issued his subpoenas without leave of this Court in violation of Rule 17(c). (*See* ECF 93 at 2-4.) The circumstances under which a pretrial subpoena pursuant to this Rule can be issued are clear. The Rule requires that a motion must be submitted to a court to require pretrial production and testimony. Fed. R. Crim. P. 17(c)(1) ("**The court** may direct the witness to produce the designated items **in court** before trial or before they are to be offered in evidence. When the items arrive, **the court** may permit the parties and their attorneys to inspect all or part of them.") (emphases added). Trial in this matter is currently set for January 9, 2023. (Minute Order, Nov. 1, 2022.) Defendant's subpoenas purport to require production at defendant's counsel's offices on December 9 or 21, 2022. (*See* Ex. A at 3, 14, 26, 38, 50.) There is currently no proceeding – and certainly no trial – set before this Court on those dates.

Because Defendant has made no motion to the Court for the issuance of pretrial subpoenas, the Court should quash the subpoenas without need for any further action or consideration. "The Rule describes only one scenario under which a subpoena may be used to obtain pretrial production – when the Court so directs." *Binh Tang Vo*, 78 F. Supp. 3d at 178-79

5

(quashing Rule 17(c) subpoena issued without court approval purporting to require pretrial production because "Rule 17 provides a limited grant of authority, mentioning pretrial production only in connection with court approval"); *see also* 2 Wright & Miller, Fed. Prac. & Proc. Crim. § 275 n.10 (4th ed. 2022) ("Leave is required for a pre-trial subpoena duces tecum.").

The protections under the Rule are not solely procedural. To require pretrial production by a third party, there are important factors a movant must demonstrate to a Court. And those factors may be challenged by both an adverse party and an impacted third party. *See Binh Tang Vo*, 78 F. Supp. 3d at 175 ("[A] party may have standing to move to quash a subpoena directed to a third party where that subpoena infringes on the moving party's rights." (quoting *Amobi v. D.C. Dep't of Corrections*, 257 F.R.D. 8, 10 (D.D.C. 2009)). Here, Defendant ignored the Rule, case law, and the Court's required role in ensuring subpoenas do not issue without necessary safeguards. Defendant has circumvented the Court's role because he seeks to use the subpoenas to conduct broad-based discovery to harass Chainalysis and cannot make showings required for proper issuance of a Rule 17(c) subpoena.

The Court may end its inquiry here. It should quash these subpoenas because defendant failed to obtain the Court's authorization before issuing them.

### B.      Defendant's Subpoenas Cannot Satisfy Fed. R. Crim. P. 17(c) and Should Be Quashed Even If Requested

Defendant's subpoenas do not satisfy the Supreme Court's requirements of relevance, admissibility, and specificity and instead constitute a broad "fishing expedition" of the type expressly prohibited by decades of well-settled law. *Nixon*, 418 U.S. at 700. Put simply, Chainalysis was not the investigator who identified defendant as the administrator of Bitcoin Fog. Rather, federal agents conducted a thorough investigation to identify defendant. The use of

6

Chainalysis software by federal agents cannot open the door to issues around Chainalysis' broader corporate activities or its source code, as defendant seeks in his subpoenas. Chainalysis' marketing and conversations with journalists have no place in this trial either. As for communications with the government, any specific communications with Chainalysis that the government is obligated to produce should be produced by the government. Chainalysis has no obligation to produce communications with the government that the government itself has no obligation to produce. "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed.R.Crim.P. 16." *Libby*, 432 F. Supp. 2d at 30 (quoting *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980)); *see also United States v. Maxwell*, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021) ("[I]f an item is not discoverable under Rule 16, a party cannot make it discoverable simply by subpoenaing it under Rule 17."). Defendant's use of a pretrial subpoena to avoid the issues of relevance is improper and should be quashed.

The subpoenas' sweeping requests are indicative of their failure to comply with Rule 17(c). Every single one of defendant's 81 requests in these subpoenas demands "[a]ny documents, records and communications . . ." or "all communications . . .," with "any" defined to include "any," "all," and "every." (*See* Ex. A.) Such requests are categorically improper because they make no effort to target specific relevant, admissible evidence. "Subpoenas seeking 'any and all' materials, without mention of 'specific admissible evidence,' justify the inference that the defense is engaging in the type of 'fishing expedition' prohibited by *Nixon*." *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (citation omitted); *see also United States v. Xiaoqing Zheng*, 2020 WL 6287481, at *4 (N.D.N.Y. Oct. 27, 2020) (quashing purported Rule 17(c) subpoena that "sets forth exceedingly broad, open-ended categories of

7

information"). That Defendant has served these far-reaching requests shows that his interests are in circumventing the discovery rules, not in targeting specific relevant evidence for trial.

### C.      Defendant's Subpoenas Should Be Quashed Because They Either Seek to Circumvent Discovery or Request Irrelevant Documents and Testimony

Defendant has not made any showing that any of the requested documents are at all relevant to the investigation of Bitcoin Fog and defendant. Requests for Chainalysis' or its employees' communications with reporters or about press releases have no bearing on the charges of money laundering or operating an unlicensed money transmission business at issue in this case. For instance, requests for "communications with WIRED reporter Andy Greenberg, as well as any communications related to Andy Greenberg's book 'Tracers in the Dark – The Global Hunt for the Crime Lords of Cryptocurrency'" can have no bearing on defendant's guilt as to the charges alleged. (Ex. A.: Chainalysis Subpoena Request No. 1.) Similarly, defendant has not explained how the "source code, object code, algorithms" of Chainalysis' Reactor or other software products or documents regarding the development of that software relate to the charges in this case. (*See* Ex. A.: Chainalysis Subpoena Requests Nos. 8, 9.) Nor would the source code of this software be relevant here because the blockchain is public and the "clustering" patterns that the software identifies are reproducible from the blockchain. The defendant has received from the government clustering analysis that he can use to duplicate the work that the government has undertaken. Defendant is fully capable of evaluating that analysis using the same publicly available blockchain, as he has represented that he has done. (*See* ECF 48 at 8, referring to conducting "[a] simple check of the public blockchain records" in criticizing Excygent's analysis). Defendant's request is analogous to having received Microsoft Excel files and then serving a subpoena on Microsoft for the source code of Excel. The source code of Reactor is no more relevant here.

Nor does Chainalysis' acquisition of investigative services firm Excygent in 2021 have any relevance to the charges alleged against defendant. There is no basis to presume that documents relating to the "purchase of Excygent by Chainalysis, including due diligence documents, the price paid," and much more in the requests have even the slightest bearing on the charges alleged. (Ex. A: Chainalysis Subpoena Request No. 6.) The same is true of Ms. Lee's employment by Chainalysis, including "recruitment efforts" and "onboarding files." (Ex. A: Lee Subpoena Request No. 21.) Defendant appears to be casting an enormous net in the hope that he may find something useful for his case – or for other litigation defendant's counsel may hope to bring – but this is not a proper use of a Rule 17(c) subpoena. Where a defendant "is simply seeking to examine general categories of documents with the hope that they contain information that may be helpful to his defense," the Court should quash the subpoena. *Libby*, 432 F. Supp. 2d at 35; *see also United States v. Fitzsimons*, 342 F.R.D. 18, 21 (D.D.C. 2022) (explaining "courts have quashed subpoenas based on a defendant's mere expectation about what could be recovered without a showing of a sufficient likelihood that the documents actually contained relevant evidence").

As for communications between Chainalysis and the government, many of Defendant's requests for production relate directly to information regarding interactions between Chainalysis and the government. (*See* Ex. A: Chainalysis Subpoena Request Nos. 1, 4, 5, 10, 18, 19; Gronager Subpoena Request Nos. 1, 4, 5, 10, 18, 19, 20; Levin Subpoena Request Nos. 1, 4, 5, 10, 18, 19, 21; Lee Subpoena Request Nos. 1, 4, 5, 10, 18, 19, 20, 21.) Such documents and records would necessarily come from the government, if discoverable at all. A party cannot use a trial or pretrial subpoena to circumvent normal discovery. It is a longstanding bedrock principle of discovery in criminal proceedings that "[i]t was not intended by Rule 16 to give a limited right

of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *United States v. Carter*, 15 F.R.D. 367, 370 (D.D.C 1954) (quoting *Bowman Dairy*, 341 U.S. at 220).

The government has provided notice of one employee witness from Chainalysis, Ms. Bisbee. Importantly, that witness has been designated by the government as an expert witness. (ECF 61 at 7.) Ms. Bisbee is qualified to testify during the trial as an expert regarding tracing of cryptocurrency transactions, including determining "clusters" of addresses associated with Bitcoin Fog and other darknet marketplaces. (*Id.* at 8.) Ms. Bisbee is not being asked to testify as a percipient witness in this matter. That is because Ms. Bisbee did not work with the government to investigate Bitcoin Fog. Ms. Bisbee considered evidence already gathered and, after the fact, formed opinions regarding the meaning of some of that evidence. The government has disclosed or is in the process of disclosing the testimony it intends to elicit from Ms. Bisbee pursuant to its discovery obligations under Federal Rule of Criminal Procedure 16(a)(1)(G). That she is serving as an expert does not allow defendant to issue subpoenas to attempt to circumvent those required disclosures. *See Xiaoquing Zheng*, 2020 WL 6287481, at *10 (quashing subpoena request directed at third party because government had compiled with Rule 16 discovery obligations as to expert witness and "Defendant has failed to specify any additional evidence he is entitled to"). Again, defendant's subpoenas are an attempt to circumvent normal discovery that this Court should not permit.

In addition to these subject-matter deficiencies, defendant has not even attempted to meet his burden in showing the relevance of any requests directed at Mr. Gronager or Mr. Levin. Mr. Gronager is a Co-founder and Chief Executive Officer of Chainalysis; Mr. Levin is a Co-founder and Chief Strategy Officer. Requiring documents from them because of any supposed knowledge of the subject of Ms. Bisbee's opinions would be tantamount to serving Tim Cook with a

subpoena each time an expert from Apple appears at trial, regardless of Mr. Cook's personal involvement or awareness of the matter. Defendant has not specified any personal knowledge on the part of either co-founder of Chainalysis that could make them proper respondents and these subpoenas should be quashed on that additional basis.

### D.    Defendant's Subpoenas Should Be Quashed Because They Do Not Seek Admissible Evidence

Defendant has similarly made no showing that the documents he seeks are admissible as evidence. "Rule 17(c) may be used to obtain only evidentiary materials." *Libby*, 432 F. Supp. 2d at 30 (citation omitted). That means defendant must carry his burden to demonstrate that they would be admissible at trial. "Rule 17(c) can be contrasted with the civil rules which permit the issuance of subpoenas to seek production of documents or other materials which, although not themselves admissible, could lead to admissible evidence." *Id.* (citation omitted). Where a party fails to "direct[] the Court's attention to anything that would suggest a reasonable likelihood that" the materials are admissible, a court should quash a Rule 17(c) subpoena. *Fitzsimons*, 342 F.R.D. at 22. As detailed above, defendant's subpoena requests read like civil discovery requests seeking "any and all" materials on broad topics. For the reasons articulated above, defendant's requests do not seek relevant evidence and, therefore, do not seek admissible evidence.

Furthermore, requests relating to Ms. Lee's communications with either (1) the government during her time as an Assistant United States Attorney or (2) Chainalysis during her employment as in-house legal counsel are wholly inappropriate. Defendant requests, for instance, communications "exchanged between . . . Youli Lee and any other federal agency related to the investigation" and communications "exchanged between Chainalysis or Youli Lee and employees, agents, contractors, entities, or anyone else at Chainalysis." (Ex. A: Lee Subpoena Request Nos. 19, 3.) All of these communications may be subject to privilege. As defendant well

knows, Ms. Lee was an investigator involved in the Bitcoin Fog matter – but not in her role at Chainalysis. Rather, Ms. Lee was an AUSA in the District of Columbia and, as such, led a number of investigations involving cryptocurrency. Bitcoin Fog was one of those. But as an AUSA, Ms. Lee's conduct of the investigation is not an appropriate basis to call her as a witness.

First, her investigations and her conduct are largely subject to attorney-client privileges related to her representation of the United States and the U.S. Department of Justice. As such, she should not be called as a witness or all former AUSAs could be witnesses in matters that they previously worked while in the government. *See* Fed. R. Crim. P. 16(a)(2) (prohibiting discovery of internal reports, memoranda, etc. of the investigating attorneys for the government). Second, to the extent that Ms. Lee was an AUSA during the relevant investigation, any testimony could only be provided subject to the DOJ's *Touhy* regulations, which prohibit, among other things, unauthorized disclosure of DOJ records in response to subpoenas. *See* 28 C.F.R. §§ 16.21 *et seq.* Since defendant has not even applied for an exception to the *Touhy* regulations, Ms. Lee cannot be questioned about her role and investigation as an AUSA. Finally, Ms. Lee's work at Chainalysis does not touch on the investigation into Bitcoin Fog. But even if it did, it would also be covered by attorney-client privilege since Ms. Lee serves as in-house counsel for the company. The subpoenas to Mr. Gronager, Mr. Levin, and Ms. Lee only further demonstrate that they are not aimed at uncovering relevant admissible evidence but only intended to burden and harass Chainalysis.

### E.     Defendant's Subpoenas Should Be Quashed Because They Lack the Required Specificity

Defendant's blanket civil-discovery-style requests for "any documents, records and communications" fail the specificity requirement because they seek broad swathes of material, not specific, targeted items. Courts have held that such requests are not made with the necessary

SF-4983064

specificity under Rule 17(c). *See, e.g., United States v. North*, 708 F. Supp. 402, 404 (D.D.C. 1989) (denying motion for issuance of Rule 17(c) subpoena because party failed to "identify any material entry or practice" in notebooks it sought in "unduly broad" subpoena requests); *Xiaoquing Zheng*, 2020 WL 6287481, at *9 ("The Court agrees with [third-party recipient of subpoena] that this request, which again seeks 'all' documents and records, fails the specificity requirement."); *United States v. Louis*, 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (quashing subpoena seeking "'any and all' documents relating to several categories of subject matter (some of them quite large), rather than specific evidentiary items, thus clearly indicating that Defendant seeks to obtain information helpful to the defense by examining large quantities of documents, rather than to use Rule 17 for its intended purpose"). Defendant does not even attempt to narrow his subpoena requests to the items of evidence he believes are admissible or to justify the categories of documents he seeks. "[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *Libby*, 432 F. Supp. 2d at 31 (citation omitted).

Defendant's requests are additionally improper because he has already requested many of the same materials from the government. His subpoenas request, for instance, documents and communications "exchanged between Chainalysis and Aaron Bice, Excygent, John Golinvaux, Tyler Travis, MITRE, Catherine A. Pelker, the IRS" and other agencies it believes have some connection with the investigation and prosecution of Defendant. (Ex. A.: Chainalysis Subpoena Request No. 4.) At the same time, "[t]he Defense has requested that the Government produce documents and communications involving Chainalysis, Aaron Bice, Excygent, LLC, and other individuals and entities materially related to this case. There is substantial disagreement between

13

the parties as to the scope of the Government's discovery obligations." (ECF 83 at 7.) Defendant may not circumvent the discovery rules and serve the same requests on a third party based on "disagreement between the parties." "*Nixon*'s specificity requirement does not permit a defendant to force a non-party by subpoena to replicate all or part of the government's discovery productions in the hope that the non-party's production will produce something more." *Xiaoquing Zheng*, 2020 WL 6287481, at *5 (quoting *United States v. Bergstein*, 2017 WL 6887596, at *5 (S.D.N.Y. Dec. 28, 2017)). Defendant's obvious attempts to avoid the discovery rules by requesting documents from non-parties that he has already requested from the government should not be permitted.

**F.    Defendant's Subpoenas Should Be Quashed as Unreasonable, Oppressive, Harassing, and an Undue Burden**

Rule 17(c)(2) authorizes this Court to quash defendant's subpoenas "if compliance would be unreasonable or oppressive." "A subpoena that fails to satisfy these three [*Nixon*] requirements will be deemed unreasonable or oppressive[.]" *Libby*, 432 F. Supp. 2d at 31. In addition, Courts have explained that "a subpoena may still be unreasonable or oppressive if it is . . . abusive or harassing." *In re Grand Jury Subpoena for THCF Med. Clinic Recs.*, 504 F. Supp. 2d 1085, 1088 (E.D. Wash. 2007). Beyond the unreasonableness and oppressiveness of the "fishing expedition" that Defendant seeks, the Court should quash the subpoenas for the additional reasons that these subpoenas seek to harass Chainalysis with unduly burdensome requests. Defendant's counsel Tor Ekeland has made no effort to hide his animosity for Chainalysis and its products. Recently, he told WIRED that "Chainalysis is the Theranos of blockchain analysis." Lily Hay Newman & Andy Greenberg, *Bitcoin Fog Case Could Put Cryptocurrency Tracing on Trial*, WIRED (Aug. 2, 2022), https://www.wired.com/story/bitcoin-fog-roman-sterlingov-blockchain-analysis/. Mr. Ekeland's and co-counsel Michael Hassard's

Twitter accounts have included the same comments. (*See, e.g.*, Mike Hassard (@mikehassard),

Twitter (Nov. 18, 2022), https://twitter.com/mikehassard/status/1593843340931481600

("#Chainalysis is the #Theranos of Blockchain.").) And in his cover letter accompanying the

subpoenas, Mr. Ekeland threatened Chainalysis with a lawsuit for malicious prosecution should

his client be acquitted. (Ex. A at 2.) There is little doubt that defendant's counsel intends these

subpoenas to furnish material in support of that or other endeavors to generate publicity for

himself or to embarrass, harass, or seek damages from Chainalysis. None of those goals are

proper ends of a Rule 17(c) subpoena.

Additionally, requests for software development records, "source code," and the like are

unreasonable and oppressive because they would require Chainalysis to divulge its intellectual

property. (*See* Ex. A: Chainalysis Subpoena Request Nos. 8, 9; Gronager Subpoena Request Nos.

8, 9; Levin Subpoena Request Nos. 8, 9; Lee Subpoena Request Nos. 8, 9.) Reactor's source

code – which defendant has made no effort to show is relevant – is proprietary information that

could not be adequately protected were it disclosed in the course of defendant's upcoming trial.[2]

The Court should quash defendant's subpoenas for this additional reason.

## V.   CONCLUSION

It is respectfully submitted that the Court should quash each of the subpoenas issued by

defendant to Chainalysis and its executives.

---

[2] In addition to disclosure of code and operation of Chainalysis' software being a serious
business impediment, such disclosure could also hamper ongoing and future government
investigations. Disclosure of Chainalysis' means and methods would enable new bases for
evasion of the technology. That could impair ongoing criminal investigations and investigations
conducted by the intelligence community. To be clear, defendant's subpoenas should be denied
on the basis that they do not seek relevant, admissible evidence with the required specificity.
However, in the event the Court were to consider granting portions of the subpoenas, then
Chainalysis and/or the government may need to supplement with a filing outlining law
enforcement and intelligence community interests.

SF-4983064

Dated this 2nd day of December, 2022.

Respectfully submitted,

MORRISON & FOERSTER LLP

By:    */s/ James M. Koukios*
        James M. Koukios (D.C. Bar No. 477072)
        JKoukios@mofo.com
        2100 L Street, NW, Suite 900
        Washington, DC 20037
        Telephone: (202) 887-1500
        Facsimile: (202) 887-0763

        William Frentzen (D.C. Bar No. 1740835;
        *pro hac vice* forthcoming)
        WFrentzen@mofo.com
        425 Market Street, 32nd Floor
        San Francisco, CA 94105
        Telephone: (415) 268-7000
        Facsimile: (415) 268-7522

        OF COUNSEL:

        Michael Komorowski
        MKomorowski@mofo.com
        425 Market Street, 32nd Floor
        San Francisco, CA  94105
        Telephone: (415) 268-7000
        Facsimile: (415) 268-7522

        *Attorneys for Non-parties Chainalysis Inc.,*
        *Michael Gronager, Jonathan Levin, and*
        *Youli Lee*