**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-cr-399 (RDM)** |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S NOTICE OF INTENT**
**TO PRESENT EXPERT TESTIMONY**

The United States of America, by and through the United States Attorney for the District

of Columbia, respectfully files the following opposition to the "Defendant's Notice of Intent To

Present Expert Testimony," ECF No. 107.  The defendant filed the purported expert "notice" three

days before the January 13, 2023 hearing on the defendant's *Monsanto* motion for the return of

seized assets, announcing an intention to "introduce expert testimony" from Jeff Fischbach at the

January 13 hearing, at the April 12, 2023 motions hearing, and at trial.   To the extent the defendant

intends to offer Mr. Fischbach's testimony in the ongoing *Monsanto* proceeding, such "notice" is

misplaced and the proffered testimony is irrelevant.  To the extent the defendant intends the notice

to satisfy the requirements of Fed. R. Evid. 702, 703, and 705, and Rule 16(a)(1)(G) of the Federal

Rules of Criminal Procedure for the purposes of trial testimony, the notice is woefully deficient.

The government reserves its right file a formal *Daubert* motion—if it receives legally sufficient

notice—to preclude the proffered "expert" testimony from Mr. Fischbach at trial.

## PROCEDURAL BACKGROUND

On July 1, 2022, the Court scheduled a trial in this matter for January 4, 2023, and set a

motions schedule, including a deadline for motions *in limine* of October 24, 2022.  On October 24,

2022, the government filed a notice of intent to present expert testimony, setting out in detail the

expected testimony of the government's proposed experts.  ECF No. 61.  The defense filed an opposition, and the government anticipated a *Daubert* hearing on December 9, 2022.   On December 2, 2022, based on the defendant's motion and over the government's objection, trial was continued until September 14, 2023.

On January 10, 2023, the defendant filed a document titled "Defendant's Notice of Intent to Present Expert Testimony," which indicated that the defense intended to present testimony from Mr. Jeff Fischbach at the defendant's January 13, 2023 hearing on a motion for release of funds; at the motions hearing scheduled for April 13, 2023, and at trial.  ECF No. 107 at 1.  The defense "notice" listed, in vague and conclusory terms, five bullet points of proposed areas of Mr. Fischbach's anticipated testimony for the January 13, 2023 hearing, which has since been continued until January 31, 2023.  The defense provided a copy of Mr. Fischbach's curriculum vitae to the government and the court under separate cover.

## ARGUMENT

### A.  The Federal Rules of Evidence Do Not Apply to this *Monsanto* Proceeding

The defendant has moved for the return of funds seized from two Kraken accounts for purposes of paying attorney's fees.  *See* ECF No. 48.  Pursuant to *United States v. E-Gold*, 521 F.3d 411 (D.C. Cir. 2008), and *United States v. Monsanto*, 924 F.2d 1186 (2d Cir. 1991), the defendant is seeking a pretrial probable cause hearing, sometimes called a "*Monsanto* hearing." This is a pretrial proceeding at which the Federal Rules of Evidence do not apply.  *United States v. Walsh*, 712 F.3d 119, 124-25 (2d Cir. 2013); *Monsanto*, 924 F.2d at 1198; *see* ECF No. 53, at

11.   Accordingly, the defendant's purported expert notice is unnecessary and irrelevant to the *Monsanto* proceeding.[1]

### B. *Daubert* Does Not Apply to this Monsanto Proceeding and Mr. Fischbach's Proffered Testimony Is Irrelevant

#### 1.   The Government Need Only Show Probable Cause To Believe the Seized Funds Are Traceable to the Indicted Offenses

As outlined in the government's pleadings, assuming the defendant carries his threshold burden of establishing financial need, the sole question before this Court is whether there is probable cause to believe the seized Kraken accounts are subject to forfeiture.  *See United States v. Monsanto*, 491 U.S. 600, 615-16 (1989); ECF No. 53, at 7-12.  That determination reflects a two-part probable cause finding "(1) that the defendant has committed an offense permitting forfeiture, and (2) that the property at issue has the requisite connection to that crime."  *Kaley v. United States*, 571 U.S. 320, 323-24 (2014).  On *Kaley* step one, the grand jury's indictment "is conclusive" as to probable cause and cannot be challenged by the defendant.  *Id.* at 331.  Thus, on the defendant's motion, the only issue left to be decided is *Kaley* step two: whether the seized Kraken account funds "are traceable or otherwise sufficiently related to the crime charged in the indictment."  *Id.* at 324.

In answering that question, the relevant standard is probable cause.  *Monsanto*, 491 U.S. at 615-16; *Kaley*, 571 U.S. at 322.  "The Supreme Court has described the task of evaluating probable cause as 'a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  *United States v. Cardoza*, 713 F.3d 656, 659 (D.C. Cir. 2013) (quoting *Illinois*

---

[1] By the same token, the government need not qualify FBI Staff Operations Specialist Luke Scholl as an "expert" witness at this procedural stage, and the defendant's apparent attempt to raise a *Daubert*-style challenge at this juncture is legally irrelevant.

*v. Gates*, 462 U.S. 213, 238 (1983)).  "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232.  Under the "fair probability" standard, probable cause "does not require the fine resolution of conflicting evidence that a reasonable-doubt or even a preponderance standard demands." *Gerstein v. Pugh*, 420 U.S. 103, 121 (1975).  Accordingly, "[p]robable cause 'is not a high bar,'" and requires "'only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Kaley*, 571 U.S. at 338, and *Gates*, 462 U.S. at 232).  "Circumstantial evidence and inferences therefrom are good grounds for a finding of probable cause in a forfeiture proceeding." *United States v. Brock*, 747 F.2d 761, 763 (D.C. Cir. 1984) (per curiam).

## 2.    The Defendant's Daubert-Style "Notice" Is Irrelevant to Probable Cause

Here, the defendant's notice of so-called "expert testimony" is irrelevant to the probable cause determination in this *Monsanto* proceeding.  The defendant seems to be trying to use Mr. Fischbach to mount some sort of *Daubert*-style challenge to the government's tracing analysis (despite the defendant's own concession as to traceability).  The defendant's "notice" claims, for instance, that Mr. Fischbach will testify that the government's "forensics" have "not been peer-reviewed," and promises (vaguely) to "testify[] in rebuttal to the government's anticipated expert testimony."  ECF No. 107.  These claims invoke *Daubert* and Rule 702, but those rules—which arise out of the "gatekeeping role" of the trial judge in filtering out unreliable testimony before the trial jury, *see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)—have no bearing on this pretrial proceeding, at which the Federal Rules of Evidence do not apply and the Court sits as the sole finder of probable cause.

4

Indeed, probable cause is an entirely separate question from the admissibility of expert testimony at trial; the two are governed by different legal standards and separate bodies of law. The First Circuit made that clear in *United States v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012), which rejected a similar *Daubert*-style challenge to a pretrial probable cause determination. In *Chiaradio*, FBI obtained a search warrant based on a special software tool that revealed IP addresses and other identifying information about individuals sharing child pornography over a peer-to-peer file sharing network. *Id.* at 270-71. The defendant challenged use of the software to establish probable cause, arguing that "the technology was too untested to meet the requirements of the Federal Rules of Evidence." *Id.* at 279. The First Circuit rejected the very premise of the defense argument:

> This argument mixes plums and pomegranates; the Federal Rules of Evidence do not apply to proceedings surrounding the issuance of a search warrant. Instead, the issuing magistrate must make a practical, common-sense decision whether there is a fair probability that contraband or evidence of a crime will be found in a particular place. In this instance, the magistrate made a sensible determination, based on a detailed affidavit, that a search of the defendant's residence was likely to turn up illicit images. Because probable cause does not require scientific certainty, no more was exigible.

*Id.* (cleaned up). The defendant's challenge here is similarly misplaced. The defendant's methodological critiques, whatever their merit, have no bearing on the Court's "practical, common-sense decision" about whether the government has raised a "fair probability" that the seized Kraken funds are derived from the offenses charged in the Superseding Indictment. *See Gates*, 462 U.S. at 238.

Indeed, none of the five bullet points that comprise the entirety of the defendant's purported disclosure (at 4) offers anything of relevance to the *Monsanto* proceeding:

1. Mr. Fischbach challenges whether the government's conclusions are "peer-reviewed."

   As noted above, this *Daubert*-style challenge is irrelevant to the probable cause

determination before the Court.  It also runs headlong into the defendant's own admission that "most, if not all" of the funds seized from his two Kraken accounts originated from Bitcoin Fog.  *See* ECF No. 101 (Def. Supp. Motion), at 6.  To be sure, the defense has not disclosed any bases for Mr. Fischbach's opinion, but Mr. Fischbach does not appear to have reviewed any of the Kraken account records (which were produced in full to the defense), conducted any blockchain tracing, or otherwise engaged in any factual analysis related to the sole question before the Court in this proceeding.

2.  Mr. Fischbach promises to testify—vaguely, and in sweeping terms—that the government has not demonstrated that the defendant "operated the Bitfoin Fog onion bitcoin mixing site."  Mr. Fischbach's personal opinion about the defendant's guilt or innocence is irrelevant at *any* stage of the proceeding, but especially here, where the grand jury's indictment is "conclusive" and binding on this Court.  *Kaley*, 571 U.S. at 331.

3.  Mr. Fischbach promises to testify about the "general cost in money and labor" of the defendant's legal defense.  As noted in oral argument, such testimony coming from Mr. Fischbach would be tainted by profound bias and self-interest—as Mr. Fischbach expects to be paid out of the very funds the defense is seeking to have released in this proceeding, and he has every incentive to exaggerate and inflate his estimates.  But even on its own terms, such testimony only has relevance to the defendant's threshold burden of establishing financial need.  *See E-Gold*, 521 F.3d at 421.  To the extent the Court finds (or assumes) that the defendant has carried his burden, Mr. Fischbach's expense projections would have no further relevance.

4. Mr. Fischbach claims to have "over a decade of experience with various cryptocurrencies" and "may be asked to testify as to that experience relative to evidence or opinions presented by the government."  Whatever that means, Mr. Fischbach's "decade of experience" with cryptocurrencies has no discernable relevance to the specific question of whether the seized Kraken funds are traceable to Bitcoin Fog and the offenses charged in the Superseding Indictment.

5. Finally, Mr. Fischbach promises to "testify in rebuttal" to the government's "anticipated expert testimony."  This is obviously not a proffer of evidence or opinion in itself.  If Mr. Fischbach can offer nothing of relevance affirmatively in the *Monsanto* proceeding, it is unclear what he would say by way of rebuttal that would be different from defense attorney argument.

In sum, Mr. Fischbach's methodological challenge is legally irrelevant at this procedural stage (and conflicts with the defendant's own admission), and Mr. Fischbach has proffered no other testimony that would be relevant to the Court's determination of probable cause as to the traceability of the seized Kraken funds.  The Court should decline to indulge irrelevant testimony that will needlessly prolong the January 31, 2023 hearing.

**C.  The Defense Filing Is Inadequate as an Expert Notice for Trial Testimony**

The barebones defense filing provides an insufficient basis for notice of expert testimony as required by Fed. R. Crim. Pro. 16, as it provides limited-to-no insight into Mr. Fischbach's intended testimony at trial.  The expert disclosure provisions of Fed. R. Crim. Pro. 16 were recently amended and went into effect December 1, 2022.[2]  The amended Rule 16 requires that expert

---

[2] As this matter was commenced prior to the adoption of the revised rule, this court is afforded some flexibility as to whether the old version of the rule or the new version should apply.  In transmitting the amended rule to Congress, the Supreme Court stated that the Amendment "shall

disclosures include "a complete statement of all opinions that the defendant will elicit from the witness in the defendant's case-in-chief" as well as "the bases and reasons for them." Fed. R. Crim. Pro. 16. The amendment was intended to address the Rules Committee's stated concern regarding "insufficient pretrial disclosure of expert witnesses." *See* Advisory Committee on Criminal Rules, Report of the Advisory Committee on Criminal Rules at 4 (June 1, 2021). The cursory defense notice falls far short of the disclosure required under the prior Rule 16, much less the robust disclosure envisioned under the amended rule.

The defense tacitly acknowledged the inadequacy of its filing, advising, "the Defense will update this disclosure as necessary for the Daubert Hearing and trial and will provide the Government with any expert report from Mr. Fischbach, should he write one." ECF No. 107 at 4. Indeed, the current defense notice merely sets forth, in bullet point form, five single-sentence vague statements and conclusory assertions presented as Mr. Fischbach's anticipated testimony. Furthermore, the list is prefaced by the introduction that the enumerated areas of anticipated testimony pertain specifically to the *Monsanto* motions hearing. ("At the January 13th, 2023, hearing on the Defendant's motion to release untainted seized assets, we expect Mr. Fischbach to testify regarding the following.") ECF No. 107 at 4. The defense makes no disclosures whatsoever as to Mr. Fischbach's intended trial testimony.

---

govern in all proceedings in criminal cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Fed. R. Crim. Pro. 16 Submission Letter, from Justice John Roberts to the Hon. Nancy Pelosi and the Hon. Kamala Harris, April 11, 2022. In light of the continuance of the trial from January 2023 to September 2023—at the defendant's request and over the government's objection—and given that the defense appears to be only in the preliminary stages of engaging potential experts, the government submits that it is just and practicable to require adherence to the amended rule. In anticipation of the amendment, the government's blockchain analysis reports were crafted to comply with the updated text. To the extent the government's other expert notices, filed in October 2022, failed to include the experts' signatures and a detailed listing of their prior testimony and publications as required by the amended rule, the government will supplement the disclosures prior to trial.

To the extent the defense expects that Mr. Fischbach would testify at trial to similar topics to those at issue in the pending *Monsanto* proceeding, the notice still fails for lack of specificity and failure to state the basis for the testimony. The defense notice indicates that Mr. Fischbach will testify "in rebuttal to the Government's anticipated expert testimony," but does not provide any detail as to *what* Mr. Fischbach will actually say. The government has made fulsome, detailed disclosures of its anticipated expert testimony, and defense has vigorously challenged the government's findings in numerous filings; the defense can hardly claim to be ignorant of the subject matter or details of the government's expert testimony. Rule 16 requires the defense to provide a detailed statement regarding its anticipated expert testimony; the defense cannot simply state that their expert will disagree with the government's experts with no further detail, which is in effect what the defendant has noticed in his filing. Finally, Rule 16 requires that the defense disclose the bases and reasons for its expert's conclusions. The defense notice provides no detail whatsoever about the bases and reasons for Mr. Fischbach's conclusions. In short, the defense notice is patently inadequate.

**D.  The Government May Challenge the Defense "Expert" Under *Daubert***

Due to the inadequacies of the defense pleading and its inconsistencies with counsel's representations at the motions hearing in this matter held on January 13, 2023, the government is unclear whether defense counsel intends to present Mr. Fischbach as an expert in blockchain analysis or cryptocurrency. The defense "expert notice" indicates that Mr. Fischbach "may be asked to testify" as to his "over a decade of experience with various cryptocurrencies" "relative to evidence or opinions presented by the Government." ECF No. 107 at 4. As a preliminary matter, the government is unclear what the defense is seeking to convey in this statement, and the text offers no clues as to what technical details or opinions Mr. Fischbach would be testifying to.

9

Furthermore, at the hearing held January 13, 2023, defense counsel indicated that the defense was still attempting to identify and retain a blockchain analysis expert, and noted dissatisfaction with a prior potential expert, suggesting that Mr. Fischbach is *not* intended as the defense's cryptocurrency expert.

To the extent the defense intends to offer Mr. Fischbach as an expert in blockchain analysis or cryptocurrency, Mr. Fischbach appears to lack the necessary skills or background for qualification as an expert in that area. Mr. Fischbach's practice is focused on personal electronic device forensics and analysis of cell phone location information. The government is unaware of any credentials, training, or expertise in cryptocurrency held by Mr. Fischbach. No such expertise is reflected on Mr. Fischbach's curriculum vitae, and the government has not located any reference to such work on Mr. Fischbach's company website. The defense notice indicates that Mr. Fischbach has "over a decade of experience with various cryptocurrencies, as well as with methods of buying, selling, mining, and valuation," but provides no detail regarding this supposed experience, and does not suggest that he has any experience in tracking or tracing cryptocurrency transactions. To the best of the government's knowledge, Mr. Fischbach's extensive work as a defense consultant has never before involved work related to cryptocurrency. Indeed, the language of the notice would be consistent with Mr. Fischbach being merely a casual user of cryptocurrency in a personal capacity. If the defense intends to offer Mr. Fischbach as an expert in blockchain analysis, the defense must promptly supplement its expert notice and provide detail of Mr. Fischbach's work and expertise in the area; the government anticipates that it would likely challenge Mr. Fischbach's credentials and findings pertaining to blockchain analysis under *Daubert*.

If the defense intends merely to introduce testimony from Mr. Fischbach regarding his review of the defendant's electronic devices and what he did or did not find, the defense should file an amended notice clarifying Mr. Fischbach's intended testimony and detailing the "complete statement of opinions" that Mr. Fischbach will offer and the basis for them.  At present, the defense filing titled "Notice of Proposed Expert" is so lacking in substance that it can hardly be considered an expert notice at all, and certainly not one satisfying Rule 16.

The government respectfully asks that the Court impose a deadline for such supplemental expert notice sufficiently in advance of the April 13, 2023 motions hearing to allow the government adequate time to review the disclosure and prepare a *Daubert* motion if appropriate.[3]  A deadline of no later than March 10, 2023 would be adequate for the government's response.

**CONCLUSION**

For the foregoing reasons, the Court should exclude Mr. Fischbach's irrelevant testimony during the continuation of the *Monsanto* proceeding on January 31, 2023.  Further, the Court should order the defendant to file a legally sufficient expert disclosure sufficiently in advance of the April 13, 2023 motions hearing to allow the government adequate time to review the disclosure and prepare a *Daubert* motion if appropriate, and in any event no later than March 10, 2023.

---

[3] See ECF No. 83 (Def. Motion To Continue Trial), at 4 ("[T]he Defense needs time to find its own experts and notice the Government accordingly.  And the Government will need it's time to respond to the Defense's notice of experts.").

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov