# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

*United States of America*,

                Plaintiff,

    v.

*Roman Sterlingov*,

                Defendant.

21 - CR - 399 (RDM)

**Motion to Appoint Current Defense Counsel as CJA Counsel**

TO THE HONORABLE RANDOLPH D. MOSS, UNITED STATES DISTRICT JUDGE FOR THE DISTRICT OF COLUMBIA:

    Defendant Roman Sterlingov hereby moves to have his current attorney, Tor Ekeland of Tor Ekeland Law, PLLC ("the Firm"), appointed by the Court to represent him under the Criminal Justice Act ("CJA"), Title 18, United States Code, § 3600A. In support of this Motion, Mr. Sterlingov states:

1. Mr. Sterlingov is charged in a four-count indictment with money laundering conspiracy (Count One), money laundering (Count Two), operating an unlicensed money transmitting business (Count Three), and money transmission without a license (Count Four).[1]

2. The indictment also contains a criminal forfeiture allegation, seeking forfeiture, upon Sterlingov's conviction on Counts One, Two, and Three of "any property,

---

[1] Dkt. 43.

real or personal, involved in the offense, and any property traceable thereto," pursuant to 18 U.S.C. § 982(a)(1).[2]

3. Three days after Sterlingov was indicted, a U.S. Magistrate Judge of this Court issued a seizure warrant for the contents of two accounts associated with Sterlingov at the digital currency exchange known as Kraken.[3]

4. One of these accounts was held in Mr. Sterlingov's name and the other in the name of his VPN business.[4]

5. On August 1, 2022, Mr. Sterlingov filed a motion to release the assets seized by the government.[5]

6. On March 6, 2023, this Court denied Mr. Sterlingov's Motion to Release Seized Assets.[6]

7. In its March 6, 2023, Order, this Court found that Mr. Sterlingov has met his burden of showing that he needs the seized funds for his defense.[7]

8. In its March 6, 2023, Order, this Court recognized that this is a complex case and that the fees and expenses that Mr. Sterlingov's counsel anticipates incurring appear realistic.[8]

9. Without access to the seized funds, Mr. Sterlingov lacks the means to pay attorney fees and expenses in this case.

10. Mr. Sterlingov states in his Declaration, submitted to this Court as Exhibit A in his December 21, 2022, Supplemental Motion to Release Seized Assets, that "My

---

[2] *Id.*
[3] Dkt. 53-2 at 5.
[4] *Id.* at 5, *see also* Rough Hearing Tr. at 109 (Jan. 31, 2023).
[5] Dkt. 48.
[6] Memorandum Opinion and Order, Dkt. 116.
[7] Dkt. 116 at 8.
[8] Id at 9, *See also* Rough Hearing Tr. at 8–9, 15, 17–18 (Jan. 13, 2023); *see* Dkt. 110 at 3 (Def.'s Ex. K).

legal fees and expenses in this case far exceed the amounts paid to my attorneys of choice. Tor Ekeland Law, PLLC is my counsel of choice, and without access to the seized assets, I have no way of paying for their representation for what is likely to be a multi-week trial. Nor do I have the money to pay for the expensive experts necessary in this complex blockchain prosecution."[9]

11. Mr. Sterlingov requests the appointment of his current attorney as his CJA counsel. Undersigned counsel has represented Mr. Sterlingov for well over a year; and is thoroughly and intimately familiar with this case.

12. This case is an extended and complex blockchain prosecution that contains several matters of first-impression in computer law.

13. This prosecution is the result of a nearly decade-long investigation that involved multiple federal agencies and for-profit digital forensics companies.

14. Electronic discovery produced by the government thus far totals over three terabytes of data, which undersigned counsel continues to review.

15. Under these circumstances, it would severely impair Mr. Sterlingov's defense and cause substantial further delay to assign new attorneys to the case.

---

[9] Dkt. 101-1 ¶58.

16. The CJA expressly authorizes court appointment of previously retained counsel when the court "finds that the person is financially unable to pay counsel whom he retained".[10]

For the above reasons, Mr. Sterlingov requests that his current attorney Tor Ekeland of Tor Ekeland Law, PLLC, be appointed to represent him under the CJA.

March 21, 2023
Brooklyn, NY

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law PLLC
30 Wall Street, 8th Floor
New York, NY 10005
t: (718) 737-7264
f:(718) 504-5417
tor@torekeland.com

---

[10] CJA, 18 U.S.C. § 3600A(c).

## CERTIFICATE OF SERVICE

  I hereby certify that on the 21st day of March 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

_____

*United States of America*,

                      Plaintiff,

      v.

*Roman Sterlingov*,

                      Defendant.

_____

21 - CR - 399 (RDM)

**Proposed Order Granting Defendant's Motion to Appoint CJA Counsel**

The Defendant Roman Sterlingov's motion to appoint his previously retained counsel, Tor Ekeland of Tor Ekeland Law, PLLC, as counsel under the Criminal Justice Act is GRANTED.

Therefore, Tor Ekeland of Tor Ekeland Law, PLLC, is hereby appointed under the Criminal Justice Act to represent Roman Sterlingov in this case.

So ordered on the _____ day of _____, 2023

                                        _____
                                        Hon. Randolph D. Moss
                                        United States District Judge