UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SUPPLEMENTAL NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby supplements its previous notice, ECF 61, of its intent to introduce expert testimony pursuant to Fed. R. Evid. 702, 703, and 705, and Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. This supplemental notice largely restates the prior notice, with several additions, and serves to ensure compliance with the recent amendments to Fed. R. Crim. Pro. 16.

### INTRODUCTION

The government filed its original Notice of Intent to Present Expert Testimony, ECF 61, on October 24, 2022. The defense opposed in part, ECF 72, and the government filed its reply in support, ECF 77, on November 14, 2022. Amended expert disclosure provisions of Fed. R. Crim. Pro. 16 went into effect on December 1, 2022. The amended Rule 16 requires that expert disclosures include "a complete statement of all opinions" that the parties will elicit from the witnesses, as well as "the bases and reasons for them." Fed. R. Crim. Pro. 16. The disclosures must also include "a list of all publications authored in the previous 10 years" and "a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition." The Rule also requires that the witness approve and sign the disclosure.

1

**WITNESSES**

Included as exhibits attached to this filing are disclosures for the government's noticed witnesses. Each exhibit is approved and signed by the witness, as now required by Rule 16. The exhibits note the witnesses' prior testimony and publications, and the witnesses' curriculum vitae (or other relevant statement of qualifications) are included as attachments. Where witnesses have prepared reports that have been provided separately to defense counsel, the disclosures incorporate those reports by reference. *See* Fed. R. Crim. Pro. 16 ("If the government previously provided a report … that contained information required by [the rule], that information may be referred to, rather than repeated, in the expert-witness disclosure.").

The United States intends to call the following witnesses, who are expected to testify to the information set forth in the corresponding exhibits and referenced reports:

- Luke Scholl (Exhibit 1);
- Elizabeth Bisbee (Exhibit 2);
- Matthew St. Jean and/or Valerie Mazars de Mazarin (Exhibit 3);
- Theodore Vlahakis (Exhibit 4); and
- Sarah Glave (Exhibit 5).

The government has also included as Exhibit 6 a disclosure pertaining to potential translator witnesses.

Many of the witnesses above will testify primarily as fact witnesses, but they possess special skills or knowledge that will assist the jury in understanding some of the evidence in the case. To the extent that aspects of these witnesses' testimony could arguably be considered expert testimony under Rule 902, the government is providing this notice of their anticipated testimony out of an abundance of caution. Other government witnesses, who are not being

noticed here, will also provide testimony regarding darknet marketplaces, Tor, virtual currency, exchanges, blockchain analysis, mixers, electronic evidence, and similar topics. Their testimony, however, will be as fact witnesses based on their personal knowledge and conduct of the investigation, not as expert testimony as defined in Fed. R. Evid. 702.

As previewed in the government's original Expert Notice, ECF 61, the government separately filed a Notice and Motion in Limine to Admit Certain Government Exhibits, which seeks to authenticate certain electronic evidence through certifications that comply with the requirements of Fed. R. Evid. 902(11), 902(13), 902(14), and/or 18 U.S.C. § 3505, and through the evidence's distinctive characteristics under Fed. R. Evid. 901(b)(4). ECF 62. If that motion is not granted, the government will need to call additional witnesses to testify regarding the process through which information from various electronic devices or files was reliably retrieved and/or copied. These witnesses are not expected to provide expert opinion testimony, but may need to be noticed out of an abundance of caution for their testimony regarding the processes by which the electronic evidence was obtained. Similarly, such witnesses may be needed to rebut any defense arguments regarding the reliability of the admitted evidence. If called, the government expects these witnesses to testify consistent with their executed certifications.

## CONCLUSION

The government respectfully submits that the testimony of the above witnesses will help the jury understand the evidence in this case.

                Respectfully submitted,
                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
                Christopher B. Brown, D.C. Bar No. 1008763
                Assistant United States Attorney
                U.S. Attorney's Office for the District of Columbia
                601 D Street, N.W.
                Washington, D.C. 20530
                (202) 252-7153
                Christopher.Brown6@usdoj.gov

                */s/ C. Alden Pelker*
                C. Alden Pelker, Maryland Bar
                Trial Attorney, U.S. Department of Justice
                Computer Crime & Intellectual Property Section
                1301 New York Ave., N.W., Suite 600
                Washington, D.C. 20005
                (202) 616-5007
                Catherine.Pelker@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | Criminal No. 21-cr-399 (RDM) |
| | : | |
| **ROMAN STERLINGOV,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

Upon consideration of the government's Supplemental Notice of Intent to Provide Expert Testimony, any opposition thereto, and such evidence and argument as has been presented at any hearing on the motion, it is this _____ day of _____, 2023, hereby

ORDERED, that the motion is GRANTED.

_____
THE HONORABLE RANDOLPH D. MOSS
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

5