UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE AND MOTION
FOR ORDER TO SHOW CAUSE REGARDING ONGOING
VIOLATIONS OF LOCAL CRIMINAL RULE 57.7(b)

The United States respectfully files this response to the "Defendant's Notice and Motion for Order To Show Cause Regarding Ongoing Violations of Local Criminal Rule 57.7(b)," ECF No. 125.  Two points merit mention.

**A.  Defendant's Position Implicitly Concedes that, under Local Criminal Rule 57.7(c), the Court Should Preclude Extrajudicial Commentary by Attorneys for Either Party**

The defense concedes that Local Criminal Rule 57.7(b) appropriately restricts attorneys in criminal cases, and that an order pursuant to Rule 57.7(c) is warranted under the circumstances of this case to safeguard the rights of both parties to a fair trial with an impartial jury.  Accordingly, the government requests that the Court enter the attached proposed Order to preclude the parties from making any extrajudicial statements about the merits of the case or the evidence of the case, or the identity, testimony, or credibility of any prospective witnesses in the case.

**B.  The Defense Filing Makes Erroneous Statements of Fact to the Court**

The government also clarifies erroneous statements of fact asserted in the defendant's cross-motion:

- The defendant misrepresents (ECF 125 at 2-4) the contents of *Tracers in the Dark* by WIRED journalist Andy Greenberg.  The book does not contain a single

statement by any attorney for the government related to Bitcoin Fog or to the defendant.  Out of 326 pages (not including endnotes), *less than three full pages* relate to Bitcoin Fog or the defendant in any way.  The two agents referenced in that passage, Special Agent Matthew Price and Special Agent Tigran Gambaryan, are no longer employed by the government and were not so employed at the time the book was published.  Although Trial Attorney Pelker is referenced in other parts of the book, not a single one of these instances relates to Bitcoin Fog or the defendant.  The government had no pre-publication knowledge of the contents of Mr. Greenberg's book related to Bitcoin Fog (unlike defense counsel) and there is no basis for the suggestion (ECF No. 125 at page 4) that the government somehow stands to profit from "a Hollywood documentary to be directed by Academy Award-winning documentary director Alexander Gibney."  The excerpt from the book published as a cover story in WIRED Magazine related to the government's investigation and takedown of Welcome to Video, the world's largest Tor-based child sexual abuse material (CSAM) website; the article did not reference Bitcoin Fog or the defendant in any way.[1]

- The defendant misrepresents (at 4-5) the circumstances surrounding the WIRED Magazine article by Mr. Greenberg published on the day the defendant's arrest warrant was publicly unsealed.  No attorney for the government made any statement to Mr. Greenberg about Bitcoin Fog, the defendant, or the prosecution—a fact that

---

[1] Andy Greenberg, *The Crypto Trap: Inside the Bitcoin Bust That Took Down the Web's Biggest Child Abuse Site*, WIRED (Apr. 7, 2022), available at https://www.wired.com/story/tracers-in-the-dark-welcome-to-video-crypto-anonymity-myth/.

is obvious from the face of the article itself.[2]   The government did not tip off or provide any information to Mr. Greenberg about the case or the defendant's arrest. Shifting focus away from the government, the defense asserts (at 5) that Chainalysis "is an agent of the Government," but that is neither legally nor factually accurate, and such rhetoric should not obscure the absence therein of any statement by a government attorney under Local Criminal Rule 57.7(b).

- The defense makes up a false story (at 5-7) that the government orchestrated a confusingly elaborate scheme to induce a group of researchers into writing a research paper about this case and presenting it at the USENIX Security Symposium in Boston, Massachusetts.  The defense further accuses the government (at 6) of sharing some sort of "dataset" with those researchers, and claims that the dataset (whatever it is) is subject to the Protective Order in this case.   The government respectfully submits, based on review of the referenced whitepaper publicly available online,[3] that the defense simply misunderstands (1) the subject matter of the paper (which has little to do with Bitcoin Fog), (2) what data was used by the researchers (*i.e.*, the publicly available Bitcoin blockchain and the publicly available Complaint Affidavit docketed in this case[4]), and (3) the conclusions

---

[2] Andy Greenberg, *Feds Arrest An Alleged $336M Bitcoin-Laundering Kingpin*, WIRED (Apr. 27, 2021), available at https://www.wired.com/story/bitcoin-fog-dark-web-cryptocurrency-arrest/.

[3] George Kappos *et al.*, *How to Peel a Million: Validating and Expanding Bitcoin Clusters* (2022), available at https://www.usenix.org/system/files/sec22-kappos.pdf.

[4] *See id.* § 7.3.1 ("*According to the affidavit of an IRS special agent*, one of the main pieces of evidence against Sterlingov was the connection of a deposit made in 2011 to the Bitcoin Fog cluster (tx3 in Figure 5) with a withdrawal from the Mt. Gox exchange cluster (tx1), in which Sterlingov had an account using his real name.") (citing Complaint Affidavit available on Courtlistener.com website) (emphasis added).

arrived at by the paper's authors.  *See* ECF No. 93, at 15 (addressing Kappos whitepaper).

- Finally, unable to identify a single statement on the merits of the case by a government attorney, the defense switches targets entirely and takes aim at Chainalysis (at 7).  Defense counsel's personal animus towards Chainalysis—on full display here—is irrelevant to Local Criminal Rule 57.7(b), which governs statements by attorneys about the merits of a pending criminal case, not statements by private companies about unrelated subject matter.

The government supported its request for an order with specific documentation of specific statements implicated the Local Rule; the defense filing was rife with false information and did not demonstrate any failure by the government to comply with the rule.  These statements underscore the necessity of an order to avoid public commentary likely to have a substantially prejudicial effect on this case.

## CONCLUSION

For the foregoing reasons, the Court should enter the proposed Order precluding counsel for both parties from making extrajudicial statements to the media or public audiences regarding this case.

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:     */s/ Christopher B. Brown*
        Christopher B. Brown, D.C. Bar No. 1008763
        Assistant United States Attorney
        U.S. Attorney's Office for the District of Columbia
        601 D Street, N.W.
        Washington, D.C. 20530
        (202) 252-7153
        Christopher.Brown6@usdoj.gov

        */s/ C. Alden Pelker*
        C. Alden Pelker, Maryland Bar
        Trial Attorney, U.S. Department of Justice
        Computer Crime & Intellectual Property Section
        1301 New York Ave., N.W., Suite 600
        Washington, D.C. 20005
        (202) 616-5007
        Catherine.Pelker@usdoj.gov