UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

The United States respectfully files this Notice of Supplemental Authority regarding the Supreme Court's recent decision in *Smith v. United States*, No. 21-1576 (June 15, 2023), a copy of which is attached. In *Smith*, the Court held that, if a court overturns a conviction because the trial occurred in a constitutionally improper venue and vicinage, the government may retry the defendant in a proper locale. *Smith* explicitly did not reach any question about the substantive scope or construction of the Venue Clause contained in Art. III § 2 cl. 3 of the U.S. Constitution or the Sixth Amendment Vicinage Clause. Slip Op. at 3 n.1. However, *Smith* did reiterate several points of relevance to the defendant's pending Motion To Dismiss as to venue and the government's Opposition. *See* ECF No. 46, 52. First, *Smith* reiterated the holding in *Hyde v. United States*, 225 U.S. 347 (1912), that a defendant in a conspiracy prosecution may be tried "in any State in which any co-conspirator took any overt act in furtherance of the endeavor." Slip Op. at 6. Second, *Smith* found that "avoiding hardship to the defendant" is not a "core purpose of the Venue Clause," and observed that the Venue Clause is focused on the location of the alleged crime and not where the defendant resides. *Id.* at 5-6 (internal quotations and alteration omitted). Third, *Smith* consulted "[e]arly American practice" and "the early years of practice following ratification" in order to construe the meaning of the Venue Clause and Vicinage Clause. *Id.* at 12-13. The

Court found that the historical "absence alone" of any court barring retrial after dismissal for improper venue was "considerable evidence" that the Clauses do not actually bar retrial.

<div style="margin-left: 3em;">

Respectfully submitted,
MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY:   */s/ Christopher B. Brown*
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7153
Christopher.Brown6@usdoj.gov

*/s/ C. Alden Pelker*
C. Alden Pelker, Maryland Bar
Trial Attorney, U.S. Department of Justice
Computer Crime & Intellectual Property Section
1301 New York Ave., N.W., Suite 600
Washington, D.C. 20005
(202) 616-5007
Catherine.Pelker@usdoj.gov

</div>