UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>  Defendant. | No. 21-cr-399 (RDM) |

**DEFENDANT'S NOTICE OF INTENT TO PRESENT EXPERT TESTIMONY**

Defendant Roman Sterlingov by and through counsel, and under Fed. R. Evid. 702, 703, and 705, and Federal Rule of Criminal Procedure 16, hereby provides notice of his intent to introduce expert testimony as necessary at the upcoming Daubert and In Limine hearings and at trial. All these witnesses, except for Jonelle Still from Ciphertrace, have previously been noticed to the Government. The Defense hereby provides notice of the anticipated testimony of the expert witnesses listed below:

- Dr. Francisco Cabanas - Exhibit A
- Dr. Itiel Dror - Exhibit B
- Jeff Fischbach - Exhibit C
- Jonelle Still (Ciphertrace) - Exhibit D
- J.W. Verret -Exhibit E

This notice attaches their revised and signed expert disclosures. Based on the Government's sealed filings, and discussions with the Government, the Defense is withdrawing Mr. Jonathan Scott as an expert witness and proffers Ms. Still's expert testimony as a blockchain tracing expert in his stead. Mr. Fischbach's disclosure is currently unsigned, as he is in Alaska

1

and having internet connectivity issues preventing the Defense from obtaining his e-signature. The Defense will provide a signed copy of his disclosure as soon as possible. The witnesses listed in the attached exhibits possess special skills and knowledge that will assist the Court and Jury in understanding the evidence in this case. These witnesses' testimony should be considered expert testimony under Rule 702. Each expert witnesses' curriculum vitae has been sent to the Court and the Government via email, along with a list of cases from the last four years that the witnesses have testified in and their publications from the prior ten years.

As the Defense's investigation and review of the Government's discovery proceeds, the Defense will supplement these disclosures as necessary.

The Government charges Mr. Sterlingov with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); Money Laundering, in violation of 18 U.S.C. § 1956(a)(3)(A), (B); Operating an Unlicensed Money Transmitting Business and Aiding and Abetting, in violation of 18 U.S.C. § 1960(a) and 18 U.S.C. § 2; and Money Transmission Without a License, in violation of D.C. Code § 26-1023(c).

There is no evidence of Roman Sterlingov ever operating Bitcoin Fog. What forensics evidence the Government has turns on new and standardless black-box blockchain forensic software implementing unscientific, non-peer-reviewed heuristic algorithms to trace Bitcoin transactions. Using speculative digital forensics, the Government indulges in cognitive and confirmation bias, making inaccurate I.P. address attributions, blockchain clustering assertions, and conclusory assumptions about The Onion Routing Network (TOR Network), financial accounting forensics, encryption, mathematics, and computer science that are not within the common knowledge of the average juror. The lack of forensic evidence showing Mr. Sterlingov operating Bitcoin Fog, its complete absence from any of his seized electronic devices, storage

devices, notes, and diaries goes directly to the integrity of the Government's prosecution. This is the first real test of Chainalysis Inc.'s black-box blockchain forensics. It is the first time the Government's forensics in a blockchain case like this face adversarial testing at trial. The testimony of these experts is crucial to demonstrating the Government's flawed, biased forensics, and glaring omissions. Particularly after the Government's own experts testified at the last Daubert Hearing on June 23, 2023, that they could neither cite any scientific peer-reviewed paper attesting to Chainalysis Reactor's accuracy, nor had any knowledge of its statistical error rate, false positive rate, or false negative rate. Indeed, the Government's proffered witness from Chainalysis testified that she was not aware of any internal analysis at Chainalysis of Chainalysis Reactor's error rate. The Defense's proffered experts are necessary to rebut the Junk Science the Government is peddling as valid without a scrap of scientific evidence.

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Expert testimony is appropriate if specialized knowledge will assist the jury "to understand the evidence or to determine a fact in issue." *United States v. Eiland*, No. 04-379 RCL, 2006 WL 2844921, at *5 (D.D.C. Oct. 2, 2006) *aff'd*, 738 F.3d 338 (D.C. Cir. 2013).

A witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise, if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Id*. (citing Fed. R. Evid. 702).

## CONCLUSION

The Defense submits that the expert testimony of the witnesses disclosed in the attachments to this filing will assist the jury and the Court in their understanding of the evidence in this case.

Dated: July 7, 2023
New York, New York

>Respectfully submitted,
>
>/s/ Tor Ekeland
>Tor Ekeland (NYS Bar No. 4493631)
>*Pro Hac Vice*
>Tor Ekeland Law, PLLC
>30 Wall Street, 8th Floor
>New York, NY
>t:  (718) 737 - 7264
>f:  (718) 504 - 5417
>tor@torekeland.com
>
>/s/ Michael Hassard
>Michael Hassard (NYS Bar No. 5824768)
>*Pro Hac Vice*
>Tor Ekeland Law, PLLC
>30 Wall Street, 8th Floor
>New York, NY
>t:  (718) 737 - 7264
>f:  (718) 504 - 5417
>michael@torekeland.com
>
>*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of July 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System. I also certify that a true and correct copy of the foregoing was sent to the following individuals via e-mail, and that experts' CVs were separately sent to the Court and the government via email:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov