UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>    Defendant. | **No. 21-cr-399 (RDM)** |

# DEFENSE'S SECOND MOTION REQUESTING FULL ACCESS TO DEFENDANT TO PREPARE FOR TRIAL AND TRANSFER TO AN APPROPRIATE FEDERAL FACILITY

## Introduction

Mr. Sterlingov is the Defendant in the above-captioned matter whose trial is scheduled for September 14, 2023. He is currently incarcerated pretrial at the Rappahannock Regional Jail ("Jail") in Rappahannock, Virginia to which he was transferred from the Northern Neck Regional Jail in Warsaw, Virginia after Defense Counsel filed a motion with this Court complaining of a lack of access to Mr. Sterlingov for the purposes of preparing for his trial. Upon arrival for what the Defense believed would be an attorney visit in an attorney room at the Jail, Jail employees told Defense Counsel that they have been instructed by the United States Marshals not to allow Defense Counsel access to Mr. Sterlingov in a private attorney room to prepare for trial. The conditions under which Mr. Sterlingov has been, and is being, held has and continues to compromise preparation of his Defense. Despite the only justifications for pretrial detention of a defendant being the safety of the community (Mr. Sterlingov is no threat) and assurance that the Defendant will show up for trial, Mr. Sterlingov is being denied full access to his lawyers and defense team and is being held under punitive conditions.

Upon being moved to the Rappahannock Regional Jail, Mr. Sterlingov was placed in solitary confinement. He is currently locked in a cell with one other inmate 23 hours a day.

Mr. Sterlingov does not have access to discovery to prepare for trial. Defense counsel spent substantial time and money getting Mr. Sterlingov access to discovery while he was incarcerated at the Northern Neck Regional Jail. At the Northern Neck Regional Jail, Mr. Sterlingov had a hard drive with most of the discovery materials. Additionally, Mr. Sterlingov had a significant amount of paper documents that he was using to prepare for trial. Upon his move to the Rappahannock Regional Jail, none of his materials were transferred with him.

On August 11, 2023, Defense counsel travelled to Rappahannock, Virginia with expert witness J.W. Verret to prepare for trial. The Jail did not allow Defense counsel nor the expert witness to visit Mr. Sterlingov in a confidential attorney client room. The Jail restricted the Defense to communicating with Mr. Sterlingov through a glass barrier, in a room containing video cameras and microphones.

Since Mr. Sterlingov's transfer to Rappahannock Regional Jail, there have been many issues with communicating with Mr. Sterlingov. Despite Defense attorney phone numbers being submitted to the Jail, Mr. Sterlingov's calls require payment and are limited in duration. This issue was finally resolved this morning.

This Court should order the Jail to provide full access to Mr. Sterlingov, or in the alternative, release Mr. Sterlingov to his attorneys under pretrial supervision as he is not a threat to the community, he is determined to show up to trial to fight these baseless charges, and there is no weight to the Government's evidence as there is no corroborating evidence for its case built on junk science block chain forensics for which there is no scientific evidence for its accuracy, nor known error rates.

## Legal Standard

The Sixth Amendment to the Constitution protects criminal defendants' rights to attorney-client communication and effective assistance of counsel. "[I]t has long been recognized that the essence of the Sixth Amendment right is privacy of communication with counsel."[1] This District has repeatedly upheld protections on the free flow of communication between defendants and their attorneys.[2]

---

[1] *See Weatherford v. Bursey*, 429 U.S. 545, 563, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (Marshall, J., dissenting) (internal quotation marks and ellipsis omitted).
[2] *See U.S. v. Eniola*, 893 F.2d 383 (D.C. Cir. 1990); *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978).

*U.S. v. Eniola* discusses the importance of attorney-client communication and the Sixth Amendment right to effective assistance of counsel.[3] *Campbell v. McGruder* sets out the general framework for analyzing the rights of pretrial detainees, which includes the presumption of innocence and the need to balance the detainee's liberty interests against the state's need to protect the community.[4]

In *Eniola* the court held that "the sixth amendment protects the defendant against intrusions that could inhibit the free exchange of information between attorney and client."[5] When the government uses pre-textual excuses to deny access, courts in this District have repeatedly found that improper. For example, in *Hatim v. Obama*, the court found that the government's new search procedures were an exaggerated response to overstated security concerns, and that the rationales offered by the government were but a pretext for the real purpose, which was to restrict detainees' access to counsel.[6]

The Bureau of Prisons has set standards for jailers' conduct concerning attorney-inmate access. BOP in-person legal visits at pretrial facilities are governed by national Program Statement 1315.07: Inmate Legal Activities. The Policy states, in part, that the Warden may not "limit the frequency of attorney visits since the number of visits necessary is dependent upon the nature and urgency of the legal problems involved."[7] In addition, the Policy states that "the Warden shall set the time and place for visits."[8] Program Statement 7331.04: Pretrial Inmates

---

[3] *Eniola*, 893 F.2d at 387.
[4] *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978).
[5] *U.S. v. Eniola*, 893 F.2d 383 (D.C. Cir. 1990).
[6] *Hatim v. Obama*, 760 F.3d 54, 57 (D.C. Cir. 2014).
[7] Report and Recommendations Concerning Access to Counsel at the Federal Bureau of Prisons' Pretrial Facilities, ADVISORY GROUP OF DOJ COMPONENTS § II A 1(July 20, 2023) (available at: https://www.justice.gov/d9/2023-07/2023.07.20_atj_bop_access_to_counsel_report.pdf).
[8] *Id.*

provides additional guidance regarding access to legal resources, stating that "the Warden shall provide the opportunity for pretrial inmate-attorney visits on a seven-days-a-week basis."[9]

> Nearly every stricture of the jail's regimen will prevent the pretrial detainee from doing what he would be otherwise free to do. The very conditions of confinement are additional deprivations of liberty. They are also punishment, and, as the restrictions of the jail accumulate, the detainees' punishment becomes more severe.[10]

## Argument

Mr. Sterlingov's pre-trial detention in the Rappahannock Regional Jail is materially impacting his defense. The pretextual, unconstitutional behavior of his jailers has significantly added to the time and expense involved in this defense. This is to say nothing of the Jail's substandard conditions, nutrition and medical care which is directly impacting Mr. Sterlingov's health. Mr. Sterlingov has been convicted of no crime, yet he is being punished as if he has. The only purpose of pretrial detention is to assure the Defendant's appearance in Court, as Mr. Sterlingov has not been found to be a threat to the community. What is happening here goes far beyond that and is a direct violation of his constitutional rights.

Mr. Sterlingov's pretrial solitary confinement violates his 8th Amendment rights to be free of cruel and unusual punishment. Mr. Sterlingov has not been provided with any justification for his pretrial solitary confinement. Quarantine is an unacceptable justification for incarcerating an innocent Defendant pretrial where the defendant has passed all required COVID tests. The psychological and physical effects of solitary confinement are well documented. Mr. Sterlingov has not been convicted of any crime. But this system constantly treats him like he has been.

---

[9] *Id.*
[10] *Campbell v. McGruder*, 580 F.2d 521 (D.C. Cir. 1978) citing *Cummings v. Missouri*, 71 U.S. 277, 321-22 (1867); *Brown v. Wilemon*, 139 F.2d 730, 732 (5th Cir. 1944), cert. denied sub nom., *Wilemon v. Bowles*, 322 U.S. 748 (1944).

This case is a complex case involving multiple matters of first impression in relation to Bitcoin, the blockchain and untested blockchain forensics. There is a significant volume of electronic discovery. The Jail has denied Mr. Sterlingov access to and time with Defense counsel necessary to review the voluminous discovery in this case and prepare his defense. Speaking with Mr. Sterlingov through phone calls, video visit, or through the glass in [the] lobby area is insufficient for these purposes. Moreover, it puts him under the purview of the prying eyes and ears of a Jail seeking to curry favor with its federal contractors.

Sec. G.2.2.b of the Federal Performance Based Detention Standards Handbook directs facilities housing federal inmates to ensure uncensored contact with attorneys and authorized representatives.[11] The Jail is in direct violation of this standard and the Constitution.

### 1. The Court Should Order the Jail to Provide Full Access to Mr. Sterlingov

Early in the representation, Defense counsel was able to speak with Mr. Sterlingov over Zoom through which multiple individuals would be able to speak with Mr. Sterlingov at the same time. The Northern Neck Regional Jail then limited video-call access to communications through Securus. The Securus video platform does not facilitate multiple people joining a video call and limits Mr. Sterlingov's video communications to a single person at a time. This makes it difficult for Mr. Sterlingov to work with his full defense team of lawyers and experts. Moreover, the Securus software is buggy, repeatedly glitches and is unreliable. Similarly, the phone system at the jail does not allow users to conference in multiple callers, limits calls to 15 minutes, and the audio quality renders the conversation inaudible and incomprehensible at points. This prevents Mr. Sterlingov from working with his attorneys and expert witnesses in a productive manner, increases transaction costs, and the time it takes to do everything. Likewise,

---

[11] Federal Performance Based Detention Standards Handbook, Rev 11, §G.2.2.b (May 2022) (available at: https://www.usmarshals.gov/sites/default/files/media/document/detention-standards.pdf).

communicating with Mr. Sterlingov through glass in the jail lobby is insufficient. Defense counsel needs Mr. Sterlingov to be able to work with them on computers to review records, provide context to documents, contribute to his defense.

Currently, at the Rappahannock Regional Jail, Defense Counsel is only able to communicate with Mr. Sterlingov through a glass barrier. Mr. Sterlingov's phone calls are limited. This is unconstitutional. Mr. Sterlingov has a right to put on a complete defense, and complete, unsurveilled access to Defense Counsel and expert witnesses is key to preparation for trial.

## 2. Mr. Sterlingov is Currently Denied Access to the Discovery and Cannot Prepare for the Upcoming Trial

When transferred from the Northern Neck Regional Jail to the Rappahannock Regional Jail, Mr. Sterlingov was not allowed to bring any of his papers, documents, or notes with him. These materials included substantial papers that Defense Counsel printed and mailed to him. Furthermore, Mr. Sterlingov was not allowed to take the hard drive containing all the Discovery in this case that he had at the Northern Neck Regional Jail. This situation prevents him from preparing for trial on the eve of trial, and Mr. Sterlingov needs to be granted access to his discovery immediately.

Mr. Sterlingov currently has no computer access at the Rappahannock Jail and cannot review any of the electronic discovery provided to him by the Government. The electronic discovery in this case is substantial. This is a first-of-its-kind cryptocurrency case in which the Government has brought forth absolutely no corroborating evidence, and is relying completely upon complex algorithmic blockchain tracing software licensed to it by its for-profit, black box, blockchain surveillance vendor, Chainalysis, Inc., for which there is no scientific evidence as to its accuracy, and which Chainalysis admits it doesn't know the error rates for.

This is not a typical case. The Government's entire misguided prosecution relies almost entirely upon electronic materials. Mr. Sterlingov has access to none of them. The Government doesn't have a single eyewitness to anything they're accusing Mr. Sterlingov of. We are currently less than one moth out from trial, and Mr. Sterlingov needs to be able to review discovery immediately.

3. **The Current State of Mr. Sterlingov's Defense is Punitive and Violates his Eighth Amendment Rights**

Mr. Sterlingov's detention in solitary confinement, and restrictions on complete access to his attorneys is punitive and is a violation of his Eighth Amendment Rights under the Constitution. Mr. Sterlingov has not been convicted of any crime, but he is being treated as though he has. If the Federal Government is incapable of providing adequate facilities for pretrial detainees, as appears to be the case, then this Court should release Mr. Sterlingov to his attorneys under the supervision of Pretrial Services.

4. **The Lack of Access to the Client Renders the Application of Fed. R. Crim. Pro. 16(c) Unconstitutional**

Mr. Sterlingov's pretrial detention conditions have made it difficult for him to communicate with his experts in this case. This has unnecessarily delayed the ability of the Defense to provide fulsome expert reports. Given this, Fed. R. Crim. Pro. 16(c) is unconstitutional as applied to the extent that it is applied as a bar to any expert testimony.

The recently amended Fed. R. Crim. Pro. 16(c) has yet to be challenged at trial in this District. The 2022 amendments generate extensive obligations for the Defense to provide fulsome expert witness disclosure that was not required under the previous version of Rule 16 that was in effect when this case began. Mr. Sterlingov's ongoing pretrial detention makes it

difficult, if not, impossible for him to comply with his obligations under the new version of the rule.

## Conclusion

This Court should order the Jail to provide Mr. Sterlingov's Defense counsel immediate and full access in the Jail's attorney-client room to prepare for his September 2023 trial. As per federal regulations, access should be provided 24-hours a day, seven days a week. Additionally, this Court should order the transfer of Mr. Sterlingov as soon as possible from the punitive substandard conditions he is being held in at the Jail to the federal facility at Alexandria, Virginia, or another appropriate federal facility near the courthouse. The current failure of the federal government to detain Mr. Sterlingov pretrial under conditions allowing him to prepare his defense in this complex and novel prosecution is a direct violation of his Fifth, Sixth and Eighth Amendment rights under the United States Constitution and has materially impacted and delayed his defense. If the Government cannot provide constitutional facilities for Mr. Sterlingov's pretrial detention, then this Court should order his immediate release pretrial so that he can adequately prepare his defense.

Dated: August 16, 2023
Lake Tahoe, California

        Respectfully submitted,

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of August 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov