Exhibit 'A'

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| UNITED STATES OF AMERICA | |
| --- | --- |
| Plaintiff, | **No. 21-cr-399 (RDM)** |
| v. | |
| ROMAN STERLINGOV | |
| Defendant. | |

## Motion to Authorize Issuance and Pretrial Return of Subpoena Duces Tecum to Chainalysis, Inc. Under Federal Rule of Criminal Procedure 17(c)

Defendant Roman Sterlingov ("Mr. Sterlingov") moves this Court under Federal Rule of Criminal Procedure 17(c) to authorize the issuance of the attached subpoenas duces tecum to Chainalysis, Inc. ("Chainalysis"), commanding the production of the items listed on the subpoenas on or before August 14, 2023, at 9:00 am., for the reasons set forth in the attached memorandum in support of this motion.

Dated: August 2, 2023
New York, New York

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Appointed Counsel*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Appointed Counsel*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | **No. 21-cr-399 (RDM)** |
| Plaintiff, | |
| v. | |
| ROMAN STERLINGOV | |
| Defendant. | |

**Defendant's Memorandum in Support of Defendant's Motion for Leave to Authorize Issuance and Pretrial Return of Subpoenas Duces Tecum to Chainalysis, Inc. Under Federal Rule of Criminal Procedure 17(c)**

## Introduction

Defendant Roman Sterlingov, through undersigned counsel, submits this memorandum in support of his motion to authorize the issuance of Subpoenas Duces Tecum to Chainalysis, Inc. ("Chainalysis"), commanding that it produces pretrial the items listed on the subpoenas on or before August 14, 2023.

## Statement of the Case

At the June 16th and 23rd, 2023 Daubert Hearings Government expert witness, and Director of Investigation Solutions at Chainalysis, Elizabeth Bisbee testified that the Chainalysis Reactor software at the core of the Government's case has no known error rates, no false positive rates, and no false negative rates. Moreover, Ms. Bisbee testified that she could cite no scientific peer-reviewed paper attesting to the accuracy of the Chainalysis Reactor software. In response to a question from AUSA Catherine Alden Pelker on direct-examination, Ms. Bisbee informed the Court that she has no knowledge of Chainalysis ever collecting information about "error rates or false positives."[1]

The Government's case relies almost entirely upon Chainalysis' forensic software. Given that neither Chainalysis nor the Government can produce any scientific evidence regarding Chainalysis Reactor's accuracy, error rates, or rates of false positives and false negatives, the Defense requires access to the Chainalysis Reactor source code for testing. As both Ms. Bisbee and Government expert witness Luke Scholl's testimony established at the recent Daubert Hearings, Chainalysis Reactor software is nearly entirely based upon assumptions to formulate its output. These assumptions are embedded in the Chainalysis Reactor source code and the Defense needs to review this source code in order to effectively challenge the output of the blockchain forensic software being used in this case. Careful scrutiny of the blockchain forensics

---

[1] Daubert Hearing, Jun. 23, 2023, Tr. 117:4-12.

used in this case is integral to putting on a complete defense for Mr. Sterlingov and for him to challenge his accusers under the Fifth and Sixth Amendments to the United States Constitution.

On October 24, 2022, Mr. Sterlingov filed a Motion in Limine.[2] In this motion, Mr. Sterlingov challenged the admissibility of the Government's blockchain forensics. Because Mr. Sterlingov's motion presents constitutional questions of first impression, and because so little is publicly known about the underlying methodologies and technologies used by the Government and its for-profit black-box blockchain surveillance vendor Chainalysis, Mr. Sterlingov has consistently maintained that access to its source code is necessary and material to preparing his defense. The recent Daubert Hearings proved the validity of Mr. Sterlingov's assertions on this front.

The Government relies upon Chainalysis Reactor software to conduct its blockchain investigations, but there is no scientific evidence that the Chainalysis Reactor software is accurate, nor can the Government or Chainalysis produce its error rates, rates of false positives, or rates of false negatives. Mr. Sterlingov faces a potential life sentence based on what appears to be junk science forensic software. In coding the Chainalysis Reactor software, Chainalysis incorporated assumptions, also referred to as "heuristics." Chainalysis Reactor applies these assumptions (guesses) to produce generalized clusters which then attribute particular transactions on the blockchain to specific entities or individuals. In her expert report, Ms. Bisbee identified three assumptions that Chainalysis coded into their Reactor source code.[3]

    1. Co-Spend Assumptions

        a. The co-spend assumption assumes that all inputs into a single transaction are controlled by the same entity, and groups them based on this common

---

[2] *See* ECF 59.
[3] Expert Report of Chainalysis Director of Investigation Solutions Elizabeth Bisbee, moved into evidence at the June 16, 2023, Daubert Hearing.

input characteristic. Simple obfuscation techniques regularly used

throughout the blockchain community, such as CoinJoins, invalidate this

assumption, but Chainalysis and the Government appear to have relied

upon this assumption when tracing transactions purportedly related to Mr.

Sterlingov.

2.  Behavioral Assumptions

    a.  The behavioral assumption refers to Chainalysis' efforts to group

       particular Bitcoin addresses together based on purported patterns in the

       timing or structure of bitcoin wallet softwares. One example of the

       behavioral assumptions employed by Chainalysis in coding their Reactor

       software is the indiscriminate and automated clustering of peel chains.

       While it is entirely possible for multiple actors to participate in a common

       peel-chain, Chainalysis appears to have opted to ignore that possibility and

       seems to have coded this biased assumption into their unscientific

       software.

3.  Intelligence-Based Assumptions

    a.  The intelligence-based assumption relies upon data acquired through

       open-source intelligence, leaked documents, or Chainalysis' research and

       partnerships. Reliance on open-source data raises significant questions as

       to the accuracy and verifiability of that data that can only be answered

       through an analysis of the Reactor source code and the sources used to

       generate that code.

The lack of corroborating evidence in this case makes examination of the source code even more crucial because neither the Government nor Chainalysis can point to a single piece of direct evidence showing that Mr. Sterlingov ever operated Bitcoin Fog. And the Government's limited circumstantial evidence is entirely consistent with Mr. Sterlingov's innocence. It requires a huge speculative leap to implicate Mr. Sterlingov in the operation of Bitcoin Fog. That speculative leap is almost entirely based upon Chainalysis Reactor's output. Thus, thorough examination of the Chainalysis Reactor source code is critical to Mr. Sterlingov's defense.

The Defense requires access to the Chainalysis Reactor source code in the versions it was used by the Government when conducting their investigation in order to test the accuracy of the Chainalysis Reactor software. Aside from the source code, the Defense also requires the change logs for Chainalysis Reactor documenting the changes made to the software during the pendency of this investigation because of errors, inaccuracies, bug fixes, and for any other reasons.

Defense Counsel has repeatedly requested access to the Chainalysis Reactor software, and its source code, in the versions used by Government during the course of its investigation, but both the Government and Chainalysis have refused to produce them. Most recently, in response to the Defense's July 26th, 2023, discovery request for production of Chainalysis Reactor, its source code and its change logs, the Government informed Defense Counsel that:

> The government reiterates that Chainalysis source code is not within the government's possession, custody, and control, and that the government cannot force Chainalysis to disclose its source code. The government also reiterates its position that the underlying source code is irrelevant, see ECF No. 73, at 32-37; ECF No. 93, at 13-14. For much the same reason, the government does not have possession, custody, and control of change logs, nor does the government see their relevance to this case.[4]

---

[4] Ltr. from Government to the Defense, July 28, 2023.

The Government may not be able to force Chainalysis to disclose its source code, but this Court can. As AUSAs Catherine Alden Pelker and Christopher Brown state in an article they co-authored for the DOJ's Journal of Federal Law and Practice, blockchain forensics should not be used as primary evidence in a criminal case.[5] Chainalysis Reactor appears not to have been designed to survive the high level of scrutiny demanded by the United States Constitution for a federal criminal trial. This is probably why Chainalysis never conducted any kind of statistical analysis of its success or failure rates. Chainalysis seems to have designed Reactor to provide the Government and financial institutions with the tools to generate initial investigatory leads that would lead to corroborating evidence. Unfortunately, for the Government, this did not happen in this case. There is no corroborating evidence, and the Government is forced to rely on Chainalysis Reactor as its primary evidence in this case. This makes analysis of its source code directly relevant to this case given the lack of scientific evidence for the accuracy of the software. Therefore, this Court should order Chainalysis to produce the Chainalysis Reactor source code and the change logs for Chainalysis Reactor pretrial, so that the Defense can forensically examine the source code to evaluate its accuracy.

## Legal Standard

Rule 17(c) of the Federal Rules of Criminal Procedure provides in pertinent part as follows:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

---

[5] *See* Catherine Alden Pelker, et al., *Using Blockchain Analysis from Investigation to Trial,* 69 DEPARTMENT OF JUSTICE JOURNAL OF FEDERAL LAW AND PRACTICE 59, 64-66 (May 2021).

The right of an accused to have compulsory process for obtaining witnesses and evidence in his favor is guaranteed in federal trials by the Sixth Amendment to the United States Constitution.[6] The history of compulsory process is the story of the development of the adversary process and the demise of the inquisitorial method, which was found not only unfair to the accused, but an inefficient way of determining the truth.[7] The United States Supreme Court has considered and approved the propriety of employing the provision of Rule 17(c) for the early production of materials not obtainable through Rule 16.[8]

> "Any document or other materials, admissible as evidence . . . is subject to subpoena" under Rule 17(c). *Bowman Dairy*, 71 S.Ct. at 679. Rule 16, which severely restricts discovery in criminal cases, does not define outer limits of materials available under a 17(c) subpoena, nor how wide the Rule 17(c) door will open. Indeed, documents and materials possessed by the government but not discoverable under Rule 16 can be reached by a Rule 17(c) subpoena – so long as the documents and materials are evidentiary. Cf. Id, at 678.[9]

The moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend to unreasonably delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition.[10] In *United States v. La Rouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988), the

---

[6] *Washington v. Texas*, 388 U.S. 14 (1967).
[7] P. Weston, *The Compulsory Process*, 30 MICH. L. REV. 71, 171 (Nov. 1974).
[8] *Bowman Dairy Company v. United States*, 341 U.S. 214 (1951).
[9] *United States v. Adritti*, 955 F.2d 331, 346-47 (5th Cir. 1992) (Goldberg, J., specially concurring).
[10] *See United States v. Nixon*, 418 U.S. 683, 699-700 (1974); *United States v. La Rouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988).

First Circuit affirmed the trial court's order requiring production of documents because the defendant met the threshold showing of "admissibility, relevancy and specificity."[11]

Mr. Sterlingov meets all the threshold requirements necessary for the issuance of the subpoena duces tecum this motion seeks. Access to Chainalysis Reactor, its source code, and its change logs are evidentiary and relevant, and they are not otherwise procurable in advance of trial by the Defense's exercise of due diligence because they are proprietary and exclusively controlled by Chainalysis. Chainalysis Reactor software's output is the Government's primary forensic evidence in this case, and if its source code is inadmissible, everything that its source code generates is inadmissible as well. Flawed source code generates flawed outputs. Additionally, Mr. Sterlingov cannot properly prepare for the upcoming trial without the advanced production and inspection of these materials and, therefore, the failure to obtain the inspection of Chainalysis Reactor, its source code, and its change logs will unreasonably delay and prolong the trial of this case.

Mr. Sterlingov is making a specific request for materials known to exist, which are specifically relevant to the issues involved in this case. Gaining access to the requested materials will allow the Defense to: scrutinize the Chainalysis Reactor source code; identify which assumptions were in play when it was used to misidentify Mr. Sterlingov as Bitcoin Fog's operator; determine whether any changes were made to the Chainalysis Reactor software during the course of the investigation because of errors; and generally asses its' accuracy.

This application is specific and made in good faith. Therefore it is not a general fishing expedition. The request is solely that this Court require these particular materials be produced to Defense Counsel before the date of trial so that counsel will have a fair opportunity to review the

---

[11] *United States v. La Rouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988); *see also United States v. Poindexter*, 732 F. Supp. 135, 138 (D.D.C. 1990) (court ordered disclosure of former President Reagan's diaries after in camera review to determine relevancy).

materials and prepare for a for trial. Although counsel can subpoena the requested documents at trial, without seeking the permission of the Court to do so, receiving the materials at that late date will unnecessarily lengthen the proceedings and will require a continuance so that the parties can review the materials thoroughly.

## Conclusion

For the reasons stated above, this Court should grant the issuance of the attached subpoenas duces tecum to Chainalysis under Federal Rule of Criminal Procedure 17(c), and order pretrial return of the requested materials.

Dated: August 2, 2023
New York, New York

Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Appointed Counsel*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Appointed Counsel*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August 2023, the forgoing document was filed with

the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the

Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT

### for the

_____ District of _____

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )    Case No. |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
## OBJECTS IN A CRIMINAL CASE

To:

_____
*(Name of person to whom this subpoena is directed)*

      **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

| Place: | Date and Time: |
|---|---|
| | |
| | |

      Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

     *(SEAL)*

Date:  _____

                              *CLERK OF COURT*

                                   _____
                                        *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  _____
_____ , who requests this subpoena, are:

---

### Notice to those who use this form to request a subpoena

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.

## PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1)  In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2)  Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3)  Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d)  Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e)  Place of Service.**

    **(1)  In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2)  In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g)  Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

Tor Ekeland (*Appointed Counsel*)
tor@torekeland.com
**TOR EKELAND LAW, PLLC**
30 Wall Street, 8th Floor
New York, NY 10005-2205
(718) 737 – 7264

Michael Hassard (*Appointed Counsel*)
michael@torekeland.com
**TOR EKELAND LAW, PLLC**
30 Wall Street, 8th Floor
New York, NY 10005-2205
(718) 737 – 7264

*Attorneys for Defendant*
*Roman Sterlingov*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>Roman Sterlingov,<br><br>　　　　　　　　Defendant. | 21-CR-00399-RDM<br><br>**SUBPOENA FOR DOCUMENTS**<br><br>**EXHIBIT 'A'** |

To:
**CHAINALYSIS INC** (Delaware Division of Corporations File No.5731603)

Resident Agent:　　　　　　　　　　William Frentzen Esq.
Corporation Service Company　　　　Morrison & Foerster LLP
251 Little Falls Drive　　　　　　　425 Market Street
Wilmington, DE 19808　　　　　　　San Francisco, CA 20037

## Documents and Objects to be Produced

1.     Access to Chainalysis Reactor software.

2.     The Source Code for Chainalysis Reactor software in all the versions used during the pendency of the investigation in *United States v. Roman Sterlingov* (21-CR-00399-RDM Federal District Court for the District of Columbia).

3.     All Change Logs for Chainalysis Reactor software.

4.     The final version of the internal Chainalysis study cited by Hanna Curtis in the webinar "Cryptocurrency Typologies: What You Should Know About Who's Who on the Blockchains" which concluded that roughly 90% of the funds sent through mixers were done so for legal personal privacy reasons.[1]

5.     Please produce a log documenting all material withheld on the basis of privilege, work-product doctrine, or otherwise.

6.     All production must be in Native File Format unless otherwise agreed to.

7.     Defense Counsel is available for consultation to discuss any issues related to the production of the requested items.


Deadline and place for production:

On or before August 14, 2023.


Tor Ekeland Law, PLLC
30 Wall Street
8th Floor
New York, NY 10005
(718) 737-7264
tor@torekeland.com

---

[1] https://bitcoinmagazine.com/culture/chainalysis-most-mixed-bitcoin-not-used-for-illicit-purposes

## Testimony Requested

1.      This subpoena includes a request for a custodian of records, or other qualified person, who can authenticate any produced material in accordance with Federal Rule of Evidence 902(11).

2.      For materials that are not self-authenticating, the Defense requests that Chainalysis produce an individual with knowledge who can testify as to the authenticity of the produced material.

August 2, 2023
Brooklyn, NY

Submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No.
4493631)
Tor Ekeland Law, PLLC

/s/ Michael Hassard
Michael Hassard (NYS Bar No.
5824768)
Tor Ekeland Law, PLLC

30 Wall Street
8th Floor
New York, NY
10005
(718) 737 - 7264
tor@torekeland.com

*Attorneys for Roman Sterlingov*