# Exhibit 1



U. S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

*Patrick Henry Building*
*601 D Street, NW*
*Washington, DC 20530*

August 25, 2023

**BY ELECTRONIC MAIL**
Tor Ekeland
Tor Ekeland Law PLLC
30 Wall Street, 8th Floor
New York, NY 10005
tor@torekeland.com

**RE:**   *United States v. Sterlingov*, Crim. No. 21-0399 (RDM) (D.D.C.)
           Subpoena for Testimony Issued to Former Assistant U.S. Attorney Youli Lee

Dear Tor,

   I hope this day finds you well.  I write on behalf of the United States Attorney's Office with respect to subpoena issued to former Assistant U.S. Attorney Youli Lee, seeking her oral testimony at trial in the above captioned matter.  In particular, I write to you pursuant to the Department of Justice's *Touhy* regulations, 28 C.F.R. Part 16, Subpart B, which govern the disclosure of official information in federal and state proceedings.  *See generally United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).  As such, this letter is without prejudice to any defenses to the subpoena that may be available to Ms. Lee in her personal capacity, including without limitation, insufficient service and undue burden and expense.

   It appears your subpoena to Ms. Lee may seek to discover information Ms. Lee gained in her role as a former Department attorney.  Under the Department's *Touhy* regulations, Department attorneys have general disclosure authority in federal and state proceedings in which the United States is a party, including the above captioned matter.  28 C.F.R. § 16.23(a). Nonetheless, to ensure the orderly administration of justice and to allow the United States to evaluate the oral testimony sought by a subpoena—including whether the information sought is privileged, protected by one or more non-disclosure statutes (e.g., the Privacy Act), or otherwise implicates a factor identified in 28 C.F.R. § 16.26(b)—the Department's *Touhy* regulations place certain requirements on persons seeking oral testimony from Department witnesses in U.S.-party cases.  Specifically, 28 C.F.R. § 16.23(c) provides that "[i]f oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth a summary of the testimony sought must be furnished to the Department attorney handling the case or matter."  *Id.*   Courts have routinely upheld the need for requesting parties to provide such summaries when seeking oral testimony from Department officials.  *See, e.g., United States v.*

*Springer*, 444 F. App'x 256, 263 (10th Cir. 2011); *United States v. Bizzard*, 674 F.2d 1382, 1387 (11th Cir. 1982); *United States v. Marino*, 658 F.2d 1120, 1125 (6th Cir. 1981).

Accordingly, to assess your subpoena to Ms. Lee and evaluate any concerns or objections the Department may have to it, we request that you provide the summary required by the Department's *Touhy* regulations to the U.S. Attorney's Office. In providing that summary, you are invited to address whether any of the factors listed in 28 C.F.R. § 16.26(b) are present, and if they are, why an Assistant Attorney General should nonetheless authorize disclosure.

If you have any questions about the foregoing, please feel free to contact me at the below.

Sincerely,

MATTHEW M. GRAVES
United States Attorney

By:   BRIAN P. HUDAK
      Chief, Civil Division

      _____
      *Digitally signed by BRIAN HUDAK*
      *Date: 2023.08.25 18:07:04 -04'00'*

      Phone: (202) 252-2549
      Email: brian.hudak@usdoj.gov