UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>            Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>            Defendant. | No. 21-cr-399 (RDM) |

# DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO THE COURT'S AUGUST 30, 2023, ORDER (Dkts. 174, 176)

## Introduction

This Court should deny venue for counts three and four of the superseding indictment for the same reasons it should deny venue for all the counts in the Indictment - there is no constitutional venue for any of the counts under any of the tests for venue. The *locus delicti* of the charged crimes is not in the District of Columbia, nor is there any essential or substantial conduct in the District of Columbia.

The Government's Response to the Court's Order not only ignores any discussion of the constitutional standards for venue in a federal criminal trial in relation to counts three and four, but it also ignores any substantial discussion of what it means to conduct business in the District of Columbia for purposes of the D.C. Municipal Money Transmitters Act ("Municipal MTA"), the Bank Secrecy Act ("BSA"), or FINCEN regulations.

This Court should reject the Government's arguments that venue is proper in the District of Columbia for counts three and four for the reasons previously argued in the Defense's previous venue briefing and because:

1

- There is no evidence, nor is any alleged, of a course of conduct in D.C. that can be considered a business activity under the Constitution's venue clauses

- There is no evidence of a general intent to conduct business in D.C.

- The Government's theory of venue suffers from overbreadth - it impermissibly delegates the power to a municipality to regulate interstate and foreign commerce without any coherent limitation and in derogation of the Constitution's Supremacy Clause

- Bitcoin Fog is not a Money Transmission business for purposes of the D.C. Municipal MTA, the BSA, or FINCEN Regulations because it's a consumer privacy tool where both the sender and the receiver are generally the same person or entity, as in the Government's sham transactions.

## Argument

Three sham transactions by the Government, where the Government is both sender and receiver, in the District of Columbia are not sufficient under the Constitution's venue clauses to establish a course of essential or substantial business conduct in the District of Columbia to support charges under the D.C. Municipal MTA, the BSA, or FINCEN regulations. Additionally, other than the sham undercover transactions, the Government has not identified a single transaction involving Bitcoin Fog in the District of Columbia.

**I.     Bitcoin Fog Did Not Do Business in the District of Columbia**

The plain text of the D.C. Municipal MTA requires the operation of a money transmission business in D.C. Likewise, both the BSA and FINCEN regulations require the operation of a business for their invocation. The Government and its cited case law ignores the

common sense understanding of the word "business" as a course of commercial conduct over a period of time. There is little to no discussion in the Government's cited case law as to what it means to conduct business in D.C. for purposes of the Constitution's venue clauses.[1] The Government confuses access from D.C. to Bitcoin Fog with conduct essential to establish business conduct in D.C.[2]

Assuming arguendo that Bitcoin Fog was a business, from the fact that it was accessible from D.C., it does not follow that it was doing business in D.C. First, Bitcoin Fog was never easily accessible from D.C. Accessing Bitcoin Fog is not something an average internet user can do. It requires knowledge of the Tor browser and a level of technical skill beyond that of an average consumer. Nor is the alleged fact that Bitcoin Fog didn't use IP Address blocking or geofencing - a fact that the Government can't know with certainty as they don't have the Bitcoin Fog servers, logs, or internal ledgers - determinative. IP address blocks are easily overcome using a VPN, as anyone who streams a show unavailable in their geographical region knows. The Government's theory of liability ignores the fact that people can access a business on the internet despite IP Address blocking or other types of geofencing and would impose criminal liability on a business operated in one geographical locale based on de minimis access from another locale rather than intentional business conduct directed at the accessing locale.

### A.   General Intent to Operate a Business in D.C. is Lacking

The Government argues that the D.C. Municipal MTA is a general intent statute. Assuming this is true, there still must be a general intent to do business in D.C., and evidence of

---

[1] *See* U.S. Const. Art. III, Amend. VI (venue clauses).
[2] *See, e.g., Roblor Marketing Group, Inc. v. GPS Industries, Inc.*, 645 F. Supp. 2d 1130, 1145 (S.D. Fla. 2009) ("Mere solicitation of orders in a district is not sufficient by itself to establish that a defendant had a regular and established place of business in the district for purposes of establishing venue.")

this is entirely lacking here. There is no advertising or solicitation directed towards D.C., nor has the Defendant ever set foot in D.C. before being hailed into this District after his arrest, nor is there any evidence of him ever having done any business in this District or any interaction at all with any of its residents. The only intentional conduct involving the District of Columbia referenced by the Government is its own.

Critically, the Government ignores the constitutional standards for venue in its discussion of the D.C. Municipal MTA, the BSA, and FINCEN regulations - standards which apply and go directly to the issue of whether Bitcoin Fog conducted business in District of Columbia. For the same reasons discussed in the Defense's prior venue briefs, incorporated here by reference, venue for Counts three and four in D.C. is unconstitutional.

### B.     There is No *Locus Delicti* in D.C.

The *locus delicti* test requires the finders of fact to initially identify the conduct constituting the offense and then discern the location of the commission of the criminal acts. The Government does not allege that the Bitcoin Fog servers were in D.C., nor does it cite any evidence of a single resident of D.C. utilizing Bitcoin Fog outside the unilateral acts of its own agents using the Tor browser to allegedly access Bitcoin Fog on the deep web, not the world wide web, from D.C. There is no essential or substantial conduct alleged or identified in D.C. in relation to Bitcoin Fog's purported business operations. At best, the Government's sham transactions are circumstantial elements to the crimes charged. They are not essential to the money transmission business alleged to have occurred in D.C. through the use of Bitcoin Fog.[3]

---

[3] *See U.S. v. Rodriguez-Moreno*, 526 U.S. 275, 280 & n. 4 (1999); *U.S.* v. *Cabrales,* 524 U.S. 1, 4 (1998); *U.S. v. Bowens*, 224 F.3d 302 , 304 (4th Cir. 2000); *U.S. v. Auernheimer*, 748 F.3d 525, 533 (3d Cir. 2014).

If any crime occurred, it occurred wherever the Bitcoin Fog servers are or where the operator or operators of Bitcoin Fog are located. Again, there is not a shred of evidence, or a credible allegation, that the *locus delicti* of the charged crimes is the District of Columbia.[4]

## II.    The D.C. Municipal Statute is Overbroad as Applied for Venue Purposes

The Government's theory of venue is overbroad. It essentially argues that a D.C. municipal statute can regulate interstate and foreign commerce in violation of the Constitution's Supremacy Clause. It is one thing to say that a municipality can regulate an entity that conducts business in its jurisdiction, it is another thing entirely to say that a municipality can regulate any business globally that can be accessed via the internet from its jurisdiction, even if that business lacks any intent and conduct directed towards that jurisdiction, and the only evidence of any interaction with the District comes from Government agents eager to manufacture criminal venue. There is no evidence at all of any intent, general or specific, to conduct a course of conduct constituting a business in the District of Columbia. This is a theory of venue with an astonishing overbreadth, permitting a municipal statute to regulate interstate and foreign commerce on the flimsiest de minimis grounds in derogation of Congress' exclusive power under the Constitution's Supremacy Clause to regulate interstate and foreign commerce. There is no coherent limiting principle to the Government's venue theory when it comes to D.C.'s Municipal MTA, the BSA or FINCEN's regulations and the Court should reject it.

---

[4] *See U.S v. Cabrales,* 524 U.S. 1 (1998); *U.S. v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999) ("In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts."); *U.S. v. Auernheimer*, 748 F.3d 525, 532-33 (3d Cir. 2014).

## III. Bitcoin Fog Is Not a Money Transmitter

As the Government's brief notes, the purpose of the D.C. Municipal MTA is consumer protection from the theft of consumer funds.[5] A mixer is a privacy tool and not a transmission device between two different parties. The sender is generally the receiver in a Bitcoin mixing transaction. This was the case with Mr. Sterlingov's transactions through Bitcoin Fog as a user, and it was the case with the Government's own sham transactions.

As the Government's case law makes clear, a typical money transmitter involves a sender who transmits money to a different receiver. The case law when it comes to Bitcoin mixers is sparse, and undeveloped in this newly emergent area of law. And 31 C.F.R. § 1010.100(ff)(5), as cited by the Government, essentially defines money transmission as the act of transferring money from one person or locale to another person or locale. In the Government's transactions the money was transferred to the same locale and the same persons - because the core business - if it is a business at all - of a Bitcoin mixer is financial privacy for the user, and not the transmission of money to other persons or locales.

## Conclusion

For the same reasons previously argued as to venue for all counts in the Defense's Motion to Dismiss and other briefing on venue, and as argued above, this Court should dismiss Counts three and four, along with Counts one and two, because Bitcoin Fog did not operate as a money transmission business in the District of Columbia under any constitutional conduct test for criminal venue, nor does it meet the statutory or regulatory definition of a money transmission business. Finally, this Court should reject the government's theory of venue because

---

[5] G Brief at p. 6-7.

of its overbreadth that accords a D.C. municipal statute an almost unfettered power to regulate interstate and foreign commerce in derogation of the Constitution's Supremacy Clause.

Dated: September 6, 2023
Washington, D.C.

                        Respectfully submitted,

/s/ Tor Ekeland
Tor Ekeland (NYS Bar No. 4493631)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
tor@torekeland.com

/s/ Michael Hassard
Michael Hassard (NYS Bar No. 5824768)
*Pro Hac Vice*
Tor Ekeland Law, PLLC
30 Wall Street, 8th Floor
New York, NY
t:  (718) 737 - 7264
f:  (718) 504 - 5417
michael@torekeland.com

*Counsel for Defendant Roman Sterlingov*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov