UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROMAN STERLINGOV<br><br>Defendant. | **No. 21-cr-399 (RDM)** |

# DEFENDANT'S OPPOSITION TO GOVERNMENT'S RESPONSE TO SEPTEMBER 18, 2023, MINUTE ORDER REGARDING DEFENDANT'S ACCESS TO SENSITIVE HEURISTICS INFORMATION PROVIDED BY CHAINALYSIS

The Government seeks to ban Defendant Mr. Sterlingov from personally reviewing specific, produced, novel material evidence in the Government's case against him. This specific produced material evidence purportedly addresses the alleged accuracy of the Chainalysis Reactor software central to the Government's money laundering case. However, because of intellectual property and proprietary concerns raised by the Government and Chainalysis, none of the Defense's experts are willing to review this produced specific material evidence out of fear of future intellectual property and trade secrets litigation being brought by Chainalysis, Inc. This leaves Mr. Sterlingov's attorneys as the only ones currently able to review this specific, produced, novel material evidence ("the evidence").

1

This ban on Mr. Sterlingov's personal review of the evidence directly relevant to a core issue in this case – the inaccuracy of Chainalysis Reactor software and its lack of scientific validity – violates Mr. Sterlingov's Fifth Amendment due process rights, particularly his right to put on a complete defense, and his Sixth Amendment rights to effective assistance of counsel and to confront his accusers.

Throughout these proceedings, Mr. Sterlingov has been treated as if he is presumptively guilty, rather than as presumptively innocent. Here, the Government's presumption of guilt comes into play when it argues that Mr. Sterlingov should be prohibited from reviewing the Government's secret surveillance heuristics because Mr. Sterlingov might use this knowledge to thwart future law enforcement efforts. This is arbitrary, the reverse of what the Constitution requires, and thwarts Mr. Sterlingov's right to put on a complete defense. It presumes his attorneys are qualified to review this novel, technical evidence, and that his review is unnecessary as it would add nothing to the analysis. This is arbitrary because it denies the obvious fact that a review and full discussion of the specific produced material evidence between Mr. Sterlingov and his attorneys will be more cogent, fulsome, and efficient if everyone has reviewed the material. The only reason the Government seeks to forbid Mr. Sterlingov access to the evidence is to prevent him from gaining full knowledge of it, but without full knowledge of the evidence, Mr. Sterlingov cannot meaningfully and effectively participate in his own defense.

To the extent that any of the sparse and factually disanalogous case law cited by the Government can be read to support such a ban, the Government's position is without merit. As argued below, the ban lacks good cause and prejudices Mr. Sterlingov, assuming that this is the correct standard to apply in this novel arena.

This Court should permit Mr. Sterlingov to review the produced specific, produced, novel material evidence related to Chainalysis Reactor's inaccuracies.

## Argument

The main issue here is whether the Court can forbid a federal criminal defendant from reviewing specific, produced, novel material evidence directly relevant to his case. Outside of the national security or witness protection context, none of the cases cited by the Government endorse the outright ban of a defendant's ability to personally review evidence. The case law on whether a federal court can ban a defendant from personally reviewing specific material evidence is sparse, inconclusive, and undeveloped when it comes to the issues at play in this novel case. Many of the cases the Government cites are unpublished or involve *pro se* defendants and dissimilar fact patterns unlike Mr. Sterlingov's.

The issues here, like many in this unique and novel case, involve matters of first impression that have not been thoroughly litigated in a credibly analogous manner by other courts. The evidence that Mr. Sterlingov seeks to personally review – if the self-interested claims of market-oriented, for-profit, black-box, surveillance vendor Chainalysis, Inc. are to be believed - goes to the purported accuracy of the novel, untested, nature of the highly hyped and heavily marketed Chainalysis Reactor software. None of the cases cited by the Government have the type of fact pattern that we find here:  a novel, untested software facing its first *Daubert* challenge and first real test of any significance.

The evidence at issue here goes to whether Chainalysis Reactor is accurate. It is unique and not redundant. The Government's position presumes the accuracy of Chainalysis's tracing and conveniently uses that presumption to prevent Mr. Sterlingov from personally reviewing the material necessary to assess that presumption. The circularity is Kafkaesque. And the

Government has created this situation by voluntarily choosing to use a private vendor rather than conducting this investigation in-house through the FBI.

The evidence the Government seeks to deny Mr. Sterlingov from personally reviewing was produced by order of the Court after the recent *Daubert* hearings established that Chainalysis has done no internal error rate analysis, cannot state the statistical error rate for its software, and cannot state Chainalysis Reactor's rates of false positives or rates of false negatives.[1] Nor can Chainalysis or the Government point to a single scientific, peer-reviewed paper attesting to the accuracy of its software. Yet, the Government argues that Mr. Sterlingov cannot personally review the purportedly sensitive, granular heuristic disclosure from Chainalysis because it will reveal secret law enforcement surveillance technology, thereby somehow allowing criminals to evade detection. But this assumes that the software works as advertised, which is the very question that Mr. Sterlingov seeks to answer. The Government does not deny; indeed, it asserts, that Mr. Sterlingov has the requisite skills to review the purportedly sensitive heuristics. This is the basis of the Government's criminal paranoia.

The Government's expressed concern is that Mr. Sterlingov will use the evidence for nefarious purposes. But this presumes guilt rather than innocence and is an unconstitutional reversal of the pretrial presumption of innocence. Under this arbitrary standard a court could preclude any defendant from reviewing any evidence simply because they've been indicted.

Moreover, the Government's feverish concern with the exposure of hyped, heavily-marketed, black-box blockchain surveillance software highlights the fact that Chainalysis is essentially a government agent and that the specific material evidence in question is *Brady* material.

---

[1] *See* Transcripts from *Daubert* hearings on June 23, 2023.

### A. Chainalysis' Heuristics are *Brady* Material

The Government mistakes the issue in arguing that there is no general constitutional right to discovery in a federal criminal case. That is not the issue here. First, the discovery at issue is specific, novel, material and has been produced in response to this Court's order. Second, the relevant question is whether Mr. Sterlingov, a defendant the Government accuses of having the requisite skills, and who has time to review the produced evidence, can constitutionally be prohibited from reviewing it. Third, the produced purportedly sensitive heuristics (if the self-serving statements of the Government and Chainalysis are credible) constitute *Brady* material because Chainalysis is effectively an agent of the United States Government, and the heuristics are arguably exculpatory. The material in question was produced as a direct result of the Defense bringing into the record the lack of any scientific, peer-reviewed papers attesting to the accuracy of Chainalysis Reactor, the lack of any information on its false positive rates or false negative rates, and the fact that it has never been subject to an independent audit or any type of model validation. As *Brady* material, Mr. Sterlingov has a Fifth Amendment right to personally review Chainalysis's recently produced heuristics because the Fifth and Sixth Amendments require it, he is prejudiced without this personal review, and no good cause exists justifying preventing him from reviewing it.

While there is no case that says a defendant has a constitutional right to personally review *Brady* evidence, this is a novel case. *Brady* evidence requires heightened constitutional scrutiny as it goes directly to a defendant's liberty interest. The fact that the purported sensitive heuristics are arguably *Brady* material goes to the core of the Government's money laundering accusations against Mr. Sterlingov. This is no ancillary affair. The Government and its for-profit agent,

Chainalysis, use their clustering heuristics to make attributions between alleged illicit deep-web markets and the Bitcoin Fog mixer. Evidence showing its inaccuracy is exculpatory.

      **i.    The Prohibition on Review Prejudices Mr. Sterlingov**

This Court's protective orders have effectively prevented Mr. Sterlingov's expert witnesses, specifically Ciphertrace, from reviewing the purportedly sensitive heuristics because of the concern of future intellectual property litigation as discussed at the recent pretrial hearings. Mr. Sterlingov's defense attorneys do not have the technical skills to effectively review the material, and even if they did, it would still require extensive discussion with Mr. Sterlingov. In essence, a prohibition on Mr. Sterlingov's review and discussion of the evidence at issue here with his attorneys denies him his Fifth Amendment right to put on a complete defense, on top of denying him his Sixth Amendment rights to effective assistance of counsel and to confront his accusers.

      **ii.    No Good Cause Exists to Prevent Mr. Sterlingov from Reviewing the Specific Material Evidence**

To the extent that good cause can be said to govern the ability of a court to entirely prevent a defendant from personally reviewing specific material evidence, something that is not clear from the case law, the Government fails to meet this burden. Good cause may be based upon "the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals."[2]

First, the Government does not allege any perjury or witness safety concerns here because there are none. Their only witnesses are expert witnesses and co-operating criminal witnesses who have no personal knowledge of Mr. Sterlingov. All of their witnesses, during all

---

[2] Fed. R. Crim. P. 16 Advisory Committee's Notes to 1966 Amendment.

relevant times, were thousands of miles away from Mr. Sterlingov until his arrest, and never interacted with him. There is no corroborating evidence for the Government's wild and speculative claims in this Orwellian prosecution gone awry. This is why the Government is so desperate in its uncorroborated claims that Mr. Sterlingov is Akemashite Omedetou, the pseudonymous alleged founder of Bitcoin Fog who posts on the Bitcoin Talk forum. Yet, even after eight years of intensive investigation, this attribution lacks foundation, is entirely speculative, and isn't one that any of their experts endorse.

Tellingly, Ms. Mazars de Mazarin's Government expert report and *Daubert* hearing testimony contradict the Government's assertion that Mr. Sterlingov is Akemashite Omedetou. Ms. Mazars de Mazarin extensively reviewed the evidence in this case and nowhere concludes that Mr. Sterlingov is Akemashite Omedetou. This is particularly relevant because Ms. Mazars de Mazarin's expert report is on alleged IP address overlaps between email addresses found in the discovery. Ms. Mazars de Mazarin's report groups the shormint@hotmail.com email address that was used to register Akemashite Omedetou's Bitcoin Talk forum account separately from what the report alleges to be a group of Mr. Sterlingov's accounts.[3] Moreover, on cross-examination at her *Daubert* hearing, Ms. Mazars de Mazarin admitted that none of her expert report was based on review of native server log files, raising serious foundational issues as to the validity of an IP address analysis done without native server logs. Furthermore, Mr. Scholl's Government expert report does not identify Mr. Sterlingov as Akemashite Omedetou. Nor does Chainalysis expert Ms. Bisbee make that identification either. Again, Mr. Sterlingov is presumed innocent until proven guilty and the Government, in its usual fashion, reverses this constitutional standard to

---

[3] Expert Report, Ms. Mazars de Mazarin at 7; *see also* Expert Report, Mr. Scholl at 39, 55, and 64.

argue that because Mr. Sterlingov is guilty before any trial, he cannot be trusted to review their secret surveillance software.

Second, there is no allegation that any of the specific material evidence is information vital to the national security interests of the United States. Indeed, it is quite possible, given the lack of scientific evidence and independent validation of Chainalysis Reactor's accuracy, that the software itself is a risk to the national security of the United States because its misattributions leave the real guilty parties free, to say nothing of the possibility that Chainalysis provides the Government with faulty intelligence.

Third, Mr. Sterlingov is not, nor was he ever, in any position to engage in economic reprisals against Chainalysis. Any alleged threat on this front is speculative and arbitrary. There is no evidence in the record that Mr. Sterlingov ever competed against Chainalysis, Inc., just like there is zero evidence in the record of Mr. Sterlingov ever administering or operating Bitcoin Fog. Again, the Defense objects on Fifth Amendment due process grounds to the unconstitutional elevation of intellectual property interests over a federal criminal defendant's liberty interests. Profits pervert justice. Mr. Sterlingov is not a competitor of Chainalysis in the marketplace and there is no risk of an economic reprisal should Mr. Sterlingov be afforded his constitutional right to personally review the proprietary black-box surveillance heuristic evidence at issue here.

B. Whether the Government Intends to Use the Evidence is Irrelevant

Whether or not the Government is intending to use the evidence at issue here at trial is irrelevant to Mr. Sterlingov's constitutional right to put on a complete defense. Mr. Sterlingov has a constitutional right to review and use the evidence in defense of his liberty. The Government's choices should not dictate how the Defense can mount its case. Unfortunately, that is what has been happening here. Proprietary and intellectual property interests have been used to

effectively preclude the Defense's own choice of experts and its choice of expert review software because of deference to Chainalysis Inc.'s proprietary interests over Mr. Sterlingov's liberty interests. A rationale that precludes a Defendant from reviewing material evidence solely because the Government chooses not to use it in their case-in-chief is not only irrational, it violates due process by allowing the Government to unilaterally dictate what evidence the Defense can review and use based on the Government's choice as to whether to use that evidence or not.

## Conclusion

This Court should allow Mr. Sterlingov to personally review the produced, specific, novel material heuristic evidence going directly to the issue of Chainalysis Reactor's inaccuracy.

Dated: September 29, 2023
Brooklyn, New York

        Respectfully submitted,

        /s/ Michael Hassard
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        /s/ Tor Ekeland
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Michael Hassard

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov