UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>         Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>         Defendant. | No. 21-cr-399 (RDM) |

**NOTICE OF SUPPLEMENTAL AUTHORITY RELATED TO DEFENDANT'S MOTION TO DISMISS BASED ON VENUE (DKT. 46)**

Defendant Roman Sterlingov respectfully files this Notice of Supplemental Authority regarding the Ninth Circuit's recent decision in *United States v. Fortenberry*, No. 22-50144 (9th Cir. Dec. 26, 2023), a copy of which is attached as Ex. A. In *Fortenberry*, the Ninth Circuit Court of Appeals held that the District Court incorrectly denied Mr. Fortenberry's motion to dismiss the case because venue was improper in the Central District of California. The panel reversed Fortenberry's conviction without prejudice to retrial in a proper venue, holding unconstitutional the effects-based test for venue.

The Ninth Circuit issued this decision for publication, holding that the "effects-based test for venue for a Section 1001 offense has no support in the Constitution, the text of the statute, or historical practice."[1] The Ninth Circuit rejected the Government's position that the effects of statements made in Washington D.C. and Nebraska were sufficient to support constitutional venue in the Central District of California, noting the critical nature of the Venue and Vicinage Clauses of the Constitution.

---

[1] *United States v. Fortenberry*, No. 22-50144 at 4 (9th Cir. Dec. 26, 2023) (attached as Ex. A).

In its analysis, the Ninth Circuit emphasized that "the inquiry that determines venue … turns on the action by the defendant that is essential to the offense, and where that specific action took place".[2]

The Ninth Circuit underscored that "[t]he Venue and Vicinage Clauses may not be disregarded simply because it suits the convenience of federal prosecutors," and held that the "location of investigators in the Central District, or the presence there of witnesses to the campaign contribution events, do not speak to the *locus delecti* of Fortenberry's Section 1001 offenses."[3]

Fortenberry's trial took place in a venue where no charged crime was committed, and before a jury drawn from the vicinage of the federal agencies that investigated the defendant. The Government brought the case in the improper venue where the investigation was headquartered, not where the *locus delecti* was.

---

[2] *Id.* p. 10.
[3] *Id.* p. 15.

Dated: December 28, 2023
Brooklyn, New York

        Respectfully submitted,

        <u>/s/ Tor Ekeland</u>
        Tor Ekeland (NYS Bar No. 4493631)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        tor@torekeland.com

        <u>/s/ Michael Hassard</u>
        Michael Hassard (NYS Bar No. 5824768)
        *Pro Hac Vice*
        Tor Ekeland Law, PLLC
        30 Wall Street, 8th Floor
        New York, NY
        t:  (718) 737 - 7264
        f:  (718) 504 - 5417
        michael@torekeland.com

        *Counsel for Defendant Roman Sterlingov*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of December 2023, the forgoing document was filed with the Clerk of Court using the CM/ECF System, and sent by email to the attorneys for the Government listed below:

s/ Tor Ekeland

U.S. Department of Justice
District of Columbia
555 Fourth St. N.W.
Washington, D.C. 20530

Catherine Pelker
Catherine.Pelker@usdoj.gov

Christopher Brown
Christopher.Brown6@usdoj.gov

Jeffrey Pearlman
Jeffrey.Pearlman@usdoj.gov