UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-cr-399 (RDM) |
| | : | |
| ROMAN STERLINGOV, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR PRELIMINARY JURY INSTRUCTIONS, MOTION TO EXCLUDE UNDER RULE 403, AND MOTION FOR OTHER MISCELLANEOUS RELIEF**

The United States of America respectfully files the following motion for the addition of certain preliminary jury instructions, exclusion pursuant to Fed. R. Evid. 403 of any references to the Mt. Gox hack and alleged misconduct by the former Mt. Gox CEO, and other pretrial rulings.

**1. Preliminary Jury Instructions**

**Juror questions (Red Book Instruction 1.106):** Given the complexity of the anticipated testimony regarding blockchain evidence and other technical subjects, the government anticipates that it may be helpful to the jury to have the opportunity to propose questions to be asked of the witnesses. The government recommends that the Court incorporate the standard Red Book Instruction 1.106 (Questions by Jurors) and follow the procedure outlined therein.

**Explanation of courtroom phones and sidebar discussions:** The government proposes that the Court provide a preliminary explanation of the courtroom phones and the procedures by which the Court and attorneys may hold discussions out of the hearing of the jury. The government understands that this Court provided such an instruction in response to a jury note in United States v. Vincent Forrest, No. 21-cr-0431, and would welcome a version of the same instruction here. Alternatively, the government proposes the following instruction:

During this trial, the judge and the lawyers may occasionally hold discussions about

legal issues outside of the hearing of the jury. You may notice that we have these phones at counsel table and on the bench. Sometimes we may use these phones in the middle of trial to have a discussion about a legal issue. The purpose of doing so is to ensure that you, the jury, are only exposed to admissible evidence, so both sides receive a fair trial. You should not guess about what was said or why during these conversations, and you should not hold it against either party. You are to decide the facts from the evidence that is presented to you.

## 2. Exclusion Under Rule 403 of References to Mt. Gox Hack or Alleged Misconduct by Mt. Gox CEO

The government asks for a formal ruling pursuant to Fed. R. Evid. 403 to exclude defense comments, arguments, or testimony relating to the hack of Mt. Gox or alleged misconduct by the former CEO of Mt. Gox. To date, the defense has not been able to proffer any basis to substantiate the allegation that a hack of Mt. Gox resulted in alteration or compromise of the five specific account records being used in this case (for accounts aurumxchange, kolbasa, peternfs, roso987341870, and volfprius). *See generally* ECF Nos. 140 (Gov't Supp. Notice and Motion *In Limine* To Admit Mt. Gox Records), 146 (Gov't Reply in Support of Gov't Supp. Notice and Motion *In Limine* To Admit Mt. Gox Records).

During the September 8, 2023 pretrial hearing, the Court repeatedly expressed concern that, absent any specific basis to believe these five accounts were affected by the Mt. Gox hacks, such allegations raised concerns of unfair prejudice and jury confusion:

> [Jonelle Still] talks about the Mt. Gox hack, but I don't necessarily see any evidence that she actually has expertise with respect to the Mt. Gox hack or with the reliability of the Mt. Gox data. And absent some basis to believe that there was -- that the hack actually affected the records at issue in this case, I think that there is a 403 problem with allowing that testimony.

*See* 9/8/23 Tr. at 21:14-20.

> And the -- the principal concern that I've raised with respect to the Mt. Gox data is a 403 concern. As I've said before, if there's a major company in this country that hasn't been hacked, it deserves a gold star.
> And I think that it is more prejudicial than probative to get into hacks and even get into illegal fraudulent behavior by the CEO of the company unless there's

2

some basis to believe that it affected the data that is at issue in this case. And so I leave the door open on that.

If you can come in and show a connection between the hacks and the data in this case -- but you're going to need somebody who knows something about that. Every time someone -- I've heard anyone testify about this, they've just said, well, I've heard there were hacks. In fact, even asking you about it, you, who presumably met with each of the experts extensively, have not identified to me any basis to believe that the hacks had anything to do with the data at issue in this case, nor have even you, after having spoken to all the experts in the case, identified to me any basis to believe that any wrongdoing by the CEO had anything to do with the data in this case.

So I think that at least as things currently stand, raising questions about the integrity of the data based on hacks or the actions of the CEO is more prejudicial than probative. If you can show me some connection, that's a different matter.

You need somebody who has some basis to know that and some knowledge of that and can actually draw those connections. Otherwise, it's just asking for speculation and casting aspersions on the integrity of the data based on things that are seemingly, as far as I can tell at this point, entirely unconnected.

*Id.* at 27:2-28:10.

The government respectfully requests that the Court formally enter a ruling excluding references to the hack of Mt. Gox or alleged misconduct by former executives of Mt. Gox pursuant to Rule 403.

**3. Preclusion of Impermissible Defense Arguments and Comments During Voir Dire**

On October 24, 2022, the government filed a motion *in limine* to preclude certain impermissible defense arguments and subject matter at trial, including jury nullification, potential punishment, the government's motive in prosecuting the case, allegations of government misconduct or bias, expenditure of government resources, discovery disputes, and missing witness arguments. ECF No. 65. During the pretrial hearing on September 15, 2023, the government raised this motion and orally added the request to preclude defense references to policy arguments (*e.g.*, regarding "universal jurisdiction") as well as defense references to Trial Attorney Pelker's pre-law career as an FBI analyst. *See* 9/15/23 Tr. at 110-121. The Court granted the government's

motion with the understanding that the defense will still be able to engage in "legitimate cross-examination of witnesses with respect to biases or anything else that may have affected their testimony or analysis in the case." *Id.* at 142:16-22.

The government requests that the Court explicitly confirm that its September 15, 2024 ruling with respect to impermissible defense arguments applies at all stages of trial, including voir dire. Questions to potential jurors adverting to topics such as jury nullification, allegations about the government's conduct or motives, discovery disputes, the professional lives of government prosecutors, and so forth, serve no legitimate purpose and can only be intended taint the jury pool.

### 4. Notice of Retention of Jury for Forfeiture Phase of Trial

The Forfeiture Allegation in the Superseding Indictment lists certain specific properties that will be subject to forfeiture upon conviction of the offenses alleged in Counts One, Two and Three. ECF No. 43, at 5-6. Pursuant to Fed. R. Crim. P. 32.2(b)(5)(A), either party may request that the jury be retained following a guilty verdict for the separate forfeiture phase of trial to determine the forfeitability of specific property.

The government does not intend to retain the jury. Because of the possible impact on trial time—and, by extension, juror availability—the government requests that the defense provide notice as soon as practicable of its intention whether to retain the jury following any guilty verdict on Counts One, Two, or Three.

### 5. 24-Hour Rule for Witness Testimony

To facilitate the efficient use of trial time, the government requests that both parties be prepared to identify witnesses they intend to call during the next day of trial.

**CONCLUSION**

For the foregoing reasons, the Court should adopt the foregoing preliminary jury instructions and should enter the attached Proposed Order.

                        Respectfully submitted,

                        MATTHEW M. GRAVES
                        UNITED STATES ATTORNEY
                        D.C. Bar No. 481052

BY:    */s/ Christopher B. Brown*
           Christopher B. Brown, D.C. Bar No. 1008763
           Assistant United States Attorney
           U.S. Attorney's Office for the District of Columbia
           601 D Street, N.W.
           Washington, D.C. 20530
           (202) 252-7153
           Christopher.Brown6@usdoj.gov

           */s/ C. Alden Pelker*
           */s/ Jeffrey Pearlman*
           C. Alden Pelker, Maryland Bar
           Jeff Pearlman, D.C. Bar No. 466901
           Trial Attorneys, U.S. Department of Justice
           Computer Crime & Intellectual Property Section
           1301 New York Ave., N.W., Suite 600
           Washington, D.C. 20005
           (202) 616-5007 (Pelker)
           (202) 579-6543 (Pearlman)
           Catherine.Pelker@usdoj.gov
           Jeffrey.Pearlman2@usdoj.gov