# Exhibit 1

```
 1                    UNITED STATES DISTRICT COURT
                          DISTRICT OF MINNESOTA
 2
     -----------------------------------------------------------
 3                                  )
     United States of America,      )   File No. 17-CR-0090
 4                                  )            (PJS/DTS)
              Plaintiff,            )
 5                                  )
     v.                             )   Minneapolis, Minnesota
 6                                  )   October 5, 2017
     Christopher Victor Grupe,      )   8:30 a.m.
 7                                  )
              Defendant.            )
 8   -----------------------------------------------------------

 9            BEFORE THE HONORABLE PATRICK J. SCHILTZ
                 UNITED STATES DISTRICT COURT JUDGE
10                          (VOLUME IV)

11   APPEARANCES
       For the Plaintiff:         U.S. ATTORNEY'S OFFICE
12                                TIMOTHY RANK, AUSA
                                  300 S. 4th St., #600
13                                Minneapolis, Minnesota 55415

14                                DEPARTMENT OF JUSTICE - CRIMINAL
                                  AARON COOPER
15                                1301 New York Ave., #600
                                  Washington, DC 20005
16
       For the Defendant:         TOR EKELAND LAW, PLLC
17                                TOR EKELAND, ESQ.
                                  FREDERIC JENNINGS, ESQ.
18                                AMANDA GRANNIS, ESQ.
                                  195 Montague St., 14th Floor
19                                Brooklyn, New York 11201

20                                DANIEL MOHS, ESQ.
                                  P.O. Box 7
21                                Spicer, Minnesota 56288

22     Court Reporter:            DEBRA K. BEAUVAIS, RPR-CRR
                                  300 S. 4th St., #1005
23                                Minneapolis, Minnesota 55415

24
             Proceedings recorded by mechanical stenography;
25   transcript produced by computer.
```

DEBRA BEAUVAIS, RPR-CRR
(612)664-5102

```
1              THE COURT:  And Mr. Ekeland?
2              MR. EKELAND:  Yes, Your Honor.
3              THE COURT:  You can be seated, Mr. Grupe.
4         Mr. Ekeland, let me talk to you about the expert
5    disclosure issue.  So my understanding is that you want to
6    call an expert witness in rebuttal, and that the main focus
7    of the expert's testimony would likely be on evidence
8    preservation issues, chain of custody issues, similar
9    issues.  Is that correct?
10             MR. EKELAND:  Yes, Your Honor.
11             THE COURT:  Okay.  Now, the issue that we have
12   here is that Rule 16(b)(1)(C) requires that the defendant --
13   there's no question here that you requested disclosure from
14   the government under (a)(1)(G) and, therefore, that you have
15   an obligation to make disclosures about your expert
16   witnesses.  I take it you agree with that as a first
17   principle?
18             MR. EKELAND:  Yes, Your Honor.
19             THE COURT:  And the rule requires you to give the
20   government a written summary of any testimony that the
21   defendant intends to use, expert testimony the defendant
22   uses, and it says the summary must describe the witness's
23   opinions, the bases and reasons for those opinions, and the
24   witness's qualifications.  There's no issue here that you
25   disclosed the name of your expert.  There's no issue that
```

you've disclosed his qualifications. And you did both of those in a timely way. That's not at issue here.

I've looked at everything -- before we -- or during our break, the two of you gave me everything that discloses anything about the expert. I read this and I have to say I just don't see any opinions at all. An opinion is this is good, this is bad, this was sloppy, this was careful. I see a list of topics, but I don't see any opinions.

Now, to be fair, in that formal letter the government gave you at my suggestion where they made expert disclosures as to essentially all of their witnesses, that's what they mostly did in their letter. But the major difference between the government's disclosure and yours is they referred you to discovery where you could go back and look and see what the actual opinions were. Whereas, right now if I was the government, I wouldn't have any idea what your witness is going to say even at a general level. So I have to say I don't see a disclosure of opinions here under the rule.

MR. EKELAND: Your Honor, may I be heard?

THE COURT: Yes. Of course.

MR. EKELAND: I'd respectfully disagree with the Court that the government has no idea as to what our expert witness is going to testify to.

1           I also disagree with the proposition that the
2    government disclosed all the opinions that their witnesses
3    actually testified to, Your Honor.  I believe almost every
4    government witness was noticed after the Court requested as
5    an expert in this case.  We noticed Mr. Fischbach as a
6    rebuttal witness.  He has been in this courtroom listening
7    to the voluminous expert testimony on subjects where, based
8    on the disclosure letter we got, the witnesses weren't
9    necessarily qualified to testify on.  For instance, I
10   believe Mr. Seguin testified as to the functionality of the
11   Aruba RAPs and reached all sorts of conclusions.  The
12   prosecution's case here has been full of expert opinions
13   that went beyond what was disclosed in their very, very --
14              THE COURT:  To be clear, as I told you at the
15   pretrial conference, I stood ready to rule on any objection
16   that an opinion had not been disclosed.  I didn't receive
17   any such objections.
18              MR. EKELAND:  Your Honor, the testimony in this
19   case has been extremely voluminous, and we put our objection
20   on our motions in limine about the 703 issues in this case,
21   and we reiterate that objection.  And we have noticed the
22   government since September 1st that we intended to call
23   Mr. Fischbach.  They did not object in their motions in
24   limine to our expert disclosure.  Now, at this late hour,
25   they come and they object at trial.

1            THE COURT: At the time of our pretrial
2    conference, the last word the government had from you was
3    that you were not going to call the expert. So they
4    couldn't hardly object to him when you had said you were not
5    going to call him.
6            MR. EKELAND: Your Honor, we said we may call
7    Mr. Fischbach and that we hadn't made a decision yet as to
8    his opinion.
9            THE COURT: But at the end of the day I have to
10   apply the rule. The rule says you have to disclose his
11   opinions. I don't see a single opinion in here.
12           Now, we always have issues with expert disclosure
13   when the expert says my opinion is that, you know, evidence
14   was collected in a sloppy way here, in a way that was
15   contrary to the standards of the ABC organization. We
16   always get into fights about whether that was specific
17   enough as to this specific opinion. I literally don't see a
18   single opinion in this disclosure: I, Mr. Fischbach, opine
19   X. I see topics on which he may give opinions, but I don't
20   see the opinions. The disclosure isn't just for opinions.
21   It's the reasons for the opinions.
22           So not only do I not see: I, Mr. Fischbach, opine
23   as follows -- and, obviously, there's nothing that says I
24   opine as follows for these reasons. There's nothing even
25   like that in these disclosures.

1  MR. EKELAND:  Your Honor, the government's
2  disclosures suffer from the same deficiencies if that is a
3  deficiency.  The government's witnesses came on and
4  testified to many things we submit.  If we have to brief
5  this, then maybe we should.  Based on their testimony, they
6  testified outside of subject areas that were disclosed to
7  us.
8  THE COURT:  I can only rule on the objections if
9  they're made.  I can't rule on objections that aren't made.
10  And I can't be expected to sit here and read through all the
11  302's and listen to the testimony and myself object when
12  someone's testimony strays beyond what they said in the 302.
13  That's what you've got to do.  I stood ready to rule on
14  those objections you didn't make.  The government has
15  objected that you have not properly disclosed opinions of
16  your expert.  I can only rule on the objections that are
17  made.  I agree with the government.  You didn't disclose any
18  opinions with respect to this expert, and you didn't
19  disclose any reasons for opinion.
20  And as to information handling, information
21  security, those kinds of things, this is all stuff that you
22  knew long ago.  You knew that the logs had been -- you knew
23  you didn't have the full logs long ago.  I mean, this is all
24  stuff you knew before trial because we were talking about it
25  before trial.

1          MR. EKELAND:  Yes, Your Honor.

2          THE COURT:  So it's not like something he learned
3  this morning where you can say, well, he just learned it
4  this morning.

5          MR. EKELAND:  Is what our expert opinion is going
6  to be on that any secret?  I think it's completely obvious,
7  Your Honor.  And I don't think that comes as any surprise to
8  the government.  And I think the point of the rule is to
9  avoid surprise, and you just don't have that here, Your
10 Honor.

11         So, for the record, if the Court is going to rule
12 against us, we are just reiterating our objection that here
13 we are in a case where almost every witness that the
14 government has brought on has been noticed as an expert at a
15 very late hour.  I believe they gave us a witness list of 18
16 witnesses --

17         THE COURT:  Right.  To be clear --

18         MR. EKELAND:  -- which this Court allowed those
19 witnesses to offer expert opinion.  We have offered --

20         THE COURT:  Wait, wait, wait, wait.  To be clear,
21 what we were dealing with at the pretrial conference was a
22 Rule 16 issue, and what we fixed was the Rule 16 issue.  And
23 I was quite specific that I wasn't ruling on any *Daubert*
24 issues.  And if there were *Daubert* issues that came up, you
25 needed to raise them at trial and that I would rule on

1    *Daubert* issues on a sentence-by-sentence, opinion-by-opinion
2    basis.  There were a couple of times where you made 703
3    objections and I overruled them.  So as to those, you have
4    preserved it.  I was very clear about that at the pretrial
5    conference.  All we resolved was the Rule 16 issue.  I
6    didn't rule on any 703 issues at the pretrial conference.
7               So, you know, that's my ruling.  The government
8    has objected to your expert testifying on the basis of a
9    lack of disclosure.  I agree with the government that you
10   didn't make the disclosures required by Rule 16 and so I
11   will not allow Mr. Fischbach to testify.
12              MR. EKELAND:  And just for the record, Your Honor,
13   we obviously object to your ruling.
14              THE COURT:  Obviously.  And you've preserved your
15   right to argue that I made reversible error in excluding
16   your expert's testimony, but that's my ruling.
17              MR. EKELAND:  Thank you, Your Honor.
18              THE COURT:  Okay.  If that's the case, I assume
19   we're done.  Is that correct?
20              MR. EKELAND:  Yes, Your Honor, besides the motion
21   for a directed verdict and -- yes.
22              THE COURT:  I can let the jury go at this point?
23   I mean, I'll bring them back in and then --
24              MR. MOHS:  Yes.
25              MR. EKELAND:  Yes, Your Honor.