# Exhibit 1

| | |
|---|---|
| **From:** | Brown, Christopher (USADC) |
| **To:** | Tor Ekeland; Michael Hassard |
| **Cc:** | Pelker, Catherine (CRM); Pearlman, Jeffrey (CRM) |
| **Subject:** | Government"s Objections to Prof. Verret"s Slides |
| **Date:** | Saturday, March 2, 2024 3:06:11 PM |

Counsel – Please find our objections to Prof. Verret's proposed demonstrative slides.  In addition, as discussed on Friday, the government will object to any testimony by Prof. Verret that goes beyond his pretrial disclosures as ruled on by the Court on Sept. 8 and 15, 2023.

- Slide 2 (Standard Forensic Principles): Object to the subject heading "Standard Forensic Principles."  See 9/8/23 Tr. at 61 ("But I think saying to the jury or arguing to the jury, this violates these standards is misleading to the extent that it suggests to the jury that the inferences are wrong simply because it violates that standard…").
- Slide 3 (Did Sterlingov Receive Bitcoin Fog Fees): No objection to text of slide, but the government will object to the extent Prof. Verret testifies to analysis that was not disclosed during pretrial Daubert proceedings or was limited by the Court's pretrial Daubert rulings, e.g., 9/8/23 Tr. at 74-75 (precluding testimony about "pattern" analysis) .
- Slide 4 (Early Adopter): Object to bullets 2, 3, and 4 for lack of pretrial disclosure, personal knowledge, and hearsay.
- Slide 8 (Personal Privacy): Object to "Most mixing is for Personal Privacy" in bullet 2, see 9/15/23 Tr. at 45-46 ("To the extent he wants to actually quantify it in any way, though, he would need to have evidence that would – and studies that would satisfy a Daubert-type analysis, or surveys or something that would provide some indication of the allocation."). Object to "Professional Responsibility" for lack of pretrial disclosure.
- Slides 9-10 (Forensic Interview, Assets): Object for lack of pretrial disclosure, personal knowledge, and hearsay.
- Slide 11 (Assessing Credibility): Object for lack of pretrial disclosure, personal knowledge, hearsay, and invading province of jury by commenting on "credibility" of witnesses or evidence.
- Slide 13 (#1 – Post Mix KYC): Object to "smarter than that."  See 9/8/23 Tr. at 80-81 ("[I]f you want him to testify and say that here are the various ways in which someone who is seeking to hide their identity in obtaining a login on the Tor network could do so in a way in which no one would be able to trace and know who they are, that strikes me as fine… I just – what I'd object to is… that he says Bitcoin Fog would not send proceeds – I don't know how he knows what that person would or wouldn't do.").  Object to bullets 2 and 3 for lack of pretrial disclosure.
- Slide 15 (#3 – To the Moon / Bitcoaster Ventures): Object to "never functional" for lack of pretrial disclosure, personal knowledge, and hearsay.  Object to "[n]ot a front for money laundering" as legal argument that is not helpful or relevant to the jury.
- Slide 16 (#4 – Code Reactor): Object for lack of pretrial disclosure, personal knowledge, and hearsay.
- Slide 17 (#5 – "Putting" Money): Object for lack of pretrial disclosure, personal knowledge, and hearsay.
- Slide 23 (Pattern Correlation Analysis): Object to testimony about any expected "pattern" based on pretrial Daubert ruling.  See 9/8/23 Tr. at 74-75.  Object to fact testimony about defendant's conduct on grounds of lack of pretrial disclosure, personal knowledge, and

hearsay.
- Slide 24 (Summary – No Bitcoin Fog Service Fees): Object to bullet 1 for testimony about sufficiency of the evidence.  See 9/15/23 Tr. at 60-62, 107-08.  Object to bullet 3 based on pretrial Daubert ruling about "pattern" analysis.  See 9/8/23 Tr. at 74-75.  Object to the word "common" in bullet 5 based on pretrial Daubert ruling.  See 9/15/23 Tr. at 45-46.  Object to bullet 6 as conclusory legal argument that is not helpful or relevant to the jury.
- Slide 25 (Bitcoin Tracing Unreliable): Object to the word "Unreliable" in heading, and bullets 2 and 3, based on pretrial Daubert rulings.  9/15/23 Tr at 77-79, 94 ("But to the extent he simply wants to testify that there's a difference between the public key and the private key, and the public key isn't definitively tied to someone and that it's only through the private key that you maintain ownership and that private keys can be transferred and knowing who owns the private key is – if you know someone who has a private key, you can then determine from that, I may be a little bit concerned if you were to go further and say that without that information, you can't know.  That may not be fair and that may be misleading to the jury to put it that strongly.").  In addition, object to any reference or discussion about "Scientific Peer-Reviewed Doubts" based on pretrial Daubert rulings that Prof. Verret is not an expert on blockchain, clustering, or heuristics.  See 9/8/23 Tr. at 76; 9/15/23 Tr. at 47, 50, 60, 77-79.
- Slide 26 (Conclusion): Object to entire slide based on pretrial Daubert rulings about testimony relating to sufficiency of the evidence and "forensic" conclusions.  See 9/15/23 Tr. at 60-62, 107-08.

**Christopher B. Brown**
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Columbia
Office: 202-252-7153  |  Mobile: 202-427-2187
Christopher.Brown6@usdoj.gov