**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROMAN STERLINGOV,<br><br>*Defendant*. | Criminal No. 21-399 (RDM) |

<u>**FINAL JURY INSTRUCTIONS**</u>

**[DRAFT]**

## PRELIMINARY REMARKS

The time has now come when all of the evidence is in and you have heard the closing arguments of the lawyers.  We're about to enter your final duty in this case, which is to decide the issues of fact and to return a verdict.  It is up to me to instruct you on the law, and I ask you to listen carefully, just as you have throughout this trial.  Before we talk about the specific charges alleged here and some of the specific issues in the case, however, I want to take a few minutes to talk about some general rules of law.  Some of this may repeat what I told you in my preliminary instructions.

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

To start, I will provide you with a copy of my instructions.  During your deliberations, you may, if you want, refer to these instructions.  While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole, and you may not follow some and ignore others.  If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

## FUNCTION OF THE COURT

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnicity, nationality, gender, or any such trait. You must decide the case solely from a fair consideration of the evidence.

You shall not take anything that I may have said or done during trial as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## NOTETAKING BY JURORS

During the trial, I have permitted all jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of the witnesses and the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.  You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.  You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence.  They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

## INDICTMENT IS NOT EVIDENCE

The Indictment is merely the formal way of accusing a person of a crime. You must not consider the Indictment as evidence of any kind—you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

## BURDEN OF PROOF—PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial.  The law does not require the defendant to prove his innocence or to produce any evidence at all.  If you find that the government has proven beyond a reasonable doubt every element of an offense with which the defendant is charged, it is your duty to find him guilty of that offense.  On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

# REASONABLE DOUBT

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. This is a criminal case, however, and in criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## NATURE OF CHARGES

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party she or he represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.  If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## CREDIBILITY OF WITNESSES

In determining whether the government has proven the charges against a defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; and whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.  You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit.  You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## WITNESS WITH A PLEA AGREEMENT

You have heard evidence that Ilya Lichtenstein and Larry Harmon entered into plea agreements with the government pursuant to which they each agreed to testify truthfully in this case and the government agreed to bring Mr. Lichtenstein's and Mr. Harmon's cooperation to the attention of their respective sentencing judges and to consider filing papers with their respective sentencing judges which would permit those judges to impose a more lenient sentence than those judges might otherwise be able to impose.

The government is permitted to enter into this kind of plea agreement. You, in turn, may accept the testimony of such a witness and convict the defendant on the basis of this testimony alone, if it convinces you of the defendant's guilt beyond a reasonable doubt. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.

However, you may consider whether a witness who has entered into such an agreement has an interest different from other types of witnesses. You may consider whether the plea agreement the witness entered into with the government has motivated him to testify falsely against the defendant. The testimony of a

witness who has entered into a plea agreement should be considered with caution.

You should give the testimony as much weight as in your judgment it deserves.

## LAW ENFORCEMENT AGENT'S TESTIMONY

A law enforcement agent's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's or agent's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because she or he is a law enforcement agent.

## DEFENDANT AS A WITNESS

A defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has a keen interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

## SPECIALIZED OPINION TESTIMONY

In this case, you heard the testimony of six witnesses who expressed opinions concerning the following topics:

1) Luke Scholl: blockchain analysis and cryptocurrency

2) Valerie Mazars de Mazarin: internet routing, network and IP analysis, digital device forensics, operational security used by cyber criminals, particularly tools and techniques used to conceal location and identity online, as well as cyber terms and tools

3) Sarah Glave: forensic accounting

4) Elizabeth Bisbee: cryptocurrency and blockchain analysis

5) J.W. Verret: financial forensics and forensic accounting

6) Jeffrey Fischbach: computer forensics

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.  You are not bound to accept this witness's opinion.  If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially

disregard the opinion.  You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**MOTIVE**

Motive is not an element of the offenses charged and the government is not required to prove motive in this case.  You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

**TRANSLATION OF FOREIGN LANGUAGE DOCUMENT**

I have admitted multiple documents that are in Russian and Swedish along with English translations. Although some of you may know the languages used, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation provided by the court interpreter and not on your own translation.

## CHARTS AND SUMMARIES

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the files, records, or other underlying evidence in the case. Those charts or summaries are used for your convenience. These charts and summaries are not themselves evidence or proof of any facts. You should determine the facts from the evidence. Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think they deserve.

## OTHER CRIMES EVIDENCE

You have heard evidence that the defendant purchased drugs on Silk Road. It is up to you to decide whether to accept that evidence.

If you find that the defendant did purchase drugs on Silk Road or otherwise visited the site, you may use this evidence only for the limited purpose of deciding whether the government has proven beyond a reasonable doubt that defendant knew that money or property that Bitcoin Fog mixed was the proceeds of some kind of unlawful activity.

You may not use this evidence for any other purpose.  The defendant is only on trial for the crimes charged.  He is not charged in this case with any offense relating to his purchase of drugs on Silk Road or any other similar market and you may not use this evidence to conclude that the defendant has a bad character or that he has a criminal personality.  The law does not allow you to convict him simply because you believe that he may have done bad things not specifically charged as crimes in this case.

## PROOF OF STATE OF MIND

Someone's intent ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent from the surrounding circumstances. You may consider any statement made or acts done by the defendants and all other facts and circumstances received in evidence which indicate his or her intent.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that a defendant acted with the necessary state of mind.

## KNOWINGLY

The word "knowingly," as that terms is used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of ignorance, mistake, or accident.

## WILLFUL BLINDNESS

You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him.  Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact.

## MISTAKE OF LAW

In criminal cases, a mistake of law on the part of the accused does not justify his actions.  It a defendant deliberately and intentionally engages in conduct the law prohibits, his actions are criminal, regardless of his belief that his actions were lawful or guided by high motive.  To summarize, ignorance of the law does not negate a defendant's criminal liability, if the government proves the elements of the offense beyond a reasonable doubt.

## "ON OR ABOUT"—PROOF OF

The indictment charges that certain offenses were committed "on or about" the period from October 27, 2011 to April 27, 2021.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

**SUBSTANTIVE OFFENSES INTRODUCTORY REMARKS**

I would now like to talk with you about the specific offenses charged in this case.  The alleged crimes are charged in what are called counts.  The Indictment contains four counts.

In Count One, the indictment charges that from on or about October 27, 2011 and continuing until at least on or about April 27, 2021, the defendant together with others known and unknown, including darknet venders and darknet market administrative teams, conspired to commit certain offenses against the United States through the use of a bitcoin mixer known as Bitcoin Fog.  Count One alleges two objects of this conspiracy, both involving the alleged laundering of monetary instruments in violation of 18 U.S.C. § 1956(a)(1).

In Count Two, the indictment charges that the defendant conducted a money laundering transaction involving property represented to be the proceeds of unlawful activity on November 21, 2019, in violation of 18 U.S.C. § 1956(a)(3).

In Count Three, the indictment charges that from on or about October 27, 2011 and continuing until at least on or about April 27, 2021 the defendant operated an unlicensed money transmitting business, known as Bitcoin Fog, or aided and abetted others in doing so, in violation of 18 U.S.C. § 1960(a) and 18 U.S.C. § 2.

And in Count Four, the indictment charges that from on or about October 27, 2011 and continuing until at least on or about April 27, 2021 the defendant, through the operation of Bitcoin Fog, engaged in the business of money transmission without a license in the District of Columbia in violation of § 26-1023(c) of the D.C. Code.

## MULTIPLE COUNTS—ONE DEFENDANT

Each count of the indictment charges a separate offense.  You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count.  The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

I will now discuss with you the rules of law that govern whether the crimes charged have been proven beyond a reasonable doubt.

## COUNT I

In Count One, the defendant is charged with conspiring to commit two offenses against the United Sates: (1) money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and (2) money laundering in violation of 18 U.S.C. § 1956(A)(1)(B)(i).  These are called the "objects" of the conspiracy.  The charge of conspiracy to launder money is a separate charge from money laundering itself, with which the defendant also is charged.  I will first instruct you on conspiracy and then I will discuss each of the two alleged "objects" of the conspiracy.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act.  In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.  The elements of conspiracy, each of which the government must prove beyond a reasonable doubt, are that:

First, that from on or about October 27, 2011 through on or about April 27, 2021, an agreement existed between two or more people to commit an act in violation of (a) Title 18, United States Code, Section 1956(a)(1)(A)(i) or (b) Title 18, United States Code, Section 1956(a)(1)(B)(i).  This does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details.  On the other hand, merely because people get together and talk about common interests or do similar things does not necessarily show that an

agreement exists.  It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crimes that are the two alleged "objects" of the conspiracy, which I will instruct you about in just a moment.  So, the first thing that must be shown is the existence of an agreement.

Second, the government must prove that the defendant intentionally joined in that agreement.  It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily, knowingly and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  Different people may become part of the conspiracy at different times.  However, mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that a defendant knowingly joined in the agreement.  Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make a defendant part of the conspiracy.  So, the second thing that must be shown is that the defendant was part of the conspiracy.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

There is no requirement that all members of a conspiracy be charged and prosecuted or tried together in one proceeding. Nor is there any requirement that the names of all the other conspirators are listed in the indictment. An indictment

can charge a defendant with a conspiracy involving people whose names are not given, as long as the government can prove that the defendant conspired with one or more of them.  Whether they are named or not does not matter.

To prove that the defendant committed conspiracy, the government is not required to prove that the objective of committing an act in violation of (a) 18 U.S.C. § 1956(a)(1)(A)(i), or (b) 18 U.S.C. § 1956(a)(1)(B)(i), was achieved.  The government must prove, however, that the defendant conspired to commit one of these two offenses.  You must be unanimous as to at least one of the objectives that the defendant conspired to accomplish.  I will now discuss with you the elements of the two substantive offenses charged as objects of the conspiracy.

## OBJECT ONE: MONEY LAUNDERING IN VIOLATION OF 18 U.S.C. § 1956(a)(1)(A)(i)

The first alleged "object" of the conspiracy is money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i).  That crime includes four elements:

First, that the defendant knowingly conducted or attempted to conduct a financial transaction;

Second, that the defendant knew that the money or property involved in the transaction was the proceeds of some kind of unlawful activity;

Third, that the money or property came from an unlawful activity, specifically the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and

Fourth, that the defendant acted with intent to promote the carrying on of specified unlawful activity, specifically the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

## OBJECT TWO: MONEY LAUNDERING IN VIOLATION OF
## 18 U.S.C. § 1956(a)(1)(B)(i)

The second alleged "object" of the conspiracy is money laundering in

violation of 18 U.S.C. § 1956(a)(1)(B)(i).  That crime includes four elements:

<u>First</u>, that the defendant conducted or attempted to conduct a financial

transaction;

<u>Second</u>, that the defendant knew that the money or property involved in the

transaction was the proceeds of some kind of unlawful activity;

<u>Third</u>, that the money or property did come from an unlawful activity,

specifically the felonious manufacture, importation, receiving, concealment,

buying, selling, or otherwise dealing in a controlled substance or listed chemical, in

violation of 21 U.S.C.§§ 841(a)(1) and 846; and

<u>Fourth</u>, that the defendant knew that the transaction was designed, in whole

or in part, to conceal or disguise the nature, location, source, ownership, or the

control of the proceeds.  In other words, the government must prove that the

transaction was motivated, at least in part, by a desire to conceal or disguise the

nature, location, source, ownership or control of the proceeds.  The money

laundering statute does not criminalize the mere spending or investing of illegally

obtained funds.

## COMMON DEFINITIONS AND INSTRUCTIONS

For purposes of both the first and second alleged objects of the money laundering conspiracy, you should use the following definitions and instructions.

To "act with the intent to promote the carrying on of specified unlawful activity" means that the defendant acted willfully, not by mistake or accident, with the deliberate purpose of promoting, facilitating, or assisting the carrying on of the specified unlawful activity.  To promote the carrying on of an activity means to contribute to the prosperity of something, or to further something.

To "conduct a transaction" means to start or to finish a transaction or to participate in a transaction at any point.

A "transaction" includes a purchase, sale, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

A "financial transaction" means (a) a transaction which in any way or degree affects interstate or foreign commerce involving the movement of funds by wire or other means, or (b) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in

any way or degree.  For purposes of this definition, the term "funds" includes bitcoin.

The term "financial institution" includes any person or entity who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.

"Interstate or foreign commerce" means trade and other business activity between people or businesses in at least two states or between people or businesses in the United States and people or businesses outside the United States.  The government is not required to prove that the defendant knew or intended the effect on interstate commerce, merely that such an effect occurred.

To know "that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that is a felony under state, Federal, or foreign law.  The government is not required to prove that the defendant knew what the unlawful activity was.  This knowledge requirement includes instances of willful blindness.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.  The government is not required to prove that all

of the funds involved in the charged transactions were the proceeds of the specified unlawful activity.  It is sufficient if the government proves beyond a reasonable doubt that at least part of the funds involved in a transaction represents such proceeds of specified unlawful activity.

The phrase "specified unlawful activity" means the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  I will instruct you as a matter of law that it is a felony to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance, or to attempt or to conspire to commit such an offense.

In this case, the defendant is not charged with committing the underlying specified unlawful activity himself, only with conspiring to launder the proceeds of specified unlawful activity committed by others.  In other words, the government does not need to prove that the defendant himself committed or was responsible for any controlled substances offense.  However, the government needs to prove that at least some amount of the money or property the defendant conspired to launder represented proceeds of the manufacture, distribution, or dispensing of controlled substances.

As I explained above, the defendant is charged with conspiring to commit one or both of these alleged crimes.  The government is not required to prove that either of those objectives was achieved.  But it is required to prove beyond a reasonable doubt that the defendant joined a conspiracy to commit one or both of these crimes.

## COUNT II

Count Two of the Indictment charges the defendant with violating or attempting to violate 18 U.S.C. 1956(a)(3)(A) and (B).  This statute provides, in relevant part:

> Whoever with the intent . . .to promote the carrying on or specified unlawful activity; [or] (B) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity . . . conducts or attempts to conduct a financial transaction involving property represented to be the proceeds of specified unlawful activity, or property used to conduct or facilitate specified unlawful activity

shall be guilty of an offense against the United States.

The charge of money laundering in violation of 18 U.S.C. § 1956(a)(3)(A) and (B) contains three elements, each of which the government must prove beyond a reasonable doubt:

First, that the defendant conducted or attempted to conduct a financial transaction;

Second, that the transaction involved property represented by a law enforcement officer to be the proceeds of some form of unlawful activity;

Third, that (1) the defendant acted with the intent to promote the carrying on of specified unlawful activity *or* (2) the defendant acted with the intent to conceal or disguise the nature, location, source, ownership, or control of the property he believed to be the proceeds of specified unlawful activity.

48

Here, the indictment alleges that the "property represented to be the proceeds of specified unlawful activity, that is the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance" was the November 21, 2019 movement of approximately 0.01146764 bitcoin by wire or other means from Bitcoin Fog to an IRS-CI controlled undercover wallet.

The government is not required to prove that the law enforcement officer made an express affirmative statement to the defendant that the property involved was the proceeds of unlawful activity.  Instead, the government must prove that the law enforcement officer represented to the defendant circumstances from which a reasonable person would infer that the property was the proceeds of illegal activity. You should consider all of the evidence in determining whether the government has satisfied this standard.

The phrases to "act with the intent to promote the carrying on of specified unlawful activity," "conduct a transaction," "transaction," "financial transaction," "financial institution," "Interstate or foreign commerce," "proceeds," and "specified unlawful activity" have the same meaning that I have just described to in addressing the objects of the conspiracy count, and you should rely on those same definitions in your deliberations.

In this case, the defendant is not charged with committing the underlying

specified unlawful activity himself, only with laundering property represented to be the proceeds of specified unlawful activity committed by others, or intended to be used to promote specified unlawful activity committed by others. In other words, the government does not need to prove that the defendant himself committed or was responsible for any controlled substances offense.

## **COUNT III**

Count Three of the Indictment charges the defendant with violating 18 U.S.C. § 1960(a).  This statute provides, in relevant part:

> Whoever knowingly conducts, controls, manages, supervises, directs or owns all or part of an unlicensed money transmitting business

shall be guilty of an offense against the United States.

In order for you to find the defendant guilty of violating 18 U.S.C. § 1960(a), the government must prove the following elements beyond a reasonable doubt:

First, that Bitcoin Fog was an unlicensed money transmitting business.  I will explain what an unlicensed money transmitting business is in a moment; and

Second, that the defendant knowingly controlled, conducted, managed, supervised, directed, or owned that business.  The government is not required to prove that the defendant did all of the things in this list, but only that he did one of them; and

Third, that the money transmitting business affected interstate or foreign commerce.

For purposes of this Count, interstate or foreign commerce simply means the movement of goods, services, money and individuals between states or between the United States and a foreign state or nation.  The government must prove that

the money transmitting business affected interstate or foreign commerce in any

manner, no matter how minimal.

Now I will provide more explanation about the first element the government

must prove beyond a reasonable doubt—that Bitcoin Fog was an unlicensed money

transmitting business.

A "business" is a commercial enterprise that is regularly carried on for

profit.  Thus, a single isolated instance of money transmitting is not a business

under this definition.

The term "money transmitting" includes transferring funds on behalf of the

public by any and all means including but not limited to transfers within this

country or to locations abroad by wire, check, draft, facsimile, or courier.  For

purposes of this definition, the term "funds" includes bitcoin.

An "unlicensed money transmitting business" means a money transmitting

business that satisfies any one of the following three elements.  You can find the

defendant guilty of this count if you unanimously find any one of these elements

was satisfied.  You do not need to find that all three were satisfied.

First, the money transmitting business operated without an appropriate

money transmitting license in the District of Columbia, where such operation is

punishable as a misdemeanor or felony under District of Columbia law, whether or

not the defendant knew a license was required or was punishable by District of Columbia law; or

Second, the money transmitting business failed to comply with the money transmitting business registration requirements under federal law; or

Third, the money transmitting business involved the transportation or transmission of funds that are known to the defendant to have been derived from a criminal offense or are intended to be used to promote or support unlawful activity.

## OPERATING A MONEY TRANSMITTING BUSINESS WITHOUT A LICENSE IN THE DISTRICT OF COLUMBIA

For purposes of considering whether the defendant operated an unlicensed money laundering business in a State where doing so is punishable as a misdemeanor or felony, I will instruct you that the term "State" includes the District of Columbia and that a violation of § 26-1023(c) of the D.C. Code is punishable as a felony.

The elements of Money Transmission Without a License in violation of § 26-1023(c) of the D.C. Code, each of which the government must prove beyond a reasonable doubt, are as follows:

First, that the defendant knowingly engaged in the business of money transmission in the District of Columbia; and

Second, that the defendant did not have a license to engage in the business of money transmission in the District of Columbia.

Under D.C. law, "money transmission" means the sale or issuance of payment instruments or engaging in the business of receiving money for transmission or transmitting money within the United States, or to a location abroad, by any and all means, including but not limited to payment instrument, wire, facsimile, or electronic transfer.  D.C. law, in turn, requires that someone engaged in a money transmission business obtain a license from the D.C.

government to operate in the District of Columbia.  For purposes of these provisions, the term "money" includes bitcoin.

To satisfy the District of Columbia licensing element, the government does not need to prove that the defendant knew a license was required by D.C. law to operate a money transmitting business, but it must prove that he knowingly operated a money transmitting business in the District of Columbia and that he did not have a license to do so.

## FAILING TO COMPLY WITH MONEY TRANSMITTING BUSINESS REGISTRATION REQUIREMENTS UNDER FEDERAL LAW

The government may also satisfy the "unlawful money transmitting business" element by proving that he failed to comply with the money transmitting business registration requirements under 31 U.S.C. § 5330 or its implementing regulations.

Under those regulations, money services businesses must register with the Secretary of the Treasury (or "FinCEN"). The term "money services business" is defined to include any "money transmitter." A "money transmitter" is a person or entity that provides money transmission services or any other person or entity engaged in the transfer of funds. "Money transmission services" means the acceptance of currency from one person and the transmission of currency, funds, or other value that substitutes for currency to another location or person by any means, including an electronic funds transfer network or an informal value transfer system. Money transmission services are required to register if they are doing business, whether or not on a regular basis, or as an organized or licensed business, in substantial part within the United States.

For purposes of these definitions, the term "funds" includes bitcoin. The movement of bitcoin from one bitcoin address to another bitcoin address on the Bitcoin blockchain can represent movement of funds from one location or person to another location or person.

## MONEY TRANSMITTING OTEHRWISE INVOLVING THE TRANSMISSION OF FUNDS KNOWN TO HAVE BEEN DERRIVED FROM A CRIMINAL OFFENSE OR INTENED TO B USED IN A CRIMINAL OFFENSE

Finally, the government can satisfy the "unlicensed money transmitting business" requirement by proving that the money transmitting business involved the transportation or transmission of funds that were known to the defendant to have been derived from a criminal offense or that were intended to be used to promote or to support unlawful activity.  For purposes of this element, any "criminal offense" or "unlawful activity" is sufficient.  The government is not limited to proving that the funds were derived from or intended to promote a specific criminal offense.

## ADDITIONAL GENERAL INSTRUCTIONS REGARDING COUNT THREE

As explained above, to return a verdict of guilty on Count Three, you do not need to find that the defendant operated an unlicensed money transmitting business in all three of the ways I have just described, but you must unanimously find beyond a reasonable doubt that he did so in at least one of these ways. The Verdict Form will ask that, if you find the defendant guilty on Count Three, you indicate which one, two, or three of the ways that I have described you unanimously agree applies here.

## COUNT IV

Count Four charges the defendant with Money Transmission Without a License in violation of D.C. Code § 26-1023(c).

The elements of that offense, both of which the government must provide beyond a reasonable doubt, are as follows:

First, that the defendant knowingly engaged in the business of money transmission in the District of Columbia; and

Second, that the defendant did not have a license to engage in the business of money transmission in the District of Columbia.

"Money transmission" means engaging in the business of receiving money for transmission or transmitting money within the United States, or to locations abroad, by any and all means, including but not limited to payment instrument, wire, facsimile, or electronic transfer.  D.C. law, in turn, requires that a money transmission business obtain a license from the D.C. government to operate in the District of Columbia.  For purposes of these provisions, the term "money" includes bitcoin.

To satisfy the District of Columbia licensing element, the government does not need to prove that the defendant knew a license was required by D.C. law to operate a money transmitting business, but it must prove that he knowingly

operated a money transmitting business in the District of Columbia and that he did not have a license to do so.

## WILLFULLY CAUSING AN ACT TO BE DONE

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense.  A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another.  To "cause" an act to be done means to bring it about.  You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

## AIDING AND ABETTING

You may find the defendant guilty of any of the crimes charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary. Mere physical presence by the defendant at the place and time the crime is committed is not by itself sufficient to establish his guilt. It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not

required to prove that the crime was committed in the particular way planned or agreed upon.  Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted in committing the crime.

## VENUE

For each offense charged in the Indictment, the Indictment alleges that some act or omission in furtherance of the offense occurred in the District of Columbia. There is no requirement that all aspects of the offense charged take place here in the District of Columbia. But for you to return a guilty verdict, the government must convince you that some act or omission in furtherance of the crime charged took place here in the District of Columbia.

Unlike all the elements that I have described, this fact only has to be proved by a preponderance of the evidence. This means the government only has to convince you that it is more likely than not that some act or omission in furtherance of the crime charged took place here. Remember that the government must prove all the elements I have described beyond a reasonable doubt.

For Count One, there is no requirement that the entire or even a substantial portion of the alleged conspiracy take place in this district. But in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either an agreement to commit an unlawful act or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Although the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

64

The overt act need not be completed by the defendant or even by a co-conspirator; it can be completed by a government agent as long as it was made in furtherance of the object of conspiracy.

For Count Two, venue is proper under 18 U.S.C. § 1956(i)(1)(A) in "any district in which the financial or monetary transaction [that constitutes the offense] is conducted."  18 U.S.C.§ 1956(i)(1)(A).  It is not necessary that the entire transaction occurred in this district.  Rather, all that is required is that the transaction start or finish—or that someone participate in the transaction at any point—in this district.

For Counts Three and Four, venue is proper in any district where the offense was committed.  This means that venue is proper in any district where some conduct constituting the offense occurred.  For crimes that allege a failure to register or to obtain a license, the conduct constituting the offense includes the failure to register or obtain a license in the jurisdiction where doing so was required.  But the relevant conduct can also include the underlying financial transactions.

## STATUTE OF LIMITATIONS

In general, the statute of limitations is not part of the case that the government has to prove. However, if the defendant raises a defense that the statute of limitations has elapsed for any of the crimes charged in the indictment, then the government must prove that the crime was committed during the limitations period.

The money laundering conspiracy charged in Count One is a continuing offense. Similarly, the unlicensed money transmitting business offenses charged in Counts Three and Four are also continuing offenses. A continuing offense is defined as a continuous course of unlawful conduct. The statute of limitations for a continuing offense only begins to run after the last day of the continuing offense.

I will instruct you that the government must prove beyond a reasonable doubt that conduct related to Counts One, Three, and Four continued up until at least the following dates to be within the applicable statute of limitations periods:

For Count One, June 14, 2016;

For Count Three, June 14, 2016; and

For Count Four, June 14, 2015.

For Count Two, I will instruct you that the government must prove beyond a reasonable doubt that the financial transaction charged in Count Two must have

occurred before the following date to be within the applicable statute of

limitations: June 14, 2016

**UNANIMITY**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.  In other words, your verdict on each count must be unanimous.

**SPECIAL UNANIMITY – COUNT THREE**

As I previously explained, for purposes of Count Three you need to reach a unanimous verdict with respect to crime charged in that count *and* you must reach a unanimous verdict with respect to each of the three alternative ways in which the government alleges that the defendant engaged in an unlicensed money transacting business.  You may find the defendant guilty on this count only if the government proves beyond a reasonable doubt that the defendant conducted an unlicensed money transmitting business in at least one of these three ways.

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations.  The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.  Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.  The form is meant only to assist you in recording your verdict.

## EXHIBITS DURING DELIBERATIONS

I will be sending into the jury room with you the exhibits that have been admitted into evidence.  You may examine any or all of them as you consider your verdicts.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

# REDACTED DOCUMENTS

During the course of this trial, a number of exhibits were admitted in evidence.  Sometimes only portions of an exhibit were admitted, such as portions of a document with some words or pictures blacked out or otherwise removed. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.  As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party.  You are to decide the facts only from the evidence that is before you.

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.  The duty of imposing sentence in the event of a conviction rests exclusively with me.  Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.  If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.  Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial and throughout the trial.  During deliberations, you may not communicate with anyone not on the jury about this case.  This includes any electronic communication such as email or text or any blogging about the case.

In addition, you may not conduct any independent investigation of any kind during deliberations.  This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATIONS

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury.  No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal or me—how jurors are voting until after you have reached a unanimous verdict.  This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## ATTITUDE AND CONDUCT OF JURORS IN DELIBERATIONS

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.  When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.  Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.  Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.  Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.  As I told you before, the selection of alternates was an entirely random process; it's nothing personal.  We selected four seats to be the alternate seats before any of you entered the courtroom.  Since all of you have remained healthy and attentive, I can now excuse the four alternate jurors in seats [insert].

Before you leave, I am going to ask you to tear out a page from your notebook and to write down your name and daytime phone number and hand it to the clerk.  I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.  Since that possibly exists, I am also going to instruct you not to discuss the case with anyone until we call you.  My earlier instruction on the use of the Internet still applies; do not research the case or communicate about it on the Internet.  In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.  Thank you very much for your service, and if you have not already done so, please turn your badge in to the Deputy Clerk.

## CLOSING REMARKS

I'm now going to excuse you to meet briefly with the Deputy Clerk, and then to begin your deliberations.  You may take your notebooks with you if you wish.  You will receive the instructions I have given you, the verdict form, and all the exhibits.  Thank you again for your attention and service.  As soon as you receive your copy of the instructions from the Deputy Clerk, you may begin deliberating**.**