```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA



UNITED STATES OF AMERICA,
                                          Criminal Action
          Plaintiff,                      No. 1:21-cr-0399

     vs.                                  Washington, DC
                                          September 29, 2021
ROMAN STERLINGOV,
                                          3:07 p.m.
          Defendant.
_____/


         TRANSCRIPT OF VIDEO (ZOOM) STATUS CONFERENCE
           BEFORE THE HONORABLE RANDOLPH D. MOSS
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:      CHRISTOPHER BROWN
                            USAO-DOJ
                            601 D Street, NW
                            Washington, DC 20001

                         CATHERINE PELKER
                            U.S. DOJ
                            950 Pennsylvania Ave, NW
                            Washington, DC 20530


For the Defendant:       SABRINA SHROFF
                            Sabrina P. Shroff
                            80 Broad Street, 19th Floor
                            New York, NY 10004




Court Reporter:          JEFF M. HOOK
                            Official Court Reporter
                            U.S. District & Bankruptcy Courts
                            333 Constitution Avenue, NW
                            Room 4700-C
                            Washington, DC 20001
```

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  | **P R O C E E D I N G S**                                       |
| 2  | **DEPUTY CLERK:** Your Honor, this is criminal action           |
| 3  | 21-399, the United States of America v. Roman Sterlingov.       |
| 4  | Appearing for -- the defendant is appearing by video. Also      |
| 5  | appearing by video for the government, Catherine Pelker and     |
| 6  | Christopher Brown; for defendant, Sabrina Shroff.               |
| 7  | **THE COURT:** Well, good afternoon everybody.                  |
| 8  | Before we get going, Ms. Shroff, have you had a chance to       |
| 9  | confer with Mr. Sterlingov about our proceeding by              |
| 10 | videoconference today, and if so, what's his preference?        |
| 11 | **MS. SHROFF:** Your Honor, Mr. Sterlingov's position           |
| 12 | is the same as it was the last time, he understands that the    |
| 13 | pandemic is still in effect, and he agrees to appear by         |
| 14 | video for the purpose of this proceeding. He has asked me,      |
| 15 | Your Honor, to -- most respectfully requests that the Court     |
| 16 | hear his bail argument when it's ready, and he would like       |
| 17 | oral argument on that motion.                                   |
| 18 | **THE COURT:** Well, we'll see if we can schedule a             |
| 19 | time for that in a moment. So I do conclude that in light       |
| 20 | of the ongoing pandemic and the defendant's consent, that it    |
| 21 | is appropriate for us to proceed by videoconference today.      |
| 22 | And I will order that nobody record or rebroadcast these        |
| 23 | proceedings.                                                    |
| 24 | So why don't we start with Mr. Brown. If you want               |
| 25 | to give me an update of where things stand from the             |

1    government's perspective.

2            **MR. BROWN:**  Thank you, Your Honor, and good
3    afternoon.  Where things stand in terms of discovery, it's
4    essentially the same as what the government conveyed in the
5    briefing related to the protective order.  The government
6    has made the bulk of its discovery productions consisting of
7    over 10,000 unique files, more than 8 gigabytes.  There's
8    some discovery that remains outstanding, and that's namely
9    the defendant's electronic devices.  We are still in the
10   process of doing the extractions so we can produce those to
11   the defense.  And in some cases, with some of his laptop --
12   well, with his laptop and maybe some other devices, there's
13   some encryption that is making it a little harder to conduct
14   that extraction.  So I would say the bulk of the discovery
15   is ongoing, and that seems to be going smoothly.

16           The Court is aware of the pending detention
17   briefing.  Other than that, I think given -- you know, we've
18   litigated over the protective order and now there's the
19   detention briefing.  We have not yet had a chance to really
20   sit down in earnest with defense counsel to discuss
21   potential resolutions of this case short of trial.  We would
22   like to still take a stab at seeing if there's some other
23   resolution for this case.  I think the Court already
24   mentioned it might make sense to schedule a date for the
25   detention briefing.

             Aside from that, the government would suggest just setting another control date 30 to 60 days out to allow us to try to do what we can to finish up discovery and have those discussions with the defense in this case.

             **THE COURT:**  What if we did this, what if we -- if I direct the parties to file just a joint status report in 60 days, but then I'll schedule -- halfway through that period of time probably, a hearing on the detention motion. And then if, at that hearings, there's anything anyone wants to raise in the interim, you can do so.  Or if you want to adjust the schedule, we can do so at that time.

             Does that make sense?

             **MR. BROWN:**  Your Honor, that would work for the government.

             **THE COURT:**  Ms. Shroff, does that make sense to you as well?

             **MS. SHROFF:**  Sure.

             **THE COURT:**  So I'll direct that the parties file a joint status report on or before November 30th.

             Ms. Shroff, have you spoken with Mr. Sterlingov about the Speedy Trial Act and how it applies in these circumstances?

             **MS. SHROFF:**  I have, Your Honor.  I explained to him that because there's a pending motion, time is automatically excluded under the Speedy Trial Act until that

1  motion has been fully adjudicated by the Court.  Further
2  time beyond that would be excluded, because Mr. Sterlingov
3  needs time to prepare for trial.  Of course, if the
4  government wishes to offer Mr. Sterlingov a plea, they can
5  do so, and they can send us a plea offer which would also
6  enable the Court to exclude time.
7  **THE COURT:**  Let me ask you, Mr. Sterlingov, do you
8  understand that you have a right under the Speedy Trial Act
9  to go to trial within 70 days, although there are certain
10  exclusions?  What I'm asking is whether you would have any
11  objection to me excluding time between now and November 30th
12  in order to provide the government with the opportunity to
13  provide your lawyer with the remainder of the discovery, and
14  for her to have an opportunity to at least start to review
15  that discovery?
16  **THE DEFENDANT:**  I do not have objections to
17  extending the time.
18  **THE COURT:**  Well, I will then -- I'm going to
19  exclude time under the ends of justice exception between now
20  and November 30th, 2021.  The Court concludes that that
21  continuance will serve the interests of justice, and that
22  those interests outweigh the best interests of the public
23  and the defendant in a speedy trial.  And in particular,
24  this is a case with extremely voluminous discovery.  The
25  government is still in the process of providing that

1  discovery to the defense, including discovery from the
2  defendant's electronic devices which needs to be extracted,
3  and is going to require substantial time for the defense to
4  be able to review that material.  So in light of that
5  concern, the Court does conclude that it's appropriate to
6  exclude time between now and November 30th.
7         Kristin, do you want to see if we can find a date
8  for an oral argument on the defendant's motion for pretrial
9  release?
10         **DEPUTY CLERK:**  Sure, Your Honor.  We're a little
11  blind with Northern Neck, but I can choose a date.  And if
12  we have to adjust it, I'll reach out to the parties.
13         What timeframe are you looking at, and I'll be
14  happy to check?
15         **THE COURT:**  Well, probably sometime the week of
16  October 18th, if we can do it then.
17         **DEPUTY CLERK:**  You said the week of the 18th of
18  October, Your Honor?
19         **THE COURT:**  Yes.
20         **DEPUTY CLERK:**  Please stand by.  2:00 p.m.
21  October 19th.
22         **THE COURT:**  Does that work for everyone?
23         **MR. BROWN:**  Yes, Your Honor, that works for the
24  government.
25         **THE COURT:**  Ms. Shroff?

1  **MS. SHROFF:** I believe that should be fine, Your
2  Honor.
3  **DEPUTY CLERK:** I'm sorry, Your Honor, is this by
4  video?
5  **THE COURT:** Ms. Shroff, is that how you'd like to
6  do it?  It's your motion.
7  **MS. SHROFF:** I'm not quite sure if Mr. Sterlingov
8  would prefer an in-person appearance for the bail hearing.
9  But as of now, I think given the current problems that we're
10 experiencing with the pandemic, we can leave it on for
11 video.  Should Mr. Sterlingov change his mind, I could write
12 to the Court.
13 **THE COURT:** You can call the courtroom deputy and
14 let her know.
15 **MS. SHROFF:** I've been having a little trouble
16 getting time with Mr. Sterlingov at Northern Neck, so I'm
17 not quite sure about his vaccination status and other
18 issues.  So I have a call with him tonight, and then I can
19 update the Court if need be.
20 **THE COURT:** Okay, that makes sense.  You're
21 welcome to do that.  Mr. Sterlingov, I don't know, it's up
22 to you as to whether you want to disclose this or not, but
23 have you been vaccinated at this point?
24 **THE DEFENDANT:** I have not yet, Your Honor.
25 **THE COURT:** Okay.  Well, that's something you can

1    discuss with Ms. Shroff then.

2            **MS. SHROFF:**  You know, I just want to make clear,
3    I don't have an objection, if he's not vaccinated, standing
4    next to him.  I'm just worried Northern Neck will put him
5    into quarantine for 14 days after that.  I want the Court to
6    know I'm not worried about my health, because I'm fully
7    vaccinated.

8            **THE COURT:**  I will leave that up to you and
9    Mr. Sterlingov.  I understand that there are concerns, and
10   I'm concerned obviously about everyone's health, and want to
11   make sure we do things in a way that's protective of
12   everyone involved.  So I'll just wait to hear from you.
13   I'll put it down as a video hearing.  But if, in the
14   meantime, you request that we do it in-person, we can make
15   arrangements to do that.

16           I did have one question for Mr. Sterlingov, which
17   is -- or to Ms. Shroff.  I think there may be some
18   discrepancy in the records with respect to Mr. Sterlingov's
19   date of birth.  Ms. Shroff, I don't know if you can
20   straighten that out or if it's okay with you if
21   Mr. Sterlingov addresses that.  I'll defer to you as to
22   whether you want him to address that or not.

23           **MS. SHROFF:**  I don't.

24           **THE COURT:**  I'm sorry?

25           **MS. SHROFF:**  I don't wish for the Court to address

1   this.  Thank you.

2          **THE COURT:**  Okay.  Kristin, what is the issue with
3   respect to Mr. Sterlingov's date of birth?

4          **DEPUTY CLERK:**  Yes, Your Honor.  We have two
5   different dates of birth for him.

6          **THE COURT:**  In which systems, where?

7          **DEPUTY CLERK:**  The one that's the system on ECF
8   that is a court-only event that only court staff can see,
9   and also in some of the filings.

10         **THE COURT:**  Well, Ms. Shroff, if you can address
11  that without doing anything that's prejudicial to the
12  defense, I would appreciate your doing it.  But if it
13  somehow relates to the defense, you're welcome not to
14  address it.

15         **MS. SHROFF:**  I have no idea whether it does or it
16  doesn't, I just need to know what the discrepancy is before
17  I lay it out for the client.

18         **THE COURT:**  Yeah, that's fair.  You can just --
19  you're welcome to talk offline to Kristin about that, and
20  she can tell you what it is.

21         **MS. SHROFF:**  Thank you, Your Honor.

22         **THE COURT:**  Mr. Brown, anything else you wanted to
23  raise today?

24         **MR. BROWN:**  Nothing further, Your Honor.

25         **THE COURT:**  Ms. Shroff, anything further?

1          **MS. SHROFF:**  No, Your Honor.  Thank you.
2          **THE COURT:**  All right.  Kristin, anything else we
3  need to do today?
4          **DEPUTY CLERK:**  No, I think that covers everything,
5  Your Honor.
6          **THE COURT:**  Okay.  Thank you all.  Have a good
7  day.
8      (Proceedings adjourned at 3:18 p.m.)

# C E R T I F I C A T E

I, **Jeff Hook, Official Court Reporter,** certify that the foregoing is a true and correct transcript of the remotely reported proceedings in the above-entitled matter.

**PLEASE NOTE:** This hearing occurred by videoconference and is therefore subject to the technological limitations of court reporting remotely.

May 3, 2024
DATE

Jeff M. Hook