UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>v.<br><br>ROMAN STERLINGOV<br><br>    Defendant. | No. 21-cr-399 (RDM) |

**DECLARATION OF JEFFREY FISCHBACH**

I, Jeffrey M. Fischbach, declare as follows:

1. I have been retained by the Defense in the above-captioned matter and my qualifications have previously been provided to the Court;

2. I attended every day of trial from roughly February 12, 2024 to March 13, 2024;

3. At the conclusion of trial, I understood the Court to say that jurors were allowed to speak with Counsel, if they wished;

4. Based on that misunderstanding I immediately left the courtroom and waited for the jury to exit the door where I observed them entering and exiting the jury accommodations each day;

5. There, I asked each juror, as they exited, if they would be willing to speak with me regarding their verdict;

6. As best as I recall, ultimately, only five (5) jurors were willing to speak with me;

7. The initial jurors who exited looked back at the doors they had just exited, declined to speak, and appeared to rush to the elevator;

8. The next group to exit also appeared to be rushing, and looking back at the door.

9. I understood one individual in that group to say that the group following them were eager to speak;

10. When the next group exited, they did appear eager, and one of the prior individuals about to enter the elevator, changed his mind and agreed to join them, but stood apart;

11. Respectful of their time, I asked very few questions;

12. Shortly after we began speaking, Counsel arrived;

13. It did appear clear to me that the jurors who agreed to stay were mostly deferring to two jurors in particular – one the Forepreson, and the other, the gentleman sitting next to him;

14. In answering one of my questions, I believe I heard the second gentleman opine that they weighed the evidence based on a "preponderance";

15. Shortly after that, I believe I heard the Jury Foreman answer that particular testimony was "not material", and the other jurors agreed.

16. I then confirmed with them that these were the principles they relied upon to render a verdict, and all but one agreed, stating something to the effect that, the others understood better than he did;

17. I then asked if one of the group was a lawyer, and the Foreman answered in the affirmative;

18. When asked by counsel about that interaction I explained the above, as well as the general demeanor and body language observed, and was asked to produce an accurate Declaration of my recollection of this conversation;

19. I can only speak to what I heard and observed, but it did appear to me that some other jurors wished to speak, but appeared nervous, looking back at the doors;

20. It was, and remains my concern that some jurors may have felt intimidated by other members, and were concerned about being seen speaking with me;

21. I do understand that discussing their deliberation and verdict is entirely at their own discretion, but based on my observations, and having observed jury behavior in and outside court proceedings for nearly three decades, I do believe that – given the opportunity – there were other jurors that did, in fact, want to provide additional information regarding their decision;

22. This is accurate to the best of my memory of that day, as well as conferring with my wife

who was seated in the same hallway, just a few feet away.

23.

> Witness Attestation
>
> I, Jeff Fischbach, have reviewed and approve the contents of this filing.
>
> _____     June 6, 2024
> Jeff Fischbach                          Date